# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) | Civil Action No.: 04-10501 (PBS) |
| DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.) | ) ) ) ) | |
| Defendants. | ) ) ) | |

## ANSWER

Defendant Dexia Bank Belgium ("Dexia"), for its answer to the Complaint dated March 11, 2004, states as follows:

1.      Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, except admits that the Complaint purports to be an action to recover damages, and refers to the Merger Agreement referenced in this paragraph for its contents.

2.      Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except refers to the Merger Agreement referenced in this paragraph for its contents.

3.      Dexia denies the allegations in paragraph 3, except admits that Artesia provided loans to certain entities doing business with L&H; admits that Artesia provided loans to

certain principals of L&H; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices.

4.      Dexia denies the allegations in paragraph 4, except admits that Artesia provided loans to certain entities doing business with L&H; admits it entered into credit default swaps in relation to two of these loans; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's business practices.

5.      Dexia denies the allegations in paragraph 5.

6.      Dexia denies the allegations in paragraph 6, except admits that Artesia provided loans to certain entities doing business with L&H; admits that Artesia earned interests and fees from loans it made; admits that a preliminary report was drafted at the request of the Belgian Examining Magistrate; and refers to the May 28, 2001, preliminary report referenced in this paragraph for its contents.

7.      Dexia denies the allegations in paragraph 7, except admits that Artesia sought personal guarantees from Hauspie, Lernout and Willaert for certain loans, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices.

8.      Dexia denies the allegations in paragraph 8, except admits that Artesia provided loans to certain entities doing business with L&H, and admits that Artesia entered into default swaps in relation to two of these loans.

9.      Dexia denies the allegations in paragraph 9, except refers to the document referenced in this paragraph for its contents.

10.     Dexia denies the allegations in paragraph 10, except admits that Artesia provided loans to certain entities doing business with L&H and certain individuals associated with L&H, and admits that Artesia charged interest and fees in connection with those loans.

11.     Dexia denies the allegations in paragraph 11, except admits that Artesia provided loans to certain entities doing business with L&H, and admits that some of those loans were repaid.

12.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, except admits that L&H has issued restated financial statements for 1998, 1999, and the first two quarters of 2000, and refers to the report prepared for L&H's Audit Committee referenced in this paragraph for its contents.

14.     Dexia denies the allegations in paragraph 14, except admits that L&H has filed for bankruptcy; admits that Lernout, Hauspie, and Willaert were arrested by criminal authorities in Belgium; admits that Bastiaens was arrested by U.S. officials; and admits that Dexia has been placed under criminal investigation.

15.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Dexia denies the allegations in paragraph 17, except refers to the June 24, 2003, article in the Belgian press referenced in this paragraph for its contents.

18.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, except admits that Plaintiffs purport to base jurisdiction on 28 U.S.C. §§ 1331 and § 27 of the Exchange Act.

19.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Dexia admits the allegations in paragraph 22.

23.     Dexia denies the allegations in paragraph 23, except admits that Dexia S.A. has certain direct and indirect subsidiaries in the United States, including Dexia Credit Local, Financial Security Assurance, Artesia Mortgage Capital Corp., and Dexia Securities U.S.A.

24.     Dexia admits the allegations in paragraph 24.

25.     Dexia denies the allegations in paragraph 25, except admits that Artesia was part of a lending consortium that loaned $430 million as part of L&H's acquisition of Dictaphone, and admits that Artesia loaned money to Vasco Data Security International, located in Illinois.

26.     Dexia denies the allegations in paragraph 26.

27.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, except admits that Plaintiffs purport that venue is proper in this District under § 27 of the 1934 Act and 28 U.S.C. § 1391(b).

28.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Dexia denies the allegations in paragraph 30, except refers to the March 31, 2001, press release of Dexia S.A. for its contents.

31.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, except admits that L&H is a Belgian corporation; admits that L&H's stock was listed on NASDAQ and EASDAQ; and admits that L&H has filed for bankruptcy and is going through liquidation.

32.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, except admits that Lernout was a co-founder of L&H and admits Lernout was arrested by criminal authorities in Belgium.

35.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, except admits that Hauspie was a co-founder of L&H and admits Hauspie was arrested by criminal authorities in Belgium.

36.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, except admits that Bastiaens was arrested by U.S. officials.

37.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, except admits that Willaert was arrested by criminal authorities in Belgium.

38.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, except admits that Mercator is an insurance company.

45.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, except admits that KPMG Belgium is a Belgian public accounting firm.

46.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, except admits that KPMG LLP is a public accounting firm based in the United States.

47.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, except admits that L&H was listed on NASDAQ.

52.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, except refers to L&H's 1997 Form 20-F referenced in this paragraph for its contents.

53.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, except admits that L&H was known as an international success story.

54.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     Dexia denies the allegations in paragraph 56.

57.     Dexia denies the allegations in paragraph 57, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices.

58.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.     Dexia denies the allegations in paragraph 61, except admits that Artesia made a loan to BTG; states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the formation of BTG; and refers to the December 7, 2000, edition of *The Wall Street Journal* for its contents.

62.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.     Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, except admits that Artesia organized and managed a private placement of Vasco stock which raised $11.5 million; admits that Artesia wired $11.5 million to Vasco's account in the US; admits that LHIC invested $5 million in Vasco through

this private placement; and admits that Mercator invested approximately $1 million in Vasco through this private placement.

66.    Dexia denies the allegations in paragraph 66, except refers to the edition of *The Wall Street Journal* referenced in this paragraph for its contents.

67.    Dexia denies the allegations in paragraph 67, except admits that Artesia loaned approximately $6 million to Radial on September 29, 1998; admits that Radial transferred the funds to the Slavic Development Company N.V., the Farsi Development Company N.V., and the Bahassa Development Company N.V.; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning use of the funds by the LDCs or L&H's accounting practices.

68.    Dexia denies the allegations in paragraph 68, except refers to the internal Artesia documents referenced in this paragraph for their contents.

69.    Dexia denies the allegations in paragraph 69, except refers to the September 21, 1999, e-mail referenced in this paragraph for its contents.

70.    Dexia denies the allegations in paragraph 70, except refers to the preliminary report referenced in this paragraph for its contents.

71.    Dexia denies the allegations in paragraph 71, except refers to the September 21, 1999, e-mail referenced in this paragraph for its contents.

72.    Dexia denies the allegations in paragraph 72, except refers to the internal Artesia memoranda referenced in this paragraph for their contents.

73.    Dexia denies the allegations in paragraph 73, except it refers to the June 15, 1999, e-mail and the preliminary report referenced in this paragraph for its contents.

74.    Dexia denies the allegations in paragraph 74, except refers to the September 21, 1999, e-mail referenced in this paragraph for its contents.

75.    Dexia denies the allegations in paragraph 75, except refers to the June 25, 2003, edition of *De Financieël Economische Tijd* referenced in this paragraph for its contents.

76.    Dexia denies the allegations in paragraph 76, except admits that on December 22, 1998, Artesia made a loan to LIC for approximately $6 million; admits that LIC transferred the funds to development companies for the Greek, Hungarian, Polish, and Czech languages; admits that these development companies transferred the funds to L&H; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices.

77.    Dexia denies the allegations in paragraph 77, except admits Artesia entered into credit default swaps in relation to its loan to LIC; and refers to the internal memorandum referenced in this paragraph for its content.

78.    Dexia denies the allegations in paragraph 78, except refers to the June 25, 2003, edition of *De Financieël Economische Tijd* referenced in this paragraph for its contents.

79.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.    Dexia denies the allegations in paragraph 80, except refers to the March 1999 fax referenced in this paragraph for its contents.

81.    Dexia denies the allegations in paragraph 81, except refers to the June 21, 1999, e-mail referenced in this paragraph for its contents.

82.    Dexia denies the allegations in paragraph 82, except admits that on June 25, 1999, Artesia granted a $20 million line of credit to Lernout, Hauspie and Willaert; admits that

650,000 shares of L&H were to be pledged as collateral for the loan; states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the use of funds by L&H, Lernout, Hauspie or Willaert, or L&H's accounting practices; and refers to L&H's June 30, 1999, Form 10-Q and December 31, 1999, Form 10-K referenced in this paragraph for their contents.

83.    Dexia denies the allegations in paragraph 83, except admits that Artesia's loans to Radial and LIC were due June 30, 1999; admits that Artesia's loans to Lernout, Hauspie and Willaert were due in October 1999; admits that Artesia extended the loans to December 15, 1999; and refers to the September 7, 1999, memorandum referenced in this paragraph for its contents.

84.    Dexia denies the allegations in paragraph 71, except refers to the December 27, 1999, e-mail referenced in this paragraph for its contents.

85.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, except admits that Artesia's loans to LIC, Lernout, Hauspie and Willaert were repaid from a Singapore bank account of Velstra.

86.    Dexia denies the allegations in paragraph 86, except refers to the internal Artesia documents referenced in this paragraph for their contents.

87.    Dexia denies the allegations in paragraph 87, except refers to the report prepared for L&H's Audit Committee referenced in this paragraph for its contents.

88.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.　　Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.　　Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.　　Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.　　Dexia admits that L&H issued a press release on April 28, 1998, and refers to that document for its contents.

94.　　Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, except refers to the April 28, 1998, L&H press release and the May 1, 1998, Form 6-K referenced in this paragraph for their contents.

95.　　Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, except refers to the April 28, 1998, L&H press release and the May 1, 1998, Form 6-K referenced in this paragraph for their contents.

96.　　Dexia admits that L&H issued a press release on July 28, 1998, and refers to that document for its contents.

97.　　Dexia admits that L&H filed a Form 6-K with the SEC on or about August 7, 1998, and refers to that document for its contents.

98.　　Dexia states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, except refers to the July 28, 1998, press release and the August 7, 1998, Form 6-K for their contents.

99.　　Dexia admits that L&H issued a press release on October 27, 1998, and refers to that document for its contents.

100.    Dexia admits that L&H filed a Form 6-K with the SEC on or about October 29, 1998, and refers to that document for its contents.

101.    Dexia states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, except refers to the October 27, 1998, press release and the October 29, 1998, Form 6-K for their contents.

102.    Dexia admits that L&H issued a press release on April 7, 1999, and refers to that document for its contents.

103.    Dexia admits that L&H filed a Form 6-K with the SEC on or about April 19, 1999, and refers to that document for its contents.

104.    Dexia admits that L&H filed a Form 20-F with the SEC on or about June 30, 1999, and refers to that document for its contents.

105.    Dexia states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, except refers to the April 7, 1999, press release; the April 19, 1999, Form 6-K; and the June 30, 1999, Form 20-F for their contents.

106.    Dexia admits that L&H issued a press release on May 18, 1999, and refers to that document for its contents.

107.    Dexia admits that L&H filed a Form 6-K with the SEC on or about June 1, 1999, and refers to that document for its contents.

108.    Dexia states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108, except refers to the May 18, 1999, press release and the June 1, 1999, Form 6-K for their contents.

109.    Dexia admits that L&H issued a press release on July 28, 1999, and refers to that document for its contents.

110.    Dexia admits that L&H filed a Form 6-K with the SEC on or about August 6, 1999, and refers to that document for its contents.

111.    Dexia states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, except refers to the July 28, 1999, press release and the August 6, 1999, Form 6-K for their contents.

112.    Dexia admits that L&H issued a press release on October 27, 1999, and refers to that document for its contents.

113.    Dexia admits that L&H filed a Form 6-K with the SEC on or about November 4, 1999, and refers to that document for its contents.

114.    Dexia admits that L&H filed a Form 10-Q with the SEC on or about June 30, 2000, and refers to that document for its contents.

115.    Dexia states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, except refers to the October 27, 1999, press release, the November 4, 1999, Form 6-K, and the June 30, 2000, Form 10-Q for their contents.

116.    Dexia admits that L&H issued a press release on February 9, 2000, and refers to that document for its contents.

117.    Dexia admits that L&H filed a Form 10-K with the SEC on or about June 30, 2000, and refers to that document for its contents.

118.    Dexia states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, except refers to the February 9, 2000, press release and the June 30, 2000, Form 10-K for their contents.

119.    Dexia admits that L&H issued a press release on May 9, 2000, and refers to that document for its contents.

120.    Dexia admits that L&H filed a Form 6-K with the SEC on or about May 12, 2000, and refers to that document for its contents.

121.    Dexia admits that L&H filed a Form 10-Q with the SEC on or about June 30, 2000, and refers to that document for its contents.

122.    Dexia states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, except refers to the May 9, 2000, press release, the May 12, 2000, Form 6-K, and the June 30, 2000, Form 10-Q for their contents.

123.    Dexia admits that L&H issued a press release on August 8, 2000, and refers to that document for its contents.

124.    Dexia admits that L&H filed a Form 10-Q with the SEC on or about August 14, 2000, and refers to that document for its contents.

125.    Dexia states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125, except refers to the August 8, 2000, press release and the August 14, 2000, Form 10-Q for their contents.

126.    Dexia denies the allegations in paragraph 126, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices.

127.    Dexia denies the allegations in paragraph 127, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices, and refers to the Merger Agreement referenced in this paragraph for its contents.

128.    Dexia denies the allegations in paragraph 128, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices.

129.    Dexia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

130.    Dexia denies the allegations in paragraph 130, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices.

131.    Dexia denies the allegations in paragraph 131.

132.    Dexia denies the allegations in paragraph 132, except incorporates the responses set forth above.

133.    Dexia denies the allegations in paragraph 133.

134.    Dexia denies the allegations in paragraph 134, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices.

135.    Dexia denies the allegations in paragraph 135.

136.    Dexia denies the allegations in paragraph 136, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices.

137.    Dexia denies the allegations in paragraph 137.

138.    Dexia denies the allegations in paragraph 138.

139.    Dexia denies the allegations in paragraph 139.

140.    Dexia denies the allegations in paragraph 140.

141.    Dexia denies the allegations in paragraph 141.

142.    Dexia denies the allegations in paragraph 142.

143.    Dexia denies the allegations in paragraph 143, except incorporates the responses set forth above.

144.    Dexia denies the allegations in paragraph 144, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning L&H's accounting practices.

145.    Dexia denies the allegations in paragraph 145, except admits Artesia knew that L&H traded on NASDAQ and EASDAQ.

146.    Dexia denies the allegations in paragraph 146.

147.    Dexia denies the allegations in paragraph 147.

148.    Dexia denies the allegations in paragraph 148, except incorporates the responses set forth above.

149.    Dexia denies the allegations in paragraph 149.

150.    Dexia denies the allegations in paragraph 150.

151.    Dexia denies the allegations in paragraph 151.

152.    Dexia denies the allegations in paragraph 152.

153.    Dexia denies the allegations in paragraph 153.

154.    Dexia denies the allegations in paragraph 154, except incorporates the responses set forth above.

155.    Dexia denies the allegations in paragraph 155.

156.    Dexia denies the allegations in paragraph 156.

157.    Dexia denies the allegations in paragraph 157.

158.    Dexia denies the allegations in paragraph 158.

159.    Dexia denies the allegations in paragraph 159.

160.    Dexia denies the allegations in paragraph 160.

161.    Dexia denies the allegations in paragraph 161.

**ADDITIONAL DEFENSES**

1.    Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

2.    Plaintiffs lack standing to maintain some or all of their claims.

3.    Plaintiffs' claims are barred in whole or in part for lack of personal jurisdiction over Dexia.

4.    Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to make reasonable efforts to mitigate their injuries or damages.

5.    Plaintiffs' claims are barred in whole or in part because the decline in the market price of the L&H securities purchased by Plaintiffs resulted in whole or in part from factors other than the alleged conduct of Dexia.

6.    Plaintiffs' claims are barred in whole or in part because the alleged damages were not proximately caused by Dexia.

7.    Plaintiffs' claims are barred in whole or in part because the liability of all defendants and other responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault.

8.    Any recovery for damages allegedly incurred by Plaintiffs is subject to offset in the amount of any tax benefits or other benefits actually received through their investments.

9.    Plaintiffs' claims are barred in whole or in part because Plaintiffs were expressly advised about the material facts and risks concerning their investments through meaningful cautionary statements contained in public filings of L&H.

Dated:  March 24, 2005

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO

By:    /s/  Breton Leone-Quick
         Peter M. Saparoff (BBO#441740)
         Breton Leone-Quick (BBO#655571)

One Financial Center
Boston, MA 02111
Tel:    (617) 542-6000
Fax:    (617) 542-2241

CLIFFORD CHANCE US LLP
    James B. Weidner
31 West 52nd Street
New York, NY 10019-6131
Tel:    (212) 878-8000
Fax:    (212) 878-8375

*Counsel for Dexia Bank Belgium, S.A.*