UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.:  04-10501 (PBS) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
EMERGENCY MOTION FOR EXPEDITED DISCOVERY
FROM DEXIA BANK BELGIUM**

Peter M. Saparoff (BBO#441740)  
Breton Leone-Quick (BBO#655571)  
MINTZ LEVIN COHN FERRIS  
GLOVSKY & POPEO  
One Financial Center  
Boston, MA 02111  
Tel:   (617) 542-6000  
Fax:   (617) 542-2241  

James B. Weidner  
Joel M. Cohen  
Kara Morrow  
CLIFFORD CHANCE US LLP  
31 West 52nd Street  
New York, NY 10019-6131  
Tel:   (212) 878-8000  
Fax:   (212) 878-8375  

*Counsel for Dexia Bank Belgium*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

I.    PLAINTIFFS ARE NOT ENTITLED TO PREJUDGMENT ASSET
DISCOVERY ............................................................................................................ 3

II.    PLAINTIFFS ARE NOT ENTITLED TO DISCOVERY CONCERNING A
HYPOTHETICAL LOSS OF JURISDICTION ............................................................ 7

CONCLUSION ............................................................................................................................. 8

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Bd. of Educ. of Evanston Twp. v. Admiral Heating & Ventilating, Inc.*,
  104 F.R.D. 23 (N.D. Ill. 1984) ...................................................................................... 6

*Ayyash v. Bank Al-Madina*,
  No. 04 Civ. 9201, 2005 WL 1668527 (S.D.N.Y. July 12, 2005) ............................... 3, 4

*Charlesbank Equity Fund II v. Blinds To Go, Inc.*,
  370 F.3d 151 (1st Cir. 2004) ........................................................................................ 5

*Dateline Exps., Inc. v. Basic Constr.*,
  306 F.3d 912 (9th Cir. 2002) ........................................................................................ 5

*Fairview Mach. & Tool Co. v. Oakbrook Int'l, Inc.*,
  77 F. Supp. 2d 199 (D. Mass. 1999) ............................................................................. 5

*Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*,
  527 U.S. 308 (1999) ........................................................................................... 3, 4, 5, 6

*Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*,
  194 F.R.D. 618 (N.D. Ill. 2000) .................................................................................... 4

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) ...................................................................................................... 1

*OSRecovery, Inc. v. One Groupe Int'l, Inc.*,
  305 F. Supp. 2d 340 (S.D.N.Y. 2004) ................................................................... 3, 5, 6

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
  208 F.R.D. 273 (N.D. Cal. 2002) .................................................................................. 4

*Special Situations Cayman Fund, L.P. v. Dot Com Entm't Group*,
  No. 03-CV-0811E, 2003 WL 23350128 (W.D.N.Y. Dec. 5, 2003) ............................. 4

*Walczak v. EPL Prolong, Inc.*,
  198 F.3d 725 (9th Cir. 1999) .................................................................................... 3, 5

*In re WebSecure, Inc. Sec. Litig.*,
  No. 97-10662, 1997 WL 770414 (D. Mass. Nov. 26, 1997) ..................................... 3, 6

# TABLE OF AUTHORITIES
### (continued)

**Page**

## STATUTES

Fed. R. Civ. P. 26 ....................................................................................................... 1, 2, 3, 7

Fed. R. Civ. P. 26(a)(1)(D) .................................................................................................. 1

Fed. R. Civ. P. 26(b) ............................................................................................................ 4

Fed. R. Civ. P. 26(f) ............................................................................................................. 4

Fed. R. Civ. P. 64 ................................................................................................................. 6

## **PRELIMINARY STATEMENT**

Both Dexia and Plaintiffs filed motions with the Court for emergency relief on November 21, 2005. Plaintiffs submitted an emergency request for expedited discovery concerning the liquidation and closure of Dexia's New York branch office ("Plaintiffs' Emergency Motion"). Dexia submitted an emergency motion for a protective order to prevent Plaintiffs from obtaining this discovery ("Motion for a Protective Order"). Now Dexia respectfully submits this memorandum in opposition to Plaintiffs' Emergency Motion and in further support of the arguments set forth in its Motion for a Protective Order.

Plaintiffs cannot obscure the obvious: they are seeking impermissible discovery concerning Dexia's assets before any judgment in this case has been rendered. As set forth in Dexia's Motion for a Protective Order, prejudgment asset discovery is precluded by Rule 26 of the Federal Rules of Civil Procedure because such discovery does not relate to any claims or defenses in the action.[1] Plaintiffs do not even attempt to contend with this well-settled case law.

Plaintiffs also cannot hide the lack of any credible basis to seek such discovery even if Rule 26 permitted it. They speculate about Dexia's supposed 'motives' in closing a branch, suggesting without any proof whatsoever that Dexia may be purposely acting "to make enforcement of a judgment extremely problematic," and to "circumvent personal jurisdiction in the United States." (Plaintiffs' Emergency Motion at 2, 3). In their November 23, 2005 letter to the Court, Plaintiffs lay bare the wholly speculative nature of their fishing expedition into

---

[1] *See* Dexia's Motion for a Protective Order in its entirety. The only exception to this rule is a statutory rule set forth in Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure, which provides for prejudgment discovery of liability insurance agreements. Fed. R. Civ. P. 26(a)(1)(D); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978). Plaintiffs do not seek discovery of such information.

- 1 -

Dexia's finances, writing that they "<u>believe</u> that such liquidation <u>may</u> be an attempt by [Dexia] to frustrate Plaintiffs' ability to enforce any judgments they obtain" and that "<u>should discovery show this to be the case</u>, Plaintiffs would seek to enjoin that liquidation." (Plaintiffs' November 23, 2005 Letter to the Court at 1, emphasis added).

      Such speculation cannot possibly form the basis for an injunction preventing Dexia from closing its New York branch. That is particularly true given that Plaintiffs' speculation about an improper motive is belied by facts presented by Plaintiffs in their own moving papers. Plaintiffs note in their Emergency Motion that Dexia's plans to close the New York branch office were published in the 2004 Annual Report of their parent corporation, Dexia, S.A., and have been publicized for over nine months. Plaintiffs further concede that Dexia's notice of liquidation in the <u>Wall Street Journal</u> on November 11, 2005 is what triggered their discovery requests. (*See* Dexia's Motion for a Protective Order at 4.) It is inconceivable that Dexia has acted with fraudulent intent to frustrate Plaintiffs' ability to collect a hypothetical judgment or to circumvent personal jurisdiction by publishing such plans in their parent company's annual report or in a national newspaper advertisement.

      That Plaintiffs have been on notice of the closing of the branch for over nine months also removes any basis for granting them expedited discovery, even if what they seek was within the bounds of Rule 26 discovery. Just as Plaintiffs cannot be permitted to transform irrelevant discovery demands into permissible discovery by insinuation and speculation, they cannot be allowed to invent supposed urgency by their own inaction.

**ARGUMENT**

I. **PLAINTIFFS ARE NOT ENTITLED TO PREJUDGMENT ASSET DISCOVERY**

Neither Plaintiffs' ability to enforce a judgment, nor suspicion of diminishment of Dexia's assets, has relevance to the claims or defenses in this case. As set forth in Dexia's Motion for a Protective Order, irrelevant discovery is not permitted under Rule 26. (*See* Memorandum of Law in Support of Dexia Bank Belgium's Emergency Motion for a Protective Order at 4-8). The cases cited by Plaintiffs in support of their discovery requests do not suggest otherwise. The cases cited by Plaintiffs arose after colorable requests for provisional remedies had been made. *See Walczak v. EPL Prolong, Inc*., 198 F.3d 725, 730 (9th Cir. 1999); *OSRecovery, Inc. v. One Groupe Int'l, Inc.,* 305 F. Supp. 2d 340 (S.D.N.Y. 2004); *In re WebSecure, Inc. Sec. Litig.,* No. 97-10662, 1997 WL 770414, at *4 (D. Mass. Nov. 26, 1997). Plaintiffs have not sought, and are not entitled to, such provisional relief because, as Plaintiffs must concede, they have no facts to support it.

Moreover, insofar as Plaintiffs claim that they need the sought discovery to determine whether they would have basis for seeking a preliminary injunction, they are precluded from such relief by Supreme Court precedent. They cannot expect discovery in pursuit of an unavailable remedy. Plaintiffs cite to *Ayyash v. Bank Al-Madina*, No. 04 Civ. 9201, 2005 WL 1668527, at *1 (S.D.N.Y. July 12, 2005), and several other cases, for the notion that expedited discovery should be granted here because a "more flexible good cause approach" exists in advance of discovery for preliminary injunction relief than for such relief itself. However, none of these cases dealt with the futility of seeking such relief in a case seeking money damages in light of the Supreme Court's decision in *Grupo Mexicano de Desarrollo S.A. v.*

*Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). As set forth below, because Dexia is not subject to a preliminary injunction, the standard for discovery in pursuit of a preliminary injunction is irrelevant to the matter before the court.[2]

In *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, the Supreme Court held that a district court does not have the authority to issue a "preliminary injunction preventing [defendants] from disposing of their assets pending adjudication of [plaintiff's] contract claim for money damages." *Id*. Plaintiffs contend that, "[n]otwithstanding the Supreme Court's decision in *Grupo* District Courts have the authority to prevent defendants from disposing of certain assets preadjudication even where the plaintiff seeks only money damages where it is shown that defendants are acting with intent to frustrate any judgment on the merits." (Plaintiffs' Emergency Motion at 7).

---

[2]   In any event, the cases cited by Plaintiffs for the proposition that courts do not apply "stringent tests" in deciding whether to grant expedited discovery are distinguishable from this case (and notably are all outside the jurisdiction of this Court). Whether the proposed discovery is relevant under Rule 26(b) is not even raised in all but one of the cases cited by Plaintiffs, and there, the court denied discovery on the grounds that the discovery sought is irrelevant. *See Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000) (denying expedited discovery in context of plaintiff's emergency motion for a preliminary injunction, reasoning "[s]ince **all** of the document requests propounded by [plaintiff] seek irrelevant matter . . . plaintiff clearly does not need such discovery at all, much less on an expedited basis.") (emphasis in the original)*; see also Special Situations Cayman Fund, L.P. v. Dot Com Entm't Group*, No. 03-cv-0811E, 2003 WL 23350128 (W.D.N.Y. Dec. 5, 2003) (denying expedited discovery on plaintiff's motion for preliminary injunction because plaintiffs could not show irreparable injury); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002) (permitting only limited discovery that was relevant to the claims). In *Ayyash v. Bank Al-Madina,* the court expressly indicated that it was deciding on a "matter merely governing the timing [as opposed to relevance] of discovery." 2005 WL 1668527, at *1 (S.D.N.Y. July 12, 2005) (permitting expedited discovery without a Rule 26(f) conference over Lebanese banks in the context of an *ex parte* proceeding seeking an attachment of defendants' New York assets.) Furthermore, in *Ayyash*, the court based its decision to apply the "good cause" test and allow for expedited discovery on the fact that the "[p]laintiff has made a strong evidentiary showing of the substantiality of his claims." *Id*. The defendant Lebanese banks in *Ayyash* had failed to respond to the complaint at all which the court believed indicated a "disinclination to defend the matter on the merits, and making it appear futile to prompt a 26(f) conference." *Id*. Here, such a showing has not been made, and cannot be made.

However, in applying *Grupo* in this District, the Court in *Fairview Machine* recognized that *Grupo* only allows for a narrow exception where plaintiffs have a lien or an equitable interest in the defendant's assets.  *See Fairview Mach. & Tool Co. Inc. v. Oakbrook Int'l, Inc.*, 77 F. Supp. 2d 199, 202 (D. Mass. 1999) ("*Grupo*'s holding, however, is limited to cases where a creditor plaintiff has no lien *or equitable interest* in defendants [sic] assets."); *see also Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 158 (1st Cir. 2004).  No such exception is applicable in this case.

Plaintiffs' citation to cases from other jurisdictions following *Grupo* add no support to their assertion.  *Walczak v. EPL Prolong, Inc.,* 198 F.3d at 730, recognizes the same narrow exception as that recognized in *Fairview*.  *See Dateline Exps, Inc. v. Basic Constr.*, 306 F.3d 912, 914 (9th Cir. 2002).  In affirming a lower court decision denying a preliminary injunction to an unsecured creditor in a case following *Walczak*, the Ninth Circuit held that the narrow exception in *Walczak* was not relevant and *Grupo Mexicano* barred an injunction.  *Id*.  The court explained, "[t]he injunction [in *Walczak*] was not sought by a creditor who lacked rights in the company's assets.  In this case however, [plaintiff], an unsecured creditor, requested an injunction to restrain [the defendant] from disposing of any of its assets.  The district court was thus presented with a request materially similar to the injunction rejected in *Grupo Mexicano*.  The injunction, if granted, would have permitted a creditor with no right to the debtor's assets to interfere with the debtor's use of its own property.  The court lacked the authority to grant the equitable relief requested and therefore properly denied the motion for a preliminary injunction." *Id.*

*OSRecovery, Inc.,* 305 F. Supp. 2d at 343-344, also cited by Plaintiffs, recognized the same exception as the courts in *Fairview* and *Walczak*, holding that "a federal court does not

have the power, in the exercise of its general equitable jurisdiction, to issue a preliminary injunction in an action for money damages to prevent a defendant from transferring assets in which the plaintiff claims no lien or equitable interest."[3] Plaintiffs' reliance upon *In re WebSecure, Inc. Sec. Litig.* also is misplaced. *WebSecure* was decided before *Grupo* and presumably would no longer be decided the same way in light of *Grupo* and its progeny. No. 97-10662, 1997 WL 770414, at *4 (D. Mass. Nov. 26, 1997).[4]

In contrast to the cases emphasized by Plaintiffs, the decision in *Board of Education of Evanston Township v. Admiral Heating and Ventilating, Inc.* is particularly instructive. 104 F.R.D. 23, 33 (N.D. Ill. 1984). In that case, another class action, the court denied plaintiff's motion compelling answers from defendants to interrogatories concerning their financial affairs in a period post-dating the allegations in the complaint through the present. The court ruled that "[s]tate law remedies preserved by Rule 64 are not impaired by denying plaintiffs the opportunity to pry into defendants' financial affairs under the guise of discovery." *Id.* In

---

[3]   To the extent *OSRecovery* permitted an attachment against the defendants, it is inapposite. Plaintiffs do not, and have no basis to seek an attachment. *OSRecovery* involved limited factual circumstances that are not present here, including that they can claim no entitlement to the assets held or managed at the New York branch. In *OSRecovery*, the Court granted the order of attachment where the defendant, *inter alia*, never appeared in response to the motion and asserted a Fifth Amendment privilege against self-incrimination. 305 F. Supp. 2d at 343-344. No such allegations are made against Dexia.

[4]   Moreover, in *WebSecure*, the court noted that discovery was warranted because the very viability of the defendant company, a technology business in its "developmental stage," and, by implication, plaintiffs potential to obtain any recovery, was at stake. 1997 WL 770414, at *4. As indicated in its 2004 Annual Report (and as Plaintiffs cannot dispute), Dexia is a large financial institution whose solvency is not in question. (*See* Dexia's 2004 Annual Management Report attached as Exhibit A to Plaintiff's Emergency Motion.) As of December 31, 2004, Dexia had 1,198 branches present in 23 different countries, with total assets worth over $450 billion dollars. *Id.* at 5, 12. Accordingly, whereas the *WebSecure* plaintiffs argued that they might not be able to collect anything on a judgment against the defendant, Plaintiffs here cannot make this argument. Instead, Plaintiffs claim that a judgment in their favor would be "extremely problematic" to collect if Dexia's assets are abroad. (*See* Plaintiffs' Emergency Motion at 2, 6).

words of special relevance here, the court concluded "this Court will not lend itself to a fishing expedition in the waters of defendants' finances." *Id.* at 34.

## II. PLAINTIFFS ARE NOT ENTITLED TO DISCOVERY CONCERNING A HYPOTHETICAL LOSS OF JURISDICTION

Plaintiffs' second argument in favor of granting discovery – that the "liquidation may well be an effort by Dexia to circumvent personal jurisdiction in the United States" if the First Circuit reverses the Court's decision denying Defendant's motion to dismiss – plainly seeks discovery beyond the bounds of Rule 26. The availability of a forum for Plaintiffs to bring a future lawsuit does not have any reasonable connection to the securities claims or defenses in the case at bar. Moreover, as a matter of law and a matter of public policy, Plaintiffs fail to explain how this Court could grant preliminary relief to preserve the possible future jurisdiction of a New York court over Plaintiffs' state-law claims. Not surprisingly, Plaintiffs fail to cite any case law in support of their position.

Given the evidence demonstrating Dexia's transparency in closing the New York branch, the absence of any factual support for suspicion of Dexia's malfeasance and, above all, the irrelevance of Plaintiffs' discovery demands to the instant case under Rule 26, Plaintiffs do not have any good faith basis to request this discovery or to raise this untenable argument related to personal jurisdiction.[5] Plaintiffs sued Dexia in this Court. Plaintiffs have thus already chosen their forum for bringing a suit against Dexia and they are neither entitled to

---

[5] On November 21, 2005, Plaintiff, Stonington Partners, Inc., et al, filed a summons and complaint against Dexia in New York Supreme Court, New York Country. (*See* Cohen Decl. Ex. A). In that complaint, Stonington Partners concedes its action is being initiated "as a protective measure, in the event the First Circuit reverses the District Court's decision denying Defendants' motion to dismiss, and the District Court subsequently concludes that it lacks personal jurisdiction over Defendants." *Id*. at 2. The very purpose for filing the New York action further calls into question the need for discovery to preserve jurisdiction, even assuming such discovery was relevant to the instant action under Rule 26.

discovery nor to any action by this Court in order to keep an alternate forum available for their potential future use.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Emergency Motion for Expedited Discovery should be denied in all respects.

Dated:  December 5, 2005

>Respectfully submitted,
>
>MINTZ LEVIN COHN FERRIS
>GLOVSKY & POPEO
>
>By:   /s/   Breton Leone-Quick
>        Peter M. Saparoff (BBO#441740)
>        Breton Leone-Quick (BBO#655571)
>
>One Financial Center
>Boston, MA 02111
>Tel:   (617) 542-6000
>Fax:   (617) 542-2241
>
>James B. Weidner
>Joel M. Cohen
>Kara Morrow
>CLIFFORD CHANCE US LLP
>31 West 52nd Street
>New York, NY 10019-6131
>Tel:   (212) 878-8000
>Fax:   (212) 878-8375
>
>*Counsel for Dexia Bank Belgium*