UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendant. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10477 (PBS) |

| |  |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>  Defendants. | No.: 04-CV-10501 (PBS) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO COMPEL DEPOSITIONS

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rules 37.1 and 5.1(c), Plaintiffs in the above-referenced actions respectfully submit this Memorandum in Support of their Emergency Motion to Compel Depositions.

On the eve of the first depositions of its employees about their role in perpetrating the massive fraud at Lernout & Hauspie Speech Products ("L&H"), Dexia has informed Plaintiffs that it seeks to unilaterally adjourn these depositions. There is no basis to do so. The depositions of these witnesses were duly noticed by Plaintiffs and have been scheduled for months by the agreement of all parties. Having failed in its previous attempt to stay discovery in these Actions, Dexia now seeks an indefinite delay of depositions of its witnesses. Dexia first asserted such delay is warranted by the Class Plaintiffs' pending motion for leave to file a Third Amended Complaint. After Plaintiffs rejected that argument, Dexia's counsel then claimed that it was "unreasonable" to expect them to attend depositions in Belgium when they are "obligated" to respond to the motion for leave to amend and the Class Plaintiffs' interrelated motion for an order requesting remand of the interlocutory appeal pending in the First Circuit. These transparent excuses are a clear pretext, and acceptance of Dexia's position will cause discovery

in these Actions to grind to a halt. The Court's December 27, 2005 Scheduling Order provides for the completion of merits discovery by June 16, 2006, a date to which Dexia agreed, leaving little room for the delay Dexia is attempting to impose.

Plaintiffs have vigorously pursued discovery of Dexia in these Actions since Judge Saris denied Dexia's motions to dismiss Plaintiffs' claims. On September 15, 2005, Plaintiffs noticed the deposition of Karl Van Riet and, on December 5, 2005, Plaintiffs noticed the depositions of Philippe Steverlynck, Francois Saverys, Alain Probst, Claude Piret, Bernard Mommens and Jacques Janssens.[1] *See* Exhibits A and B to the Declaration of Patrick T. Egan ("Egan Decl."). By letter from its counsel dated December 20, 2005, Dexia agreed to produce Messrs. Van Riet, Steverlynck and Saverys during the week of March 6, and to produce Messrs. Probst and Piret during the week of March 13. Egan Decl., Exhibit C. Plaintiffs have diligently prepared for these depositions, including translating, on an expedited basis, thousands of foreign language documents belatedly produced by Dexia and arranging for translators, videographers and stenographers in Belgium. Egan Decl. ¶ 6. Then, on February 22, 2006, without any notice, counsel for Dexia sent Plaintiffs a letter informing them that Dexia had determined to unilaterally adjourn the depositions scheduled for the weeks of March 6 and 13 *sine die*, until some time after the Court rules on the Class Plaintiffs' pending motion for leave to file a Third Amended Complaint. Egan Decl., Exhibit D. Dexia's only explanation for doing so was the unfounded assertion that the Third Amended Complaint might somehow "potentially" prejudice Dexia. Id.

The proposed Third Amended Complaint does not give rise to any new issues that would

---

[1] Plaintiffs also noticed the depositions of Ivan de Coen, Joris van Helleputte, Jan van Broeckhoven, Piet Cordonnier, Peter Rabaey and Bart Ferrand, each of whom is a Dexia employee. Dexia has refused to produce any of those witnesses and Plaintiffs' motion to compel the depositions of Messrs. Cordonnier, Rabaey and Ferrand, is *sub judice*.

not otherwise have been the subject of examination at these depositions. Nor does it impact the scope of discovery. The new allegations in the Third Amended Complaint relate to Dexia's insider trading of L&H stock and Dexia's liability for the analyst reports concerning L&H issued during the Class Period by Dexia's predecessors, Artesia Banking Corporation, S.A. and its 100% owned subsidiary, Artesia Securities, S.A. These topics have been the subject of discovery for months. Indeed, the Third Amended Complaint is based upon the documents Dexia produced in response to Plaintiffs' discovery requests regarding these very topics. If those issues were not relevant to Plaintiffs' claims, Dexia would not have produced them. In fact, these issues have always been an element of Plaintiffs' claims against Dexia. There is simply no surprise or prejudice that will inure to Dexia if these depositions go forward.

On February 23, counsel for the Stonington Plaintiffs responded to Dexia's February 22 letter, and rejected Dexia's attempt to unilaterally adjourn the scheduled depositions. Egan Decl., Exhibit E. Counsel for Dexia responded that day and claimed that, in addition to Dexia's concerns regarding the proposed Third Amended Complaint, Dexia's counsel could not proceed with the depositions in Belgium, citing the burden of responding to the Class Plaintiffs' two interrelated motions. Egan Decl., Exhibit F. This is preposterous, and having to brief motions in a massive securities fraud action involving the loss of billions of dollars is hardly surprising and affords no basis to adjourn depositions that have been scheduled for months. Moreover, Dexia is represented in these Actions by the law firm of Clifford Chance – one of the largest law firm in the world – with over 2,300 attorneys in 28 offices worldwide, including an office in Brussels. It is simply not credible that Clifford Chance lacks the resources to simultaneously respond to Plaintiffs' pending motions and defend five long-scheduled depositions over a period of two weeks. After all, the responsibility of the witnesses at these depositions is to provide truthful

testimony regarding the facts they recall. Defense counsel's role is mainly to preserve objections for trial. Given the limited time remaining to complete discovery in these Actions, it is inevitable that depositions will continue to overlap with necessary motion practice, as it does in all complex litigation.

In response to Dexia's claim that its counsel cannot travel to Belgium to attend these depositions, counsel for Stonington Plaintiffs wrote to Dexia's counsel on February 23 and offered to conduct the depositions in New York, on the dates noticed. Egan Decl., Ex. G. As of the filing of this motion, Dexia has not responded to that offer. Egan Decl. ¶12.

In sum, there is simply no basis to adjourn the depositions scheduled for March 6-17. Dexia has had ample notice of these depositions, and of the subject matter on which these witnesses will be examined. Dexia's counsel is unquestionably capable of defending these depositions while responding to Plaintiffs' motions. In order to comply with the Scheduling Order entered by the Court in December 2005, these depositions must proceed as scheduled, as Plaintiffs have noticed a number of other depositions for April (and will shortly notice additional depositions).

For these reasons, Plaintiffs respectfully request that the Court enter an Order compelling Dexia to produce Messrs. Van Riet, Steverlynck, Saverys, Probst and Piret for their depositions on the dates agreed to long ago by counsel.

Dated:      February 24, 2006                    Respectfully submitted,

                                                 BERMAN DEVALERIO PEASE
                                                   TABACCO BURT & PUCILLO

                                                 /s/ Patrick T. Egan
                                                 Glen DeValerio, BBO # 122010
                                                 Jeffrey C. Block, BBO #600747
                                                 Patrick T. Egan, BBO # 637477
                                                 (pegan@bermanesq.com)

4

One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300

SHALOV STONE & BONNER LLP
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone: (212) 239-4340

CAULEY BOWMAN CARNEY
& WILLIAMS PLLC
Allen Carney
11001 Executive Center Drive, Suite 200
Little Rock, Arkansas 722125438
Telephone: (501) 312-8500

**CO-LEAD COUNSEL TO
LEAD CLASS PLAINTIFFS**

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

/s/ Avi Josefson
Max W. Berger
Steven B. Singer
Avi Josefson
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400

LOONEY & GROSSMAN LLP
  Richard J. Grahn, BBO #206620
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800

**COUNSEL TO PLAINTIFFS STONINGTON PARTNERS, INC., STONINGTON CAPITAL APPRECIATION 1994 FUND L.P. AND STONINGTON HOLDINGS L.L.C.**

GREGORY P. JOSEPH LAW OFFICES LLC

/s/ Susan M. Davies
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
805 Third Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 407-1200

KOTIN, CRABTREE & STRONG
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone: (617) 227-7031

**COUNSEL TO PLAINTIFFS GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust**

PARTRIDGE, ANKNER & HORSTMAN LLP

_____/s/ Terence K. Ankner_____
Terence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone: (617) 859-9999

BOIES SCHILLER & FLEXNER
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida 32801
Telephone: (407) 425-7118

REED SMITH LLP
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone: (215) 851-8100

**COUNSEL TO PLAINTIFFS JANET BAKER, JAMES BAKER, JKBAKER LLC and JMBAKER LLC,**

## CERTIFICATE OF SERVICE

I, hereby certify that on this 27th day of February, 2006, a true and correct copy of the foregoing was served via electronic means, upon counsel listed on the attached service list and also via U.S. Mail on counsel for Dexia Bank Belgium identified on the attached list.

/s/ George R. Coe

## Service List

**Attorneys for Baker Plaintiffs – 04-CV-10501**

Terence K. Ankner
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street
16th Floor
Boston, MA 02116
Tel: (617) 859-9999
Fax: (617) 859-9998
tka@anknerlaw.com

Alan Cotler
Joan Yue
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-4301
Tel: (215) 851-8100
Fax: (215) 851-1420
acotler@reedsmith.com
jyue@reedsmith.com

**Attorneys for the Class Plaintiffs – 03-CV-11566**

Jeffery C. Block
Patrick T. Egan
BERMAN, DEVALERIO, PEASE, TABACCO, BURT & PUCILLO
One Liberty Square
Boston, MA 02109
Tel: (617) 542-8300
Fax: (617) 542-1194
jblock@bermanesq.com
pegan@bermanesq.com


Curtis L. Bowman
Allen Carney
CAULEY, BOWMAN CARNEY & WILLIAMS, PLLC
P.O. Box 25438
Little Rock, AR 72221
Tel: (501) 312-8500
Fax: (501) 312-8505
cbowman@cauleybowman.com
acarney@cauleybowman.com

Patrick L. Rocco
SHALOV, STONE & BONNER
485 7th Avenue
Suite 1000
New York, NY 10018
Tel: (212) 239-4340
Fax: (212) 239-4310
procco@lawssb.com


**Attorneys for Filler Plaintiffs – 04CV-10477**

Gregory P. Joseph
Susan M. Davies
GREGORY P. JOSEPH LAW OFFICES, LLC
805 Third Avenue, 31st Floor
New York, NY 10022
Tel: (212) 207-1210
Fax: (212) 407-1274

gjoseph@josephnyc.com
sdavies@josephnyc.com

Nicholas Kelley
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114-2925
Tel: (617) 227-7031
Fax: (617) 367-2988
kcs@kcslegal.com

**Attorneys for Stonington Plaintiffs – 04-CV-10411**

Steve Singer
Javier Bleichmar
BERNSTEIN, LITOWITZ, BERGER & GROSSMAN, LLP
1285 Avenue of the Americas
New York NY 10019
Tele: (212) 554-1400
Fax: (212) 554-1444
steven@blbglaw.com
javier@blbglaw.com

Charles P. Kindregan
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
Tel: (617) 951-2800
Fax: (617) 951-2819
ckindregan@lgllp.com

**Attorneys for Defendant Dexia Bank Belgium**

Peter M. Saparoff
Breton T. Leone-Quick
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, PC
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241
psaparoff@mintz.com
bleone-quick@mintz.com

James B. Weidner
Jeff Butler
Amber C. Wessels
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel: 212-878-8000
Fax: 212-878-8375
James.Weidner@cliffordchance.com
Jeff.Butler@cliffordchance.com
Amber.Wessels@cliffordchance.com