## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>Defendant. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>Defendants. | No.: 04-CV-10477 (PBS) |

JANET BAKER and JAMES BAKER,
JKBAKER LLC and JMBAKER LLC,

      Plaintiffs,

      v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING

CORP., SA),

      Defendants.

No.: 04-CV-10501 (PBS)

## DECLARATION OF PATRICK T. EGAN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE RETURN OF INADVERTENTLY PRODUCED OPINION WORK PRODUCT DOCUMENTS

I, Patrick T. Egan, declare and state as follows:

1.     I am a partner at Berman DeValerio, Pease, Tabacco, Burt & Pucillo, co-lead counsel for Lead Plaintiffs in the above-captioned action. Unless otherwise indicated, I have personal knowledge of the matters addressed in this declaration. I am over the age of 18 and am fully competent to testify.

2.     I submit this declaration in support of Plaintiffs' Motion To Compel The Return Of Inadvertently Produced Opinion Work Product Documents.

3.     True and correct copies of the following documents are attached hereto as indicated:

     a.   Letter dated January 6, 2006 from Maryana A. Kodner of Clifford Chance US LLP, counsel for Dexia, to Plaintiffs' Counsel, without enclosure, is attached hereto as Exhibit A.

     b.   My letter dated January 6, 2006 to Maryana A. Kodner of Clifford Chance US LLP, counsel for Dexia, is attached hereto has Exhibit B.

    c.  My letter dated January 18, 2006 to Maryana A. Kodner of Clifford Chance US LLP, counsel for Dexia, is attached hereto has Exhibit C.

    d.  Letter dated January 19, 2006 from Jeff E. Butler of Clifford Chance US LLP, counsel for Dexia, to me is attached hereto as Exhibit D.

    e.  My letter dated January 26, 2006 to Jeff E. Bulter of Clifford Chance US LLP, counsel for Dexia, is attached hereto has Exhibit E.

    f.  Letter dated January 30, 2006 from Jeff E. Butler of Clifford Chance US LLP, counsel for Dexia, to me, is attached hereto as Exhibit F.

    g.  My letter dated February 10, 2006 to Jeff E. Bulter of Clifford Chance US LLP, counsel for Dexia, is attached hereto as Exhibit G.

    h.  My letter dated February 27, 2006 to Jeff E. Bulter of Clifford Chance US LLP, counsel for Dexia, is attached hereto as Exhibit H.

    i.  Letter dated February 28, 2006 from Jeff E. Butler of Clifford Chance US LLP, counsel for Dexia, to me, is attached hereto as Exhibit I.

    4.  To date, Class Plaintiffs and Transactional Plaintiffs have produced more that 1.8 million pages of documents to Dexia in this litigation. Upon receiving a letter from Ms. Kodner on January 6, 2006 (Exhibit A hereto) concerning the Plaintiffs' inadvertent production of a document captioned "Lernout & Hauspie Document Review List" within a document production originally obtained by Plaintiffs in the *In re Lernout & Hauspie Sec. Litig.*, 00-11589-PBS, Class Plaintiffs' counsel re-reviewed the various document productions from the *In re Lernout & Hauspie Sec. Litig.*, 00-11589-PBS, which they had produced to Dexia in this litigation in order to identify, and request the return of, any other inadvertently produced documents. In the course of that review, Class Plaintiffs' counsel identified a total of thirteen other inadvertently produced documents, none of which bear any Bates numbers. Class Plaintiffs' counsel has requested that Dexia return these documents and destroy all notes and memoranda concerning same. Dexia has refused to do so, resulting in the instant motion.

5.     On or about June 30, 2005, Plaintiffs produced to Dexia over 113,000 pages of documents that had been produced by non-party Brown Rudnick Berlack Israels LLP ("Brown Rudnick") in response to a subpoena served by Plaintiffs in the *In re Lernout & Hauspie Sec. Litig.*, 00-11589-PBS, and other related litigation. In so doing, Plaintiffs inadvertently produced thirteen nearly identical documents entitled "Lernout & Hauspie Document Review Issues List" (including the document identified in Ms. Kodner's January 6, 2006 letter), which were produced in one box containing Brown Rudnick documents Bates stamped BRBI 8564-15059.

6.     Because Plaintiffs' counsel previously had reviewed and analyzed the copy of the Brown Rudnick document production that was to be made available to Dexia, counsel for Class Plaintiffs took steps to ensure that qualified attorneys, paralegals and law clerks re-reviewed all boxes of documents for any potentially privileged or work product documents before making them available to Dexia. Specifically, I instructed the persons who performed the review to identify any handwritten annotations, coding sheets or other un-Bates stamped documents within the boxes containing the document production. Any such documents were to be brought to the attention of a more senior attorney. Moreover, as an added preliminary precaution, the written coding sheets used by Plaintiffs' counsel in connection with their prior review and analysis of the Brown Rudnick document production had been printed on brightly colored paper to make the sheets stand out and to clearly distinguish attorney notes from the underlying document production. However, the thirteen inadvertently produced coding sheets were provided to Class Counsel in November 2003, copied on plain white paper.

7.     Also on or about June 30, 2005, Plaintiffs produced to Dexia a computer hard drive containing 350,902 electronic images of documents Plaintiffs had obtained from parties

4

and non-parties in the *In re Lernout & Hauspie Sec. Litig.*, 00-11589-PBS.[1]  The computer hard drive contained a two-page document similar to the document identified in Ms. Kodner's January 6, 2006 letter, which appears immediately prior to the document Bates stamped YPR037753.

8.    The YPR-related document was created and utilized by Plaintiffs' counsel during a document review occurring in November 2003, months after the initial lawsuit was commenced against Dexia.  The document contains a list of issues and potential witnesses, as well as handwritten attorney notes regarding the underlying document.

9.    For purpose of the hard drive production, Plaintiffs' counsel had instructed our document vendor not to scan any documents that reflected un-Bates stamped attorney notes or coding sheets, which were on brightly colored paper to signify that they were privileged.  Despite these precautions, it is now clear that our document vendor scanned one two-page coding sheet.

I declare under penalty that the foregoing is true and correct.

Executed in Boston, Massachusetts this 8th day of March, 2006.

_____/s/ Patrick T. Egan_____
Patrick T. Egan, BBO # 637477

---

[1]   Plaintiffs had scanned for their own use some documents that had been produced to them in paper form.  As a courtesy, Plaintiffs produced to Dexia electronic versions of those documents as well.

# EXHIBIT A

01/06/2006 16:36 FAX                CLIFFORD CHANCE US LLP                          ☒ 002/004

# C L I F F O R D

# C H A N C E

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com


Maryana A. Kodner
Associate

DIRECT TEL +1 212 878 3324
DIRECT FAX
maryana.kodner@cliffordchance.com
admitted in New York

January 6, 2006

VIA FACSIMILE

To: Counsel on attached list

Re:     *Quaak v. Dexia Bank Belgium*
        *Stonington v. Dexia Bank Belgium*
        *Filler v. Dexia Bank Belgium*
        *Baker v. Dexia Bank Belgium*

Dear Counsel:

In the course of our review of documents bearing the Bates ranges BRBI 008564 – BRBI 015059, we have come across the attached document entitled "Lernout & Hauspie Document Review Issues List." This document does not have a Bates number and it may have been produced inadvertently.

Very truly yours,

Maryana A. Kodner

enclosure

NYA 764274.1

01/06/2006 16:36 FAX                    CLIFFORD CHANCE US LLP                              ☒003/004

**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE US LLP

January 6, 2006                                                                        Page 2

To:   Patrick T. Egan, Esq.
      Berman Devalerio Pease  Tabacco Burt & Pucillo
      One Liberty Square
      Boston, MA 02109

      Patrick Rocco, Esq.
      Shalov Stone & Bonner
      485 Seventh Avenue, Suite 1000
      New York, NY 10018

      Javier Bleichmar, Esq.
      Bernstein Litowitz Berger & Grossman LLP
      1285 Avenue of the Americas
      New York, NY 10019

      Susan Davies, Esq.
      Gregory P. Joseph Law Offices LLC
      805 Third Avenue, 31st Floor
      New York, NY 10022

      Karen Dyer, Esq.
      Boies, Schiller & Flexner LLP
      255 South Orange Avenue, Suite 905
      Orlando, FL 32801

      Alan Cotler, Esq.
      Reed Smith
      2500 One Liberty Place
      1650 Market Street
      Philadelphia, PA 19103

      Peter M. Saparoff, Esq.
      Mintz Levin Cohn Ferris Glovsky & Popeo
      One Financial Center
      Boston, MA 02111

NYA 764274.1

# EXHIBIT B

# BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

### ATTORNEYS AT LAW

ONE LIBERTY·SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

January 6, 2006
*Via Electronic Mail And Regular Mail*

Maryana A. Kodner, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131

Re:  *Quaak v. Dexia, S.A.*, No. 03-CV-11566-PBS
     *Stonington Partners, Inc. v. Dexia, S.A.*, No. 04-CV-10411-PBS
     *Baker v. Dexia, S.A.*, No. 04-CV-10501-PBS
     *Filler v. Dexia, S.A.*, No. 04-CV-10477-PBS

Dear Maryana:

I write on behalf of all plaintiffs in response to your January 6, 2006 letter concerning the document entitled "Lernout & Hauspie Document Review Issues List".

You are correct that that document was produced inadvertently. Accordingly, we request that you please return any copies of that document or any versions or iterations of that document. I appreciate your professional courtesy in this matter.

Very truly yours,

Patrick T. Egan

cc:   Via electronic mail only
      Patrick Rocco, Esq.
      Susan Davies, Esq.
      Karen Dyer, Esq.
      Steven Singer, Esq.

lernout2/c/kodner_1-9-06

# EXHIBIT C

# BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

### ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

January 18, 2006
*Via Facsimile And Regular Mail*

Maryana A. Kodner, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131

Re:    *Quaak v. Dexia, S.A.*, No. 03-CV-11566-PBS
       *Stonington Partners, Inc. v. Dexia, S.A.*, No. 04-CV-10411-PBS
       *Baker v. Dexia, S.A.*, No. 04-CV-10501-PBS
       *Filler v. Dexia, S.A.*, No. 04-CV-10477-PBS

Dear Maryana:

I write on behalf of all plaintiffs as a follow up to my January 6, 2006 letter, to which I have yet to receive a response.

In my January 6 letter, I informed you that the document entitled "Lernout & Hauspie Document Review Issues List" was produced inadvertently and requested that you return any copies of that document. I reiterate my request that you immediately return the document and any copies. If you refuse, I demand that you provide the basis for your refusal, in writing, no later than the close of business tomorrow.

Very truly yours,

Patrick T. Egan

cc:    <u>Via facsimile only</u>
       Patrick Rocco, Esq.
       Susan Davies, Esq.
       Karen Dyer, Esq.
       Steven Singer, Esq.

lernout2/c/kodner_1-18-06

# EXHIBIT D

# C L I F F O R D
# C H A N C E

**CLIFFORD CHANCE US LLP**

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

**Jeff E. Butler**

DIRECT TEL 212-878-8205
DIRECT FAX 212-878-8375
jeff.butler@cliffordchance.com

January 19, 2005

VIA FACSIMILE

Patrick T. Egan, Esq.
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109

Re:     *Quaak v. Dexia Bank Belgium*
        *Stonington v. Dexia Bank Belgium*
        *Filler v. Dexia Bank Belgium*
        *Baker v. Dexia Bank Belgium*

Dear Pat:

        This responds to your letters to Maryana Kodner dated January 6, 2006, and January 18, 2006, concerning the document titled "Lernout & Hauspie Document Review Issues List" that was produced to Dexia.

        This document appears to be both responsive to Dexia's document requests and highly relevant to the question of whether Plaintiffs, or their attorneys, conducted any investigation that was directed at Artesia or Dexia. Plaintiffs' interrogatory responses state that the alleged investigation included the review of documents produced in the *L&H Securities Litigation*. This document appears to be a checklist used in connection with that review, identifying by category the issues being investigated by Plaintiffs. Notably, there is no mention of Artesia or Dexia, implying that Plaintiffs were *not* investigating Artesia or Dexia at the time this document was used.

        Furthermore, this document is not protected by the work product doctrine. Plaintiffs' decision affirmatively to inject their alleged investigation into this litigation has waived such protection, as the recent ruling by Judge Collings confirms. In addition, Judge Collings has ruled in analogous circumstances that inadvertent production operates as a waiver of any privilege that would otherwise attach to the document produced. *See International Digital Sys. Corp. v. Digital Equip. Corp.*, 120 F.R.D. 445 (D. Mass. 1988).

NYB 1520056.1

**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE US LLP

Patrick T. Egan, Esq.                                                                                Page 2
January 19, 2006

     Finally, we are not under any ethical obligation to return the document. Indeed, Opinion 99-4 of the Massachusetts Bar Association virtually requires counsel to retain and use relevant documents in their possession—whether produced inadvertently or otherwise—in discharge of the obligation to represent clients zealously.

     Your letters do not cite any basis for demanding return of this document. If you are aware of legal authority that you believe requires us to return the document, you should identify it within one week. Otherwise, we believe Dexia is free to use the document to defend itself in this litigation.

Sincerely,

Jeff E. Butler

cc:    Patrick Rocco, Esq.
       Javier Bleichmar, Esq.
       Karen C. Dyer, Esq.
       Alan Cotler, Esq.
       Susan Davies, Esq.
       Peter M. Saparoff, Esq.

# EXHIBIT E

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21ST FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

January 26, 2006

**Via Facsimile and Regular Mail**

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, New York 10019-6131

Re:    Quaak v. Dexia, S.A.,
       No. 03-CV-11566-PBS

Dear Jeff:

I write in response to your January 19, 2006 letter concerning the document entitled "Lernout & Hauspie Document Review Issues List," which inadvertently was produced to Dexia Bank Belgium ("Dexia").

In the course of investigating the cause of the inadvertent production, Plaintiffs have discovered that the document in question actually is one of thirteen essentially identical documents Plaintiffs inadvertently produced to Dexia contained in a portion of the "BRBI" production (the "Documents").

Two things about the Documents are indisputable: they are opinion work product, and they were produced inadvertently. Moreover, the Documents were not created until after August 19, 2001, so they are outside the scope of the Court's October 6, 2005 and December 22, 2005 Orders.

Furthermore, in addition to disagreeing with your characterization of the Documents and their relevance to this action, Plaintiffs dispute your claim that the protections of the work product doctrine have been waived. While Plaintiffs are aware of Magistrate Judge Collings' 1988 decision in *International Digital Systems Corp. v. Digital Equip. Corp.*, 120 F.R.D. 445 (D. Mass. 1988), the majority, and more recent, view in this Circuit is to apply what is known as the "middle test" to questions of waiver involving an inadvertent production. *See, e.g., Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 190 F.R.D. 287, 292 (D. Mass. 2000) (C.J. Young); *Turner v. Brave River Solutions, Inc.*, 92-148-JD, 2003 U.S. Dist. LEXIS 10298, at *4 (D.N.H. June 18, 2003). Indeed,

## BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO

Jeff E. Butler, Esq.
January 26, 2006
Page 2 of 3

Judge Saris herself implicitly adopted the "middle test" seven years *after* the decision in *International Digital Systems. See In re Grand Jury Subpoena*, 925 F. Supp. 849, 855 (D. Mass. 1995).

Under the "middle test," courts consider a number of factors to determine whether the inadvertently producing party has waived the privilege, including "(1) the reasonableness of the precautions taken to prevent inadvertent disclosure, (2) the amount of time it took the producing party to recognize its error, (3) the scope of the production, (4) the extent of the inadvertent disclosure, and (5) the overriding interest of fairness and justice." *Amgen*, 190 F.R.D. at 291. Plaintiffs are confident that, under the circumstances here, the balance of these factors weighs heavily in favor of upholding the work product privilege and compels the return of the Documents.[1]

Specifically, (1) Plaintiffs had a staff of law clerks and paralegals review documents for any work product notes or commentary prior to production; (2) Plaintiffs requested return of the documents immediately upon receiving Attorney Kodner's January 6, 2006 letter; (3-4) Plaintiffs' entire production totals well in excess of 1 million pages of documents, yet the inadvertent production was limited to only thirteen, one-page documents; and (5) the document is clearly privileged and beyond the scope of Magistrate Collings' October 6, 2005 and December 22, 2005 Orders. Accordingly, Plaintiffs reiterate our demand that Dexia immediately return the Documents, as well as destroy any notes, memoranda or other documents you have created concerning the Documents.

Plaintiffs are willing to meet and confer on this issue should you have further questions. If, however, Dexia has no intention of moving from its position that any inadvertent production constitutes a waiver of the work product privilege, please inform me of that immediately, so we can move for a protective order.

Finally, pursuant to paragraph 3 of the Stipulation and Proposed Order Governing the Treatment of Confidential Information ("Protective Order"), Plaintiffs designate the Documents "Confidential" and request that Defendant treat them as such under the terms of the Protective Order. Additionally, Plaintiffs request that Defendant refrain from

---

[1] Even assuming the work product protections have been waived, which Plaintiffs by no means concede, it is clear under the law of this District that any such waiver would be limited to the documents inadvertently produced. *See International Digital Systems*, 120 F.R.D. at 446 n.1; *Amgen*, 190 F.R.D. at 293; *Ken's Foods, Inc. v. Ken's Steak House, Inc.*, 213 F.R.D. 89, 96 (D. Mass. 2002).

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Jeff E. Butler, Esq.
January 26, 2006
Page 3 of 3


further review or use of the Documents until either the parties or the Court can resolve this issue. *See VLT Corp. v. Unitrode Corp.*, 194 F.R.D. 8, 11 (D. Mass. 2000).



Very truly yours,


Patrick T. Egan


cc:     Via facsimile only
        Patrick Rocco (procco@lawssb.com)
        Karen C. Dyer (kdyer@bsfllp.com)
        Steven B. Singer (steven@blbglaw.com)
        Susan M. Davies (sdavies@josephnyc.com)

EXHIBIT F

JAN-30-06 08:43 PM    JONES                 6172323340              P.07
01/30/2006 15:57 FAX  212 878 8375    CLIFFORD CHANCE US NYC        Ø002/003

# C L I F F O R D
# C H A N C E

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

Jeff E. Butler
DIRECT TEL 212-878-8205
DIRECT FAX 212-878-8375
jeff.butler@cliffordchance.com

January 30, 2006

VIA FACSIMILE

Patrick T. Egan, Esq.
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109

Re:     *Quaak v. Dexia Bank Belgium*
        *Stonington v. Dexia Bank Belgium*
        *Filler v. Dexia Bank Belgium*
        *Baker v. Dexia Bank Belgium*

Dear Pat:

        This responds to your letter dated January 26, 2006, concerning the document entitled "Lernout & Hauspie Document Review Issues List."

        We do not agree that this document is "opinion" work product. This document merely reflects a list of topics that were relevant to the *L&H Securities Litigation*, some of which are also relevant in this litigation. There are no "opinions" or "mental impressions" in this document that are not readily apparent from the pleadings filed by Plaintiffs.

        In any event, as indicated in my previous letter, we believe that Plaintiffs have waived *all* work product protection—including "opinion" protection—concerning the alleged investigation by their counsel by relying on that investigation to avoid Dexia's motion to dismiss. We also believe there has been a waiver as to this particular document, and any similar documents you may have produced, under either the "strict accountability test" or the "middle test" for inadvertent waiver. Finally, we reserve our rights on the question of whether there has also been a subject-matter waiver.

        There is no need for further discussion of these issues. We would be happy to make these same points to Judge Collings.

Sincerely,

Jeff E. Butler

NYB 1520928.1

# EXHIBIT G

# BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

### ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

February 10, 2006

<u>Via Facsimile</u>

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, New York 10019-6131

> Re:    Quaak v. Dexia, No. 03-CV-11566-PBS

Dear Jeff:

In the course of investigating the cause of the inadvertent production to Dexia, Plaintiffs have discovered one additional document that was inadvertently produced. This is a two-page document unintentionally included on the hard drive produced to Dexia and appears immediately before the document Bates stamped YPR037753. The document itself does not contain a Bates stamp.

This two-page document was a coding sheet utilized by Plaintiffs' counsel during a document review in November 2003, months after the initial lawsuit was commenced against Dexia. It contains attorney notes on the underlying document and, as such, is opinion work product. While we instructed our document vendor not to copy or scan any such documents, it, nevertheless, was inadvertently scanned as an electronic document.

Given the fact that the document is opinion work product, created after November 2003 and inadvertently produced to Dexia, Plaintiffs demand that Dexia immediately return the documents, as well as destroy any notes, memoranda or other documents you have created concerning the document. Further, pursuant to paragraph 3 of the Stipulation and Proposed Order Governing the Treatment of Confidential Information ("Protective Order"), Plaintiffs designate the document "Confidential" and request that Dexia treat the document as such under the terms of the Protective Order. Finally, Plaintiffs request that Dexia refrain from further review or use of the document until either the parties or the Court can resolve this issue.

## BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Jeff E. Butler, Esq.
February 10, 2006
Page 2 of 2


If, however, you refuse based on the position outlined in your January 30, 2006 letter regarding the other inadvertently produced document, please confirm so in writing and we will bring the matter before Magistrate Judge Collings.


Very truly yours,

Patrick T. Egan


cc:     Patrick Rocco
        Karen C. Dyer
        Steven B. Singer
        Susan M. Davies

# EXHIBIT H

# BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

## ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

February 27, 2006
*Via Facsimile*

Jeff E. Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY  10019-6131

Re:    *Quaak v. Dexia,* 03-CV-11566-PBS

Dear Jeff:

On February 10, I wrote to you requesting the return of a two-page document that was inadvertently produced to Dexia within the "YPR" document production. Later that day, Maryana Kodner sent me a letter forwarding one of the two pages referenced in my letter, but not substantively responding to my letter. I have received no other response from your office.

Unless I hear from you by the close of business Wednesday, March 1, I will assume that Dexia is unwilling to return the inadvertently produced document.

Very truly yours,

Patrick T. Egan

cc:    Peter Saparoff, Esq.
        Patrick L. Rocco, Esq.
        Steven B. Singer, Esq.
        Susan M. Davies, Esq.
        Karen C. Dyer, Esq.

lernout2/c/butler_2-27-06_ypr

# EXHIBIT I

# C L I F F O R D
# C H A N C E

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

Jeff E. Butler

DIRECT TEL 212-878-8205
DIRECT FAX 212-878-8375
jeff.butler@cliffordchance.com

February 28, 2006

VIA FACSIMILE

Patrick T. Egan, Esq.
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109

Re:  *Quaak v. Dexia Bank Belgium*
     *Stonington v. Dexia Bank Belgium*
     *Filler v. Dexia Bank Belgium*
     *Baker v. Dexia Bank Belgium*

Dear Pat:

        This responds to your letters to me regarding the "Document Review Issues List" produced to Dexia among the "YPR" documents.  In our view, this document proves that Plaintiffs did not conduct *any* investigation directed at Artesia or Dexia until sometime in late 2003.  This document is therefore highly relevant to our statute of limitations defense, and we do not believe we are under any obligation to return it.

Sincerely,

Jeff E. Butler

cc:  Patrick Rocco, Esq.
     Steven B. Singer, Esq.
     Karen C. Dyer, Esq.
     Alan Cotler, Esq.
     Susan Davies, Esq.
     Peter M. Saparoff, Esq.

NYB 1522621.1

## **CERTIFICATE OF SERVICE**

I, hereby certify that on this 8th day of March, 2006, a true and correct copy of the foregoing was served via electronic means, upon counsel listed on the attached service list and also via U.S. Mail on counsel for Dexia Bank Belgium identified on the attached list.

___ /s/ George R. Coe_____ ___

## Service List

**Attorneys for Baker Plaintiffs – 04-CV-10501**

Terence K. Ankner
PARTRIDGE, ANKNER & HORSTMANN, LLP
200 Berkeley Street
16th Floor
Boston, MA 02116
Tel: (617) 859-9999
Fax: (617) 859-9998
tka@anknerlaw.com

Alan Cotler
Joan Yue
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-4301
Tel: (215) 851-8100
Fax: (215) 851-1420
acotler@reedsmith.com
jyue@reedsmith.com

**Attorneys for the Class Plaintiffs – 03-CV-11566**

Jeffery C. Block
Patrick T. Egan
BERMAN, DEVALERIO, PEASE, TABACCO, BURT & PUCILLO
One Liberty Square
Boston, MA 02109
Tel: (617) 542-8300
Fax: (617) 542-1194
jblock@bermanesq.com
pegan@bermanesq.com

Curtis L. Bowman
Allen Carney
CAULEY, BOWMAN CARNEY & WILLIAMS, PLLC
P.O. Box 25438
Little Rock, AR 72221
Tel: (501) 312-8500
Fax: (501) 312-8505
cbowman@cauleybowman.com
acarney@cauleybowman.com

Patrick L. Rocco
SHALOV, STONE & BONNER
485 7th Avenue
Suite 1000
New York, NY 10018
Tel: (212) 239-4340
Fax: (212) 239-4310
procco@lawssb.com

**Attorneys for Filler Plaintiffs – 04CV-10477**

Gregory P. Joseph
Susan M. Davies
GREGORY P. JOSEPH LAW OFFICES, LLC
805 Third Avenue, 31st Floor
New York, NY 10022
Tel: (212) 207-1210
Fax: (212) 407-1274

gjoseph@josephnyc.com
sdavies@josephnyc.com

Nicholas Kelley
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114-2925
Tel: (617) 227-7031
Fax: (617) 367-2988
kcs@kcslegal.com

**Attorneys for Stonington Plaintiffs – 04-CV-10411**

Steve Singer
Javier Bleichmar
BERNSTEIN, LITOWITZ, BERGER & GROSSMAN, LLP
1285 Avenue of the Americas
New York NY 10019
Tele: (212) 554-1400
Fax: (212) 554-1444
steven@blbglaw.com
javier@blbglaw.com

Charles P. Kindregan
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
Tel: (617) 951-2800
Fax: (617) 951-2819
ckindregan@lgllp.com

**Attorneys for Defendant Dexia Bank Belgium**

Peter M. Saparoff
Breton T. Leone-Quick
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, PC
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241
psaparoff@mintz.com
bleone-quick@mintz.com

James B. Weidner
Jeff Butler
Amber C. Wessels
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel: 212-878-8000
Fax: 212-878-8375
James.Weidner@cliffordchance.com
Jeff.Butler@cliffordchance.com
Amber.Wessels@cliffordchance.com