# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>      Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>      Plaintiffs,<br><br>      v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>      Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>      Plaintiffs,<br><br>      v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>      Defendants. | No.: 04-CV-10477 (PBS) |

JANET BAKER and JAMES BAKER, JKBAKER
LLC and JMBAKER LLC,

     Plaintiffs,

     v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

     Defendants.

No.:  04-CV-10501 (PBS)

**DECLARATION OF PATRICK T. EGAN
IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
FOR LEAVE TO FILE MOTION PAPERS UNDER SEAL**

PATRICK T. EGAN, declares pursuant to 28 U.S.C. § 1746 that:

1.     I am a member of the law firm of Berman DeValerio Pease Tabacco Burt & Pucillio, co-lead counsel to Lead Class Plaintiffs Hans A. Quaak, Attilio Po, and Karl Leibinger in the above-captioned action *Quaak v. Dexia, S.A.*, No.:  03-CV-11566 (PBS). Unless otherwise indicated, I have personal knowledge of the matters addressed in this declaration.  I am over the age of 18 and am fully competent to testify.

2.     I submit this declaration in support of the motion by plaintiffs in the above-captioned actions ("Plaintiffs") for leave to file under seal the Declaration of Susan M. Davies in Support of Plaintiffs' Motion to Compel Depositions of Dexia Bank Belgium Through Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte, and Nadia van Hove executed on May 3, 2006, together with the exhibits thereto ("Davies Declaration").

3.     On May 3, 2006, after conferring with counsel for Dexia Bank Belgium pursuant to D. Mass. Local Rule 7.1(a)(2), Plaintiffs filed a Motion to Compel the Deposition of Dexia Bank Belgium Through Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte, and Nadia van Hove, a true and correct copy of which is annexed hereto as **Exhibit A**.

4.    Prior to filing the motion to compel, Plaintiffs served a copy of the Davies Declaration on counsel for Dexia Bank Belgium, Jeff E. Butler, Esq., Clifford Chance US LLP, by hand delivery.

5.    The Davies Declaration has not been filed with the Court at this time because it contains evidence, and annexes documents, that Dexia Bank Belgium has produced in discovery as "Confidential Information" subject to the terms of the Stipulation and Order Governing the Treatment of Confidential Information entered in each of the above-captioned actions on May 31, 2005 (the "Confidentiality Order").  A true and correct copy of the Confidentiality Order is annexed hereto as **Exhibit B**.  Under the terms of the Confidentiality Order, memoranda and declarations containing or disclosing discovery materials that the producing party has designated as "Confidential Information" must be filed with the Court under seal.  *See* **Exhibit B** at ¶10.

6.    Without waiving their right to challenge Dexia Bank Belgium's designation of particular information as "Confidential Information," Plaintiffs hereby seek leave to file the Davies Declaration under seal.

Dated:  May 3, 2006

            _____/s/ Patrick T. Egan_____
            PATRICK T. EGAN BBO #637477

EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>      Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>      Plaintiffs,<br><br>      v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>      Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>      Plaintiffs,<br><br>      v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>      Defendants. | No.: 04-CV-10477 (PBS) |

JANET BAKER and JAMES BAKER, JKBAKER
LLC and JMBAKER LLC,

      Plaintiffs,

      v.

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),

      Defendants.

No.:  04-CV-10501 (PBS)

**PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS
OF DEFENDANT DEXIA BANK BELGIUM THROUGH
JEAN-PAUL CLOES, CATHERINE DECOUTERE,
IVAN DE COEN, JORIS VAN HELLEPUTTE, AND NADIA VAN HOVE**

Lead plaintiffs together with plaintiffs Stonington Partners, Inc., Stonington

Capital Appreciation 1994 Fund L.P. and Stonington Holdings, L.L.C., Gary B. Filler and

Lawrence Perlman, Trustees of the TRA Rights Trust, and Janet Baker, James Baker,

JKBaker LLC and JMBaker LLC (collectively the "Plaintiffs") hereby move, pursuant to

Fed. R. Civ. P. 37(d) and Massachusetts Local Rule 37.1, for an order in each of the

above-captioned actions compelling defendant Dexia Bank Belgium ("Dexia") to

produce Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte, and

Nadia van Hove for deposition by Plaintiffs.

In support of this motion, Plaintiffs will submit the May 3, 2006 Declaration of

Susan M. Davies, including exhibits thereto, upon the entry by the Court of orders

authorizing the filing of same under seal in accordance with the terms of the Order

Governing the Treatment of Confidential Information entered in the above-captioned

actions on May 31, 2005.  A motion for leave to file the Davies Declaration under seal

2

will be filed contemporaneously herewith.  A copy of the Davies Declaration will be served on defendant Dexia Bank Belgium contemporaneously with the filing of this motion.

In further support of this motion, Plaintiffs state as follows:

1.      In this multi-action, complex securities fraud litigation, Dexia and Plaintiffs have mutually agreed to increase from ten to twenty-five the number of depositions permitted per side.  Davies Decl. at ¶ 3.  However, Dexia has refused to produce eight of the witnesses Plaintiffs have noticed for deposition.  Three of those witnesses – Piet Cordonnier, Bart Ferrand, and Peter Rabaey – are the subject of a pending motion to compel.  *Id.* at ¶ 6.  The other five – **Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte**, and **Nadia van Hove** – are the subject of the instant motion.  As demonstrated in *Plaintiffs Motion to Compel Dexia Bank Belgium Through Piet Cordonnier, Bart Ferrand, and Peter Rabaey* (the "First Motion") and herein, <u>all of these witnesses possess first hand knowledge of relevant information that is critical to the Plaintiffs' claims against Dexia</u>.

2.      Dexia seeks to deny Plaintiffs discovery of this critical information by relying upon an erroneous, hyper-technical application of Rule 30 of the Federal Rules of Civil Procedure, asserting that these knowledgeable witnesses "are not officers, directors or managing agents of Dexia subject to deposition on notice under rule 30."  *Id.* at ¶¶ 4-5.  Dexia employs this strategy here because all of its employees are located in Belgium beyond the subpoena power of this Court.  If Dexia were allowed to prevail on this erroneous theory, Plaintiffs would have no chance to depose these key Dexia witnesses because depositions are not allowed in Belgium pursuant to letters rogatory.  Dexia's

3

position must fail, however, because as demonstrated both in the First Motion and herein, Dexia's self-serving and unsubstantiated determination that key witnesses cannot be deposed in this litigation – even though their statements unquestionably would qualify as admissions by Dexia under Fed. R. Evid. 801(d)(2)(D) – is contrary to the facts and the applicable case law, and must be rejected by this Court.  As demonstrated in the Davies Declaration, like Piet Cordonnier, Bart Ferrand, and Peter Rabaey, **Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte**, and **Nadia van Hove** are all Dexia's managing agents for purposes of this litigation.

3.    Because the instant motion raises the same legal issue as the First Motion – that is, who qualifies as a managing agent of Dexia for purposes of Rule 30 – Plaintiffs will not reiterate here their legal arguments in support of the First Motion.  Rather, Plaintiffs annex to the accompanying Davies Declaration for the Court's reference the legal memoranda they submitted in support of the First Motion.  Davies Decl. **Exhibits A** and **B**.

4.    In refusing to produce **Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte**, and **Nadia van Hove** for deposition by Plaintiffs, Dexia reiterates the argument it raised in opposition to the First Motion, again without citation to legal authority.  According to Dexia, Rule 30(b)(1) depositions are limited to employees who exercised ultimate decision-making authority with respect to the subject-matter of the litigation.  Davies Decl. at ¶ 35.  However, as explained previously in *Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Joint Motion to Compel Depositions of Dexia Bank Belgium Through Piet Cordonnier*, *Bart Ferrand, and Peter Rabaey* ("Pltffs' Reply Mem."), the case law is directly contrary to Dexia's

4

position.  Pltffs' Reply Mem. at 3-6 (Davies Decl. **Exhibit B**).  It is well-established that

the Court must be guided by the practical considerations identified in *United States v. The*

*Dorothy McAllister*, 24 F.R.D. 316, 318 (S.D.N.Y. 1959) in determining, on a fact-

specific basis, whether a particular employee qualifies as a corporation's managing agent.

*See Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Compel*

*Depositions of Dexia Bank Belgium Through Piet Cordonnier, Bart Ferrand, and Peter*

*Rabaey* ("Pltffs' Mem.") at 4-7, 8-9, 17, 19-20 (Davies Decl. **Exhibit A**).

     5.     Most of the evidence demonstrating that **Jean-Paul Cloes, Catherine**

**Decoutere, Ivan de Coen, Joris van Helleputte, and Nadia van Hove** qualify as

Dexia's managing agents for purposes of this litigation is subject to protective order

requiring it to be filed under seal.  That evidence is described in, and annexed to, the

Davies Declaration, which the Plaintiffs will move to file under seal.  To obviate also

filing this motion under seal, that evidence will not be repeated herein, and the Court is

respectfully requested to refer to the Davies Declaration which demonstrates that the

employees in question:  are loyal to, and subject to the control of, Dexia (Davies Decl.

¶¶ 9, 13, 18, 23, 28); exercised significant discretion and authority with respect to the

subject matter of this litigation (Davies Decl. ¶¶ 10-11, 12, 14-16, 19-21, 24-26, 29-32);

and in the case of at least **Mr. Cloes, Ms. Decoutere**, and **Mr. De Coen** are also the most

senior people at Dexia likely to have the information Plaintiffs seek (Davies Decl. ¶¶ 10-

11, 17, 22).

     6.     Any doubts concerning the status of these individuals must be resolved in

Plaintiffs' favor (*Pltffs' Mem.* (Davies Decl. **Exhibit A**) at 6, 19-20), with the result that

Dexia must be ordered to produce **Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte**, and **Nadia van Hove** for deposition.

**Certification Under Fed. R. Civ. P. 37(a)(2)(b),**
**and Local Rules 7.1(a)(2) and 37.1(b)**

7.      The undersigned counsel hereby certify that, prior to filing this motion counsel for Plaintiffs have conferred with counsel for Dexia in a good faith effort to obtain the relief requested herein, and to narrow the areas of disagreement to the greatest possible extent, without intervention of the Court.  Davies Decl. at ¶¶ 33-35.

WHEREFORE, Plaintiffs respectfully request that this Court enter orders:

(1)    relieving Plaintiffs of the obligation under Local Rule 7.1(b)(1) to file a memorandum of law and declaration in support of the instant motion simultaneously herewith;

(2)    compelling defendant Dexia Bank Belgium to produce Jean-Paul Cloes, Catherine Decoutere, Ivan de Coen, Joris van Helleputte, and Nadia van Hove for deposition by Plaintiffs in the above-captioned actions, and

(3)    for such other and further relief as the Court deems just and proper.

Dated:    May 3, 2006

Respectfully submitted,

BERMAN DEVALERIO PEASE
 TABACCO BURT & PUCILLO
        /s/ Glen De Valerio
Glen DeValerio, BBO # 122010
(gdevalerio@bermanesq.com)
Jeffrey C. Block, BBO #600747
Patrick T. Egan, BBO # 637477
One Liberty Square
Boston, MA 02109
Telephone:  (617) 542-8300

SHALOV STONE & BONNER LLP
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone: (212) 239-4340

CAULEY BOWMAN CARNEY & WILLIAMS PLLC
Allen Carney
11001 Executive Center Drive, Suite 200
P.O. Box 25438
Little Rock, Arkansas 722125438
Telephone: (501) 312-8500

**CO-LEAD COUNSEL TO LEAD CLASS
PLAINTIFFS HANS A. QUAAK, ATTILIO PO
and KARL LEIBINGER**


BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP
        /s/ Avi Josefson
Max W. Berger
Steven B. Singer
Avi Josefson
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400

LOONEY & GROSSMAN LLP
Richard J. Grahn, BBO #206620
(rgrahn@lgllp.com)
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800

**COUNSEL TO PLAINTIFFS STONINGTON
PARTNERS, INC., STONINGTON CAPITAL
APPRECIATION 1994 FUND L.P. AND
STONINGTON HOLDINGS L.L.C.**

GREGORY P. JOSEPH LAW OFFICES LLC
          /s/ Susan M. Davies
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
Third Avenue, 31st Floor
New York, NY  10022
Telephone:  (212) 407-1200

KOTIN, CRABTREE & STRONG
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone:  (617) 227-7031

**COUNSEL TO PLAINTIFFS GARY B. FILLER and
LAWRENCE PERLMAN, Trustees of the
TRA Rights Trust**


PARTRIDGE, ANKNER & HORSTMAN LLP
          /s/ Terrence K. Ankner
Terrence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone:  (617) 859-9999

BOIES SCHILLER & FLEXNER
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida  32801
Telephone:  (407) 425-7118

REED SMITH LLP
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone:  (215) 851-8100


**COUNSEL TO PLAINTIFFS JANET BAKER,
JAMES BAKER, JKBAKER LLC and
JMBAKER LLC,**

## **CERTIFICATE OF SERVICE**

I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

_____/s/ Susan M. Davies_____
N.Y. Attorney Registration # 2413508

EXHIBIT B

# United States District Court
# District of Massachusetts

HANS A. QUAAK,
ATTILIO PO,
KARL LEIBINGER, on behalf of
     themselves and those similarly situated,
         Plaintiffs,

v.                                    Civil Action No.: 03-11566-PBS

DEXIA, S.A.,
DEXIA BANK BELGIUM
     (formerly known as ARTESIA BANKING
     CORP., SA),
         Defendants.

_____

STONINGTON PARTNERS, INC., a Delaware
     Corporation,
STONINGTON CAPITAL
     APPRECIATION 1994 FUND L.P., a Delaware
     Partnership,
STONINGTON HOLDINGS,
     L.L.C., a Delaware limited liability company,
         Plaintiffs,

v.                                    Civil Action No.: 04-10411-PBS

DEXIA, S.A.,
DEXIA BANK BELGIUM
     (formerly known as ARTESIA BANKING
     CORP., SA),
         Defendants.

_____

GARY B. FILLER,
LAWRENCE PERLMAN, Trustees of the
     TRA Rights Trust,
         Plaintiffs,
v.                                                              Civil Action No.: 04-10477-PBS

DEXIA, S.A.,
DEXIA BANK BELGIUM
     (formerly known as ARTESIA BANKING
     CORP., SA),
         Defendants.

_____

JANET BAKER,
JAMES BAKER,
JKBAKER LLC,
JMBAKER LLC,
         Plaintiffs,

v.                                                              Civil Action No.: 04-10501-PBS

DEXIA, S.A.,
DEXIA BANK BELGIUM
     (formerly known as ARTESIA BANKING
     CORP., SA),
         Defendants.

# STIPULATION AND ORDER GOVERNING
# THE TREATMENT OF CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the

parties to the above-captioned actions (the "Action") that, subject to the approval of the

Court, this Stipulation and Proposed Order shall govern the handling of documents and

2

any deposition testimony, deposition exhibits, interrogatory responses, admissions, and any other information produced or given by a party or non-party in connection with discovery in the Action (such information is hereinafter referred to as "Discovery Material").

1. Discovery Material, or information derived therefrom, shall be used solely for prosecution or defense of the Action (including any appeals) and shall not be used for any other purpose.

2. "Confidential Information" as used herein means trade secrets or other confidential research, development or commercial information entitled to confidential treatment pursuant to Fed. R. Civ. P. 26(c)(7) and personal information protected under Belgian privacy law or any other relevant law. Use of Confidential Information during pretrial proceedings in the Action shall be governed by this Stipulation and Order.

3. All documents produced, given or otherwise disclosed by any party or non-party (hereinafter the "Party" or "Parties"), including documents, responses to document requests, interrogatory answers, answers to requests for admissions and any other document produced pursuant to the Federal Rules of Civil Procedure or Local Rules of this Court, which the producing Party in good faith believes contain Confidential Information, shall be designated as confidential by the producing Party at the time of production by means of a "CONFIDENTIAL" stamp or legend placed on each page containing Confidential Information.

4.      (a) Deposition testimony that counsel for the producing Party providing such testimony, in good faith, believes contains Confidential Information shall

3

be designated as Confidential by counsel making a statement for inclusion in the

deposition transcript and, within ten (10) business days after receipt of the transcript, by

counsel designating by page and line, the Confidential Information contained in the

deposition transcript by means of a "CONFIDENTIAL" stamp or legend. When

Confidential Information is designated in a deposition transcript, the Party making the

designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT

CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and

to include, at the front of the transcript, a page identifying all pages and lines designated

CONFIDENTIAL in the transcript.

(b) Any magnetic media (e.g., videotape or computer disk) containing

portions of a deposition transcript which have been designated Confidential shall be

labeled with a "CONFIDENTIAL" legend.

5.    (a) At any proceeding before the Court in connection with the Action,

counsel for the parties to the Action may, subject to the rules of evidence, disclose or

refer to Confidential Information, unless otherwise ordered by the Court.

(b) Counsel may send courtesy copies of documents containing

Confidential Information to the Court so long as the envelope containing such documents

indicates that the envelope contains Confidential Information subject to this Stipulation

and Order.

6. Confidential Information shall be used solely for purposes of the Action

(including any appeals), unless otherwise agreed to in advance by the producing Party or

ordered by the Court and shall not be used for any business or competitive purpose

4

whatsoever.

7. Confidential Information may be disclosed or made available by counsel of record for the party to the Action receiving such information to the following "Qualified Persons" as defined herein. For purposes of this Stipulation and Order, "Qualified Persons" means:

a. the Court (and any appellate court), including court personnel;

b. court reporters;

c. counsel of record to the parties to the Action, including the paralegal, clerical, secretarial, and other persons employed or retained by such counsel;

d. the parties to the Action;

e. entities engaged by counsel of record in the Action to perform photocopying, scanning, database, and other document management services for purposes of the Action; outside photocopying services;

f. experts, advisors or consultants (including their employees and support staff) retained by counsel of record in the Action;

g. potential, anticipated or actual witnesses; and

h. any mediator or arbitrator engaged by the parties to the Action.

8. Prior to the disclosure of Confidential Information to any Qualified Person defined in paragraph 7(f) and 7(g), counsel of record for the party to the Action proposing to make such disclosure shall ensure that a copy of this Stipulation and Order has been delivered to such person, and that its terms have been explained to such person and shall require such person to sign an Undertaking in a form substantially identical to

5

Exhibit A hereto, except that witnesses at depositions and trial may be shown confidential information regardless of whether they have signed Exhibit A. The executed Undertaking shall be maintained by counsel making such disclosure and shall not be discoverable except upon order of the Court for good cause shown.

9. Nothing herein shall preclude the dissemination of documents containing Confidential Information among plaintiffs' counsel and their paralegals, clerical and secretarial employees.

10. When affidavits, briefs, memoranda or other documents containing or disclosing Confidential Information are filed with the Court, they shall be placed in sealed envelopes or other appropriately sealed containers which shall bear the caption of the Action and a notation to the effect that the information contained therein is Confidential and is subject to this Stipulation and Order, and may be examined only in accordance with the terms of the Stipulation and Order.

11. Any Party to the Action to whom Confidential Information is produced or disclosed may object at any time to the "Confidential" designation. The objection shall be made in writing to counsel for the producing Party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the written objection, the designating Party shall move the Court to confirm the "Confidential" designation. Failure to make such motion in a timely fashion shall constitute a waiver of the "CONFIDENTIAL" designation.

12. Counsel for any party to the Action shall not be obligated to challenge the

6

propriety of any Confidential designation. Failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

13. Nothing herein shall prevent any party to the Action who has received Confidential Information pursuant to this Stipulation and Order from producing such Confidential Information in response to a lawful subpoena or other compulsory process; provided that any party receiving such subpoena or process (i) shall as soon as reasonably practical give notice thereof to the producing Party by telephone or facsimile and shall furnish the producing Party with a copy of the subpoena or other compulsory process so as to afford the producing Party a reasonable opportunity to seek a protective order; and (ii) if application for a protective order is made promptly before the return date, shall not produce such Confidential Information prior to receiving a court order or the consent of the producing Party.

14. Compliance with the terms of this Stipulation and Order shall not operate as an admission that any particular document or information is or is not confidential.

15. The entry of this Stipulation and Order does not waive any rights the parties to the Action may have to object on any grounds to the use of any Confidential Information as evidence at any trial or hearing in this Action. Disclosure of any Confidential Information by any person or in any manner not permitted by this Stipulation and Order shall not result in a waiver of or otherwise limit the right of the Parties to enforce the provisions of this Stipulation and Order. Nothing contained herein shall constitute a waiver by any party to the Action of the right to claim that information designated by any Party as Confidential is not, in fact, confidential.

7

16. Nothing contained herein shall operate to prevent any Party to the Action from disclosing its own Confidential Information.

17. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party to the Action of documents or information obtained independently of the discovery proceedings in this Action.

18.    (a) All Confidential Information and all copies thereof shall be destroyed or returned to counsel for the producing Party within ninety (90) days after the conclusion of the Action or Actions to which the recipient of the information is a party, including appeals, except that counsel of record may retain for their files copies of any of their own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits, which contain Confidential Information.

(b) Counsel shall continue to be subject to the terms of this Stipulation and Order with regard to any such retained documents.

19. Nothing herein shall affect the producing Party's obligation to show "good cause" for the protection of information under Fed. R. Civ. P. 26(c) in the event there is a dispute with respect to such producing Party's designation of documents or information as confidential.

20. Any party to the Action may apply to the Court for an order modifying this Stipulation and Order, and nothing in this Stipulation and Order shall be deemed to prevent such application. This Stipulation and Order may also be modified with the consent of all parties hereto or may be modified by the Court on its own motion, and

nothing in this Stipulation and Order shall be deemed to prevent such modification.

_____

Dated: May 16, 2005 STIPULATED AND AGREED TO BY:

**LEAD PLAINTIFFS HANS A. QUAAK,**
**ATTILIO PO and KARL LEIBINGER**
By their counsel,
/s/ Glen DeValerio
Glen DeValerio, BBO # 122010 (gdevalerio@bermanesq.com)
Jeffrey C. Block, BBO #600747
Patrick T. Egan, BBO # 637477
Nicole R. Starr, BBO #654848
BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300


SHALOV STONE & BONNER
Lee S. Shalov
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 10000
New York, New York 10018
Telephone: (212) 239-4340


CAULEY BOWMAN CARNEY & WILLIAMS
Curtis L. Bowman,
Allen Carney
11001 Executive Center Drive, Suite 200
P.O. Box 25438
Little Rock, Arkansas 722125438
Telephone: (501) 312-8500

9

**DEFENDANT DEXIA BANK BELGIUM**
By its counsel,
/s/ Peter Saparoff
Peter Saparoff, BBO # 441740 (psaparoff@mintz.com)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000


CLIFFORD CHANCE US LLP
James B. Weidner
Jeff E. Butler
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000


**PLAINTIFFS STONINGTON PARTNERS,
INC., STONINGTON CAPITAL
APPRECIATION 1994 FUND L.P. AND
STONINGTON HOLDINGS L.L.C.**
By their counsel,
/s/ Richard J. Grahn
Richard J. Grahn, BBO #206620 (rgrahn@lgllp.com)
Charles P. Kindregan, BBO #554947
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800


BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP
Max W. Berger
Steven B. Singer
Erik Sandstedt
Javier Bleichmar
Avi Josefson
1285 Avenue of the Americas
New York, NY 10019

10

Telephone: (212) 554-1400


**PLAINTIFFS GARY B. FILLER and
LAWRENCE PERLMAN, Trustees of the
TRA Rights Trust**
By their counsel,
/s/ Gregory P. Joseph
Gregory P. Joseph, N.Y. Atty Reg. #1645852
(gjoseph@josephnyc.com)
GREGORY P. JOSEPH LAW OFFICES LLC
Third Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 407-1200


KOTIN, CRABTREE & STRONG
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone: (617) 227-7031


**PLAINTIFFS JANET BAKER, JAMES
BAKER, JKBAKER LLC and JMBAKER LLC,**
By their counsel,
/s/ Terrence K. Ankner
Terrence K. Ankner, BBO #552469 (tka@anknerlaw.com)
PARTRIDGE, ANKNER & HORSTMAN LLP
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone: (617) 859-9999


BOIES SCHILLER & FLEXNER
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida 32801
Telephone: (407) 425-7118


11

REED SMITH LLP
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone: (215) 851-8100

**STIPULATION APPROVED AND ENTERED AS AN ORDER OF THE COURT**,

*/s/ Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

May 31, 2005.

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

HANS A. QUAAK, ATTILIO PO
and KARL LEIBINGER, on behalf of
themselves and those similarly situated,
      Plaintiffs,

v.                              Civil Action No.: 03-11566 (PBS)

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),
      Defendants.

_____

STONINGTON PARTNERS, INC., a Delaware
Corporation, STONINGTON CAPITAL
APPRECIATION laware limited liability company,
      Plaintiffs,

v.                              Civil Action No.: 04-10411 (PBS)

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),
      Defendants.

_____

GARY B. FILLER and LAWRENCE
PERLMAN, Trustees of the TRA Rights Trust,
      Plaintiffs,

v.                              Civil Action No.: 04-10477 (PBS)

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),
      Defendants.

_____

14

JANET BAKER and JAMES BAKER,
JKBAKER LLC and JMBAKER LLC,
     Plaintiffs,

v.                            Civil Action No.: 04-10501 (PBS)

DEXIA, S.A. and DEXIA BANK BELGIUM
(formerly known as ARTESIA BANKING
CORP., SA),
     Defendants.

## EXHIBIT A

## AGREEMENT TO BE BOUND BY
## CONFIDENTIALITY STIPULATION AND ORDER

1.     My name is _____.(Please print)

2.     I have read, understand and will comply with the terms of the Stipulation and Order

     entered in this Action.

3.     I will not use any Confidential Information, as defined in the Stipulation and Order,

     for any purpose other than assisting plaintiffs/defendants (circle one) and their counsel

     in the preparation and presentation of their case.

4.     I will not in any way disclose, discuss or exhibit any Confidential Information, except

     to those persons whom I know are authorized to have access to such Confidential

     Information under the terms of the Stipulation and Order.


                                     _____
                                          Signature

DATED: _____.

15