**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>                    Plaintiffs,<br><br>          v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>                    Defendants. | No.:  04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>                    Plaintiffs,<br><br>          v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>                    Defendants. | No.:  04-CV-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>                    Plaintiffs,<br><br><br>          v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>                    Defendants. | No.:  04-CV-10501 (PBS) |

**NOTICE OF TRANSACTIONAL PLAINTIFFS' JOINDER IN
LEAD PLAINTIFFS' MOTION TO COMPEL DOCUMENTS DEFENDANT
CLAIMS ARE SUBJECT TO PSLRA DISCOVERY STAY AND
TO PREVENT DEFENDANT FROM UNILATERALLY DELAYING TRIAL DATE**

Plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund

L.P. and Stonington Holdings, L.L.C., Gary B. Filler and Lawrence Perlman, Trustees of

the TRA Rights Trust, and Janet Baker, James Baker, JKBaker LLC and JMBaker LLC

(collectively "Transactional Plaintiffs"), by their undersigned counsel, hereby join in the

1

*Motion to Compel Documents Defendant Claims Are Subject to PSLRA Discovery Stay*

*and to Prevent Defendant from Unilaterally Delaying Trial Date* being filed

contemporaneously herewith in *Quaak v. Dexia, S.A.,* No. 03-CV-11566 (PBS).

In support of joinder, Transactional Plaintiffs state as follows:

1.       Transactional Plaintiffs have coordinated their discovery efforts in the

above-captioned actions among themselves and with the Lead Plaintiffs in *Quaak v.*

*Dexia, S.A.,* No. 03-CV-11566 (PBS).  Specifically, Transactional Plaintiffs have not

served on defendant Dexia Bank Belgium ("Dexia") any requests for production of

documents separate and apart from the two requests served by Lead Plaintiffs on April 6,

2005 and March 31, 2006.  In this respect, Transactional Plaintiffs and Lead Plaintiffs

have acted consistently with Judge Saris' order in the related *In re Lernout & Hauspie*

*Sec. Litig.*, No. 00-11589-PBS that "all depositions and all discovery counts in all cases."

Hearing Transcript Feb. 13, 2003 at p. 32.

2.       The documents sought in *Lead Plaintiffs' Second Request for the*

*Production of Document from Defendant Dexia Bank Belgium* are relevant to the

Transactional Plaintiffs' claims against Dexia that are not subject to a pending motion to

dismiss and as to which the PSLRA stay does not apply.  For the reasons set forth in *Lead*

*Plaintiffs' Memorandum in Support of Their Motion to Compel Documents Defendant*

*Claims Are Subject to PSLRA Discovery Stay and to Prevent Defendant from Unilaterally*

*Delaying Trial Date*, which is incorporated herein by reference, the requested documents

are relevant to, among other things, whether Dexia acted knowingly, willfully and/or

recklessly to defraud Transactional Plaintiffs, and to conspire with and aid and abet L&H,

Jo Lernout, Pol Hauspie, and Nico Willaert in defrauding Transactional Plaintiffs.

Consistent with this Court's decision in *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp.

2d 100 (2002), this discovery is not subject to the PSLRA stay merely because the

documents sought are also relevant to other claims – alleged in Lead Plaintiffs' Third

Amended Complaint – that are subject to a pending motion to dismiss.  214 F. Supp. at

107 (allowing discovery during the pendency of a motion to dismiss, where the discovery

related to "claims and issues" that had been sustained).

WHEREFORE, for the reasons set forth herein and more fully set forth in the

*Motion to Compel Documents Defendant Claims Are Subject to PSLRA Discovery Stay*

*and to Prevent Defendant from Unilaterally Delaying Trial Date* being filed

contemporaneously herewith in *Quaak v. Dexia, S.A.,* No. 03-CV-11566 (PBS), the

Transactional Plaintiffs respectfully request that such motion be GRANTED.

Dated:  May 12, 2006

> BERNSTEIN LITOWITZ BERGER &
> GROSSMANN LLP
> _____/s/ Avi Josefson_____
> Max W. Berger
> Steven B. Singer
> Avi Josefson
> (avi@blbglaw.com)
> 1285 Avenue of the Americas
> New York, NY 10019
> Telephone:  (212) 554-1400
>
> LOONEY & GROSSMAN LLP
> Richard J. Grahn, BBO #206620
> (rgrahn@lgllp.com)
> Charles P. Kindregan, BBO #554947
> 101 Arch Street
> Boston, MA 02110
> Telephone:  (617) 951-2800
>
> **COUNSEL TO PLAINTIFFS STONINGTON
> PARTNERS, INC., STONINGTON CAPITAL
> APPRECIATION 1994 FUND L.P. AND
> STONINGTON HOLDINGS L.L.C.**

GREGORY P. JOSEPH LAW OFFICES LLC
        /s/ Susan M. Davies
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
Third Avenue, 31st Floor
New York, NY  10022
Telephone:  (212) 407-1200

KOTIN, CRABTREE & STRONG
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone:  (617) 227-7031

**COUNSEL TO PLAINTIFFS GARY B. FILLER and
LAWRENCE PERLMAN, Trustees of the
TRA Rights Trust**


PARTRIDGE, ANKNER & HORSTMAN LLP
        /s/ Terrence K. Ankner
Terrence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone:  (617) 859-9999

BOIES SCHILLER & FLEXNER
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida  32801
Telephone:  (407) 425-7118

REED SMITH LLP
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone:  (215) 851-8100

**COUNSEL TO PLAINTIFFS JANET BAKER,
JAMES BAKER, JKBAKER LLC and
JMBAKER LLC,**

4

5

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

_____/s/ Susan M. Davies_____
N.Y. Attorney Registration # 2413508