EXHIBIT J

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.),<br><br>Defendants. | Civil Action No. 03-Civ-11566 (PBS) |

### DEXIA BANK BELGIUM'S RESPONSES AND OBJECTIONS
### TO LEAD PLAINTIFFS' THIRD SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, defendant Dexia Bank Belgium ("Dexia") responds as follows to Lead Plaintiffs' Third Set of Interrogatories dated December 5, 2005.

### GENERAL OBJECTIONS

1. Dexia objects to each Interrogatory, Instruction or Definition to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Dexia objects to each Interrogatory, Instruction or Definition to the extent that it is overly broad, unduly burdensome, duplicative or seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

3. Dexia objects to each Interrogatory, Instruction or Definition to the extent that it is vague, ambiguous or does not identify with particularity the information sought.

NYB 1520081.1

4. Dexia objects to each Interrogatory, Instruction or Definition to the extent that it would impose undue burden or expense on Dexia.

5. Dexia objects to each Interrogatory, Instruction or Definition to the extent that it seeks information in the possession, custody or control of Plaintiffs.

6. Dexia objects to each Interrogatory, Instruction or Definition to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, work product doctrine or other applicable privileges.

7. Dexia objects to each Interrogatory, Instruction or Definition to the extent that it calls for information that is obtainable by Plaintiffs from public sources or other sources that are also available to Plaintiffs.

8. Dexia objects to each Interrogatory, Instruction or Definition to the extent that it calls for a legal opinion or for an opinion on a mixed question of law and fact.

9. Dexia's investigation of the facts relevant to this action and review of relevant documents is continuing. Dexia reserves the right to amend, modify, or supplement the Responses set forth herein to the extent required or permitted under Rule 26 of the Federal Rules of Civil Procedure. Dexia further reserves the right to rely on any facts, documents or other evidence that may develop or come to its attention at a later date.

## SPECIFIC OBJECTIONS AND RESPONSES

Interrogatory No. 9

With regard to each of the following transactions, state: (i) the earliest point in time (*i.e.*, the date) at which a reasonably diligent investor who had purchased Lernout and Hauspie Speech Products, N.V. stock during August 19, 1998 through November 9, 2000 should have discovered facts sufficient under applicable law and rules to support the assertion of a good faith claim against Dexia for violation(s) of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, (ii) each and every such fact a reasonably diligent investor should have discovered; (iii) the date(s) a reasonably diligent investor should have discovered each such fact; (iv) the reasons why a reasonably diligent investor should have discovered each such fact; and

(v) any and all actions, and the date(s) of such actions, that a reasonably diligent investor should have taken which would have led to the discovery of each such fact.

    a.    Dexia's provision of financing to Dictation Consortium N.V.;

    b.    Dexia's organization and management of a private placement of common stock of Vasco Data Security International, in or about March-April, 1999;

    c.    Dexia's provision of financing to Radial Belgium N.V.;

    d.    Dexia's provision of financing to Language Investment Co.; and

    e.    Dexia's provision of a personal line of credit to Jo Lernout, Pol Hauspie and Nico Willaert, on or about June 25, 1999.

<u>Response to Request No. 9</u>

Dexia objects to this Interrogatory to the extent it calls for a legal conclusion, or for interpretation of legal terms such as "reasonably diligent investor" and "good faith claim." Dexia assumes, for purposes of its response, that Plaintiffs are "reasonably diligent investors" and that claims made by Plaintiffs in this litigation are "good faith claims." Dexia objects to this Interrogatory as premature because Dexia's investigation of relevant facts is continuing. Dexia reserves the right to amend its response based on its continuing investigation and analysis of relevant facts. Without waiving the foregoing objections or the General Objections, Dexia responds as follows:

    a.    A reasonably diligent investor could have or should have discovered the facts alleged by Plaintiffs concerning Dexia's involvement in the provision of financing to Dictation Consortium N.V. ("Dictation Consortium") on or before December 2000. The facts supporting this statement are as follows. *First*, Plaintiffs have asserted in the Second Amended Complaint that Dictation Consortium was part of a "fraudulent scheme" by L&H under Section 10(b) and Rule 10b-5. Am. Compl. ¶ 77-81. *Second*, Plaintiffs claim that they "first obtained information in or about December 2000 tending to show that the fraudulent scheme, acts, practices[,] course

3

of business statements and omissions of material facts to artificially inflate the revenue and stock price of L&H included transactions specific to Dictation Consortium and to Brussels Translation Group." Class Plaintiffs' Responses and Objections to Dexia Bank Belgium's Second Set of Interrogatories, Response to Interrogatory No. 13(a). *Third*, a Belgian publication called *Trends* published an article on June 18, 1998, describing the Dictation Consortium transaction and revealing that Paribas, a predecessor of Artesia Banking Corporation and Dexia, loaned money to Dictation Consortium. *See Flanders Language Valley en LHSP: "Cosmetische" verkoop Dictation Consortium,* TRENDS, June 18, 1998.

Based on these facts, a reasonable investor could or should have reviewed Belgian news publications, including *Trends*, for information concerning Dictation Consortium and could or should have read the article revealing that Paribas provided funding for the Dictation Consortium transaction. This information could or should have been sufficient to make the allegations concerning Dictation Consortium that are contained in the Amended Complaint on or before December 2000.

    b.    A reasonably diligent investor could have or should have discovered the facts alleged by Plaintiffs concerning Dexia's involvement in the organization and management of a private placement of common stock of Vasco Data Security International ("Vasco") on or before April 20, 1999. The facts supporting this statement are as follows. *First*, Plaintiffs have asserted a claim under Section 10(b) and Rule 10b-5 against Dexia based on the Vasco private placement. *See* Class Plaintiffs' Responses and Objections to Dexia Bank Belgium's Second Set of Interrogatories, Response to Interrogatory No. 11. *Second*, the Amended Complaint describes Dexia's conduct with respect to the Vasco transaction as follows: "At the behest of Lernout & Hauspie, defendant Artesia organized and managed a private placement of Vasco stock which

4

raised $11.5 million." Am. Compl. ¶ 124-25. *Third*, Vasco issued a press release in April 1999 stating that it "had raised $11.5 million through a private placement of common stock . . . organized and managed by Artesia Bank." *See Vasco Data Security Announces $11.5 Million in New Capital*, PR NEWSWIRE, April 20, 1999. *Fourth*, Plaintiffs have indicated that they reviewed *PR Newswire*, among other publications, as part of their investigation of potential claims against Dexia. *See* Class Plaintiffs' Amended Responses to Dexia Bank Belgium's First Interrogatories, Response to Interrogatory No. 5.

Based on these facts, a reasonable investor could or should have reviewed relevant news publications, including *PR Newswire*, for information concerning Vasco and could or should have read the Vasco press release revealing that Artesia organized and managed the private placement for Vasco. This information could or should have been sufficient to make the allegations concerning the Vasco private placement that are contained in the Amended Complaint on or before April 20, 1999.

    c.    A reasonably diligent investor could have or should have discovered the facts alleged by Plaintiffs concerning Dexia's involvement in the provision of financing to Radial Belgium N.V. ("Radial") on or before April 24, 2001. The facts supporting this statement are as follows. *First*, Plaintiffs have asserted a claim under Section 10(b) and Rule 10b-5 against Dexia based on the Radial transaction. *See* Class Plaintiffs' Responses and Objections to Dexia Bank Belgium's Second Set of Interrogatories, Response to Interrogatory No. 11. *Second*, the Amended Complaint describes Dexia's conduct with respect to Radial as follows: "Following the model established by the Dictation and BTG transactions, Artesia provided L&H and the Senior Officers with funding for the LDCs and CLDCs in order to expand L&H's generation of fictitious revenue." Am. Compl. ¶ 97. *Third*, Plaintiffs claim that they "first obtained

information, in or about Summer 2000, tending to show that the fraudulent scheme, acts, practices, course of business, statements and omissions of material facts to artificially inflate the revenue and stock price of L&H included transactions regarding the Language Development Companies." Class Plaintiffs' Responses and Objections to Dexia Bank Belgium's Second Set of Interrogatories, Response to Interrogatory No. 13(b). *Fourth*, a Belgian publication called *L'Echo* published an article on April 24, 2001, describing the role of Radial in forming the LDCs and revealing that Artesia provided "half" the financing for one or more LDCs. *See Artesia Co-Financed the First L&H Language Development Companies*, L'ECHO, April 24, 2001. *Fifth*, Plaintiffs have indicated that they reviewed *L'Echo*, among other Belgian publications, as part of their investigation of potential claims against Dexia. *See* Class Plaintiffs' Amended Responses to Dexia Bank Belgium's First Interrogatories, Response to Interrogatory No. 5.

Based on these facts, a reasonable investor could or should have reviewed relevant news publications, including *L'Echo*, for information concerning Radial and, on April 24, 2001, could or should have read the article revealing that Artesia provided funding for one or more LDCs through or in conjunction with Radial. This information could or should have been sufficient to make the allegations concerning Radial that are contained in the Amended Complaint.

  d. A reasonably diligent investor could have or should have discovered the facts alleged by Plaintiffs concerning Dexia's involvement in the provision of financing to Language Investment Co. ("LIC") on or before April 24, 2001. The facts supporting this statement are as follows. *First*, Plaintiffs have asserted a claim under Section 10(b) and Rule 10b-5 against Dexia based on the LIC transaction. *See* Class Plaintiffs' Responses and Objections to Dexia Bank Belgium's Second Set of Interrogatories, Response to Interrogatory No. 11. *Second*, the Amended Complaint describes Dexia's conduct with respect to LIC as follows: "Following the

6

model established by the Dictation and BTG transactions, Artesia provided L&H and the Senior Officers with funding for the LDCs and CLDCs in order to expand L&H's generation of fictitious revenue." Am. Compl. ¶ 97. *Third*, Plaintiffs claim that they "first obtained information, in or about Summer 2000, tending to show that the fraudulent scheme, acts, practices, course of business, statements and omissions of material facts to artificially inflate the revenue and stock price of L&H included transactions regarding the Language Development Companies." Class Plaintiffs' Responses and Objections to Dexia Bank Belgium's Second Set of Interrogatories, Response to Interrogatory No. 13(b). *Fourth*, a Belgian publication called *L'Echo* published an article on April 24, 2001, describing the role of LIC in forming the LDCs and revealing that Artesia provided "half" the financing for one or more LDCs. *See Artesia Co-Financed the First L&H Language Development Companies*, L'ECHO, April 24, 2001. *Fifth*, Plaintiffs have indicated that they reviewed *L'Echo*, among other Belgian publications, as part of their investigation of potential claims against Dexia. *See* Class Plaintiffs' Amended Responses to Dexia Bank Belgium's First Interrogatories, Response to Interrogatory No. 5.

Based on these facts, a reasonable investor could or should have reviewed relevant news publications, including *L'Echo*, for information concerning LIC and, on April 24, 2001, could or should have read the article revealing that Artesia provided funding for one or more LDCs through or in conjunction with LIC. This information could or should have been sufficient to make the allegations concerning LIC that are contained in the Amended Complaint.

  e.  Dexia does not yet have sufficient information to state the earliest time at which a reasonably diligent investor could or should have learned facts sufficient to make the allegations in the Amended Complaint concerning the personal line of credit to Jo Lernout, Pol Hauspie and Nico Willaert, on or about June 25, 1999.

7

Dated: January 18, 2006

                CLIFFORD CHANCE US LLP

By: _____
                James B. Weidner
                Jeff E. Butler
31 West 52nd Street
New York, NY 10019-6131
Tel:   (212) 878-8000
Fax:  (212) 878-8375

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO
       Peter M. Saparoff (BBO#567379)
       Breton Leone-Quick (BBO#391000)
One Financial Center
Boston, MA 02111
Tel:   (617) 542-6000
Fax:  (617) 542-2241

Counsel for Dexia Bank Belgium

8

NYB 1520081.1

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of Dexia Bank Belgium's Responses and Objections to Lead Plaintiffs' Second Set of Interrogatories were served upon the following parties by facsimile and first class mail on January 18, 2006:

BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
Glen DeValerio
Jeffrey C. Block
Patrick T. Egan
One Liberty Square
Boston, MA 02109
(617) 542-8300
Fax (617) 542-1194

SHALOV, STONE & BONNER LLP
Lee S. Shalov
James Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 100
New York, NY 10018
(212) 239-4340
Fax (212) 239-4310

CAULEY BOWMAN CARNEY & WILLIAMS, PLLC
Steven E. Cauley
Curtis L. Bowman
11311 Arcade Drive, Suite 200
Little Rock, AK 72212
(501) 312-8500
Fax (501) 312-8505
*Counsel for Class Plaintiffs*

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Max W. Berger
Steven B. Singer
Javier Bleichmar
Avi Josefson
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400
Fax (212) 554-1444
*Counsel for Plaintiffs Stonington Partners, Inc.,*
*Stonington Capital Appreciation 1994 Fund L.P.*
*and Stonington Holdings, L.L.C.*

GREGORY P. JOSEPH LAW OFFICES LLC
Gregory P. Joseph
Susan M. Davies
805 Third Avenue, 31st Floor
New York, NY 10022
(212) 407-1200
Fax (212) 407-1299
*Counsel for Plaintiffs Gary B. Filler and Lawrence Perlman,*
*Trustees for the TRA Rights Trust*

BOIES, SCHILLER & FLEXNER LLP
Karen C. Dyer
George R. Coe
255 South Orange Avenue, Suite 905
Orlando, FL 32801
(407) 425-7118
Fax (407) 425-7047
*Counsel for Plaintiffs Janet Baker, James Baker, JKBaker LLC, and JMBaker LLC*

Dated: January 18, 2006

_____
Kara Morrow

2

NYB 1520081.1

AS TO ANSWERS:

## VERIFICATION

Willy Van Cauwelaert, deposes and says:

I am Director of the Legal Department at Dexia Bank Belgium and I have the authority to make this Verification on behalf of Dexia Bank Belgium. To the best of my current knowledge, information and belief, the foregoing Dexia Bank Belgium's Responses and Objections to Lead Plaintiffs' Third Set of Interrogatories is true and correct. Dexia Bank Belgium reserves its right to supplement or revise its Responses based upon any subsequently-discovered documents or information.

I, Willy Van Cauwelaert, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: April 27, 2006.

_____
Willy Van Cauwelaert

NYB 1527657.1