# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| X | |
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.),<br><br>     Defendants. | Civil Action No. 03-Civ-11566 (PBS) |

## LEAD PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM DEFENDANT DEXIA BANK BELGIUM

Pursuant to Fed. R. Civ. P. 26, 33 and 34, the Local Rules of the District of Massachusetts, Lead Plaintiffs Hans A. Quaak, Karl Leibinger and Attilio Po ("Lead Plaintiffs") hereby request that Defendant Dexia Bank Belgium produce the following documents at the offices of Berman DeValerio Pease Tabacco Burt & Pucillo, One Liberty Square, 8th Floor, Boston, Massachusetts within thirty (30) days after service of this request.

## I.    DEFINITIONS AND RULES OF CONSTRUCTION

1.    <u>Local Rule 26.5(c)</u>.  Local Rule, D. Mass. 26.5(c) deems the following definitions to be incorporated herein by reference:

"Communication" The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

"Concerning" The term "concerning" means referring to, describing, evidencing, or

constituting.

"Document" The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. Fed. R. Civ. P. 34(a) defines "documents" as including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.[1]

"Identify" (With Respect to Documents) When referring to documents, "to identify" means to give, to the extent known, the

> (a) type of document;
>
> (b) general subject matter;
>
> (c) date of the document; and
>
> (d) author(s), addressee(s), and recipient(s).

"Identify" (With Respect to Persons) When referring to a person, "to identify" means to give, to the extent known, the person's

> (a) full name;
>
> (b) present or last known address; and, when referring to a natural person,
>
> (c) the present or last known place of employment.

Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

---

[1] Thus, "document" shall include all electronic data.

2

"Parties"  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

"Person"  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

2.    **Other Definitions and Abbreviations**.  The following definitions apply to the discovery requests set forth herein:

"A&O" means: (a) for periods including and after January 1, 2001, the international law firm Allen & Overy, and each of its current and former partners, members, employees, contract employees, servants, agents and affiliates; and (b) for periods prior to January 1, 2001, the Belgian law firm of Loeff Claeys Verbeke, and each of its current and former partners, members, employees, contract employees, servants, agents and affiliates;

"Arthur Andersen" means the accounting firm Arthur Andersen LLP and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and their officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions;

"Belgian Prosecutor's Investigation" refers to the investigation being conducted by the Honorable Henri Heimans of the Ghent Court of Appeals in Belgium concerning L&H, Dexia and others, and includes the investigation of same by any of Judge Heimans's predecessors, successors, agents and/or representatives.

"CLDCs" means "Cross-Language Development Company" and refers to any or all of the following entities that purported to do business with L&H: Lupeni Pte Ltd., Jelgava Pte Ltd., Harrisca Pte Ltd., Salfas Pte Ltd., Senegal Pte Ltd., Baleston Pie Ltd., or Duranzo Pie Ltd. and

their predecessors, successors, parents, subsidiaries, divisions or affiliates, and their officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions;

"Dexia" means Dexia Bank Belgium and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation Artesia Banking Corp., SA and any of its branches, divisions, subsidiaries, affiliates and predecessors), and the current and former officers, directors, employees, servants, and agents of any of the foregoing entities;

"FLV Fund" means Flanders Language Valley Fund, c.v.a., including FLV Fund Management and FLV Management USA and any branches, divisions, subsidiaries, officers, directors, trustees, partners, members, employees, servants, and agents of any of these entities;

"Governmental Authority" means any regulatory body or agency responsible for control or supervision over any area of public interest or otherwise responsible for the enforcement of any law, rule or regulation, including but not limited to, Governmental Authorities charged with responsibility for criminal investigations and/or prosecutions in the United States or any other country;

"IACs" means "Intelligent Agent Companies" and refers to any or all of the following entities: I-MERGE, I-MAIL (Potosi), I-NEWS (Nuwara), I-OFFICE (Hamchat), I-MEDICAL (Shinelis), or I-TRAVEL (Sherily), including any of their respective predecessors, successors, parents, subsidiaries, divisions or affiliates, and their officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions;

"KPMG" means the accounting firms Klynveld Peat Marwick Goerdeler

Bedrijfsrevisoren (a.k.a. KPMG Bedrijfsrevisoren), KMPG LLP, KPMG UK, KPMG Korea,

KPMG Singapore and KPMG Consulting, Inc. and any and all of their subsidiaries, divisions,

local, regional, national, international and executive offices and any present or former partners,

principals, employees, agents, representatives and attorneys, including all member firms of

KPMG International;

       "LDCs" means "Language Development Company" and refers to any or all of the

following entities that purported to do business with L&H: the Bahassa Development Company,

the Slavic Development Company, the Farsi Development Company, the Greek Development

Company, the Hungarian Development Company, the Polish Development Company, the Czech

Development Company, the Thai Development Company, the Tamil Development Company,

the Hindi Development Company, the Turkish Development Company, Shangra Pte Ltd.

(Vietnamese), Vanesto Pte Ltd. (Urdu), Vaciena Pte Ltd. (Malay), Rodeon Pte Ltd. (Taiwanese),

Capital Union (Arabic and Arabic Dialects), or Lavenia (Armenian), including any of their

respective predecessors, successors, parents, subsidiaries, divisions or affiliates, and their

officers, directors, agents, attorneys, accountants, employees, partners, or other persons

occupying similar positions or performing similar functions;

       "L&H" means Lernout & Hauspie Speech Products, N.V. a Belgian corporation that had

its European principal executive offices in Ieper, Belgium and its United States principal

executive offices in Burlington, Massachusetts, and includes any of its predecessors, successors,

parents, subsidiaries, divisions or affiliates (including, without limitation, L&H Holdings, USA,

Inc., Kurzweil, L&H Korea, Dictation Corporation and L&H Asia Pte), and their officers,

directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar

positions or performing similar functions (including, without limitation, Jozef Lernout, Pol

5

Hauspie, Carl Dammekens, Nico Willaert, and Gaston Bastiaens);

"L&H Audit Committee Investigation" means any investigation of L&H's accounting or business practices that was authorized by the Audit Committee of the Board of Directors of L&H, including without limitation the investigation authorized by the Audit Committee on or about September 20, 2000 and conducted by Bryan Cave LLP, Arthur Andersen LLP and A&O;

"L&H Bankruptcy Action" refers to the bankruptcy proceeding initiated by L&H captioned *In re Lernout & Hauspie*, case nos. 00-4397 through 00-4399, pending in the Bankruptcy Court of the District of Delaware, and all related proceedings in Belgium.

"Mercator" means Mercator and Noordstar NV (also known as Mercator Assurances, S.A.) and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and their officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions;

"PWC" means the accounting firm PriceWaterhouseCoopers and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and their officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions;

"PWC Investigation" means any investigation, evaluation, audit or assessment of, or any inquiry into, the financial condition or accounting or business practices of L&H or L&H Korea that was conducted by PWC;

"S.A.I.L. Trust" means the Belgian corporate entity S.A.I.L. Trust or FLV FOUNDATION, including any of its predecessors, successors, parents, subsidiaries, divisions or affiliates, and its officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions;

6

"SEC" means the United States Securities and Exchange Commission.

3. **Rules of Construction**. The following rules of construction apply to the discovery requests set forth herein:

All/Each. The terms "all" and "each" shall be construed as all and each.

And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

Number. The use of the singular form of any word includes the plural and vice versa.

4. **Relevant Time Period.** Unless otherwise stated in a specific request, these requests seek documents that were dated, prepared, generated or received during the period January 1, 1996, through and including the present (the "Relevant Period") or that refer or relate to all or any portion of the Relevant Period, or to events or circumstances during any such period, even though dated, prepared, generated or received prior to or after that period.

## II.    **INSTRUCTIONS**

1. The documents requested herein are to be produced for inspection in the data form in which they are maintained or used in the usual course of business. Specifically, documents maintained in electronic form are to be produced in their original electronic form (including all metadata) and not converted to any other format, such as paper, tiff image, or PDF file.

2. . Unless otherwise indicated, the document requests herein call for the production of all responsive documents (electronic and non-electronic) in the possession, custody, or control of Dexia, its shareholders, partners, members, employees, contract employees, servants, agents, attorneys, or any other person or entities acting for, at the direction of, or in concert with any of

7

them, and any other documents that were generated or received by any such person or entity. Documents are deemed to be within the control of Dexia to the extent that Dexia has access to those documents or the ability to obtain those documents in the normal course of its business.

3.     Unless otherwise indicated, the document requests herein call for the production of all responsive documents (electronic and non-electronic) located anywhere in the United States or overseas, irrespective of whether those documents are retained in a central filing system, or in the individual offices or residences of current or former shareholders, partners, members, employees, contract employees, servants, agents, or attorneys of Dexia.

4.     A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, routing lists, exhibits, enclosures, attachments, and other documents (electronic and non-electronic) to which the responsive document is clipped, stapled, electronically appended or otherwise attached, and for any file folder in which the document was maintained, in addition to the document itself.

5.     A request for a document shall be deemed to include a request for all drafts and successive iterations thereof, all translations thereof into languages other than the original, and all modifications thereto, including copies (electronic and non-electronic) bearing notes, marginalia, underlining, highlighting, or other marks, in addition to the document itself.

6.     Each document request herein shall be deemed to be continuing.  Should any document (electronic or non-electronic) requested herein come into the possession or custody of Dexia, or under its control (or that of its counsel) after Dexia has produced the responsive documents presently within its possession, custody, and control, Dexia shall promptly make such additional responsive documents available for inspection by the Lead Plaintiffs and their counsel.  Dexia is required to supplement its responses to the document requests herein to the

fullest extent required by law, Fed. R. Civ. P. 26, and LR, D. Mass.116.7.

7.    If any document (electronic or non-electronic) requested herein, or any subpart thereof, was, but no longer is, in the possession, custody, or control of Dexia, its partners, members, employees, contract employees, servants, agents, attorneys, or any other person or entities acting for, at the direction of, or in concert with any of them, in responding hereto, Dexia shall identify each such document, and state what disposition was made of same, including the date and place of disposition or destruction, and the identity of the person who disposed of or destroyed same, and shall produce any documents concerning such disposition or destruction.

8.    If any document (electronic or non-electronic) requested herein, or any subpart thereof, is withheld from production on the basis of an assertion of privilege, in objecting the attorney asserting such privilege shall promptly identify each such document in accordance with LR, D. Mass. 26.5(c)(4); state the nature of the privilege that is being claimed and, if the privilege is governed by state law, the particular privilege rule that is being invoked; and provide such other information as is sufficient to identify the document for a subpoena duces tecum.

## III.    **DOCUMENTS TO BE PRODUCED**

**Request No. 1.**  - All documents sufficient to identify the officers, directors, employees and agents of Dexia who communicated with or had any involvement with L&H or any of L&H's officers, directors, agents or representatives during the Relevant Time Period.

**Request No. 2.**  - All documents concerning Dexia's organizational structure and management hierarchy, including, but not limited to, all documents concerning the resignation, termination, removal from office or change in job title during the Relevant Time Period of any director or senior officer of Dexia and the assumption of these duties by any other officer, director or employee, including the reasons therefor.

9

**Request No. 3.** - All documents concerning any communications between Dexia and L&H during the relevant time period, including without limitation any such documents and communications identified in the Second Amended Class Action Complaint.

**Request No. 4.** - All documents concerning any loans or other transactions (whether or not consummated) with or involving L&H during the relevant time period, including without limitation any such documents and communications identified in the Second Amended Class Action Complaint.

**Request No. 5.** - All documents concerning L&H's public statements regarding its financial statements or results for any period during the Relevant Time Period.

**Request No. 6.** - All documents concerning any loans or transactions (whether or not consummated) between Dexia and any of the following individuals: Jozef Lernout, Pol Hauspie, Nico Willaert, Carl Dammekens, Gaston Bastiaens and Ju-Chul Seo (a/k/a John Seo, Ju Cheol Suh and Ju Cheol Sea), including without limitation any such documents and communications identified in the Second Amended Class Action Complaint.

**Request No. 7.** - All documents concerning any communications between Dexia and any of the following individuals: Jozef Lernout, Pol Hauspie, Nico Willaert, Carl Dammekens, Gaston Bastiaens and Ju-Chul Seo (a/k/a John Seo, Ju Cheol Suh and Ju Cheol Sea), including without limitation any such documents and communications identified in the Second Amended Class Action Complaint.

**Request No. 8.** - All documents concerning any LDCs, CLDCs and/or IACs, including, but not limited to, contracts, agreements, internal memoranda, notes or correspondence concerning (i) the establishment and formation of any LDCs, CLDCs and/or IACs, including reasons therefor; (ii) the business of any LDCs, CLDCs and/or IACs; (iii) any investigation or

10

due diligence performed by Dexia concerning the creditworthiness of any LDCs, CLDCs and/or

IACs; (iv) Dexia's loans, investments or financing concerning any LDCs, CLDCs and/or IACs;

(v) Dexia's investment strategy and objectives with respect to any LDCs, CLDCs and/or IACs;

and (vi) Dexia's purchases and sales of any interests in LDCs, CLDCs and/or IACs.

     **Request No. 9.** - All documents concerning any credit default swaps or proposed credit

default swaps involving any of the following persons or entities: L&H, Jozef Lernout, Pol

Hauspie, Nico Willaert, Gaston Bastiaens.

     **Request No. 10.** - All documents concerning Dexia's procedures and practices with

respect to the use of credit default swaps in any commercial lending activities.

     **Request No. 11.** - All documents concerning any loan guarantees or proposed loan

guarantees involving any of the following persons or entities: L&H, Jozef Lernout, Pol Hauspie,

Nico Willaert, Gaston Bastiaens.

     **Request No. 12.** - All documents concerning the FLV Fund, including without

limitation all documents concerning any loans or financing (whether or not consummated)

provided by Dexia to FLV Fund, the purpose for such loans and financing, any investigation of

the formation, business and creditworthiness of FLV Fund, and any communications with L&H

regarding FLV Fund, the offering of any shares of FLV Fund to the public or to private

investors.

     **Request No. 13.** - All documents concerning the Brussels Translation Group N.V.

("BTG"), including without limitation all documents concerning any loans or financing (whether

or not consummated) provided by Dexia to BTG, the purpose for such loans and financing, any

investigation of the formation, business and creditworthiness of BTG, and any communications

with L&H regarding BTG.

**Request No. 14.**  - All documents concerning Dictation Consortium N.V. ("Dictation"), including without limitation all documents concerning any loans or financing (whether or not consummated) provided by Dexia to Dictation, the purpose for such loans and financing, any investigation of the formation, business and creditworthiness of Dictation, and any communications with L&H regarding Dictation.

**Request No. 15.**  - All documents concerning Radial Belgium N.V. ("Radial"), including without limitation all documents concerning any loans or financing (whether or not consummated) provided by Dexia to Radial, the purpose for such loans and financing, any investigation of the formation, business and creditworthiness of Radial, and any communications with L&H regarding Radial.

**Request No. 16.**  - All documents concerning Language Investment Co. N.V. or N.V. Language Investment Company (collectively "LIC"), including without limitation all documents concerning any loans or financing (whether or not consummated) provided by Dexia to LIC, the purpose for such loans and financing, any investigation of the formation, business and creditworthiness of LIC, and any communications with L&H regarding LIC.

**Request No. 17.**  - All documents concerning Language Development Fund N.V. ("LDF"), including without limitation all documents concerning any loans or financing (whether or not consummated) provided by Dexia to LDF, the purpose for such loans and financing, any investigation of the formation, business and creditworthiness of LDF, and any communications with L&H regarding LDF.

**Request No. 18.**  - All documents concerning Mercator that relate in anyway to L&H or any of L&H's officers and directors, including without limitation all loans or financing (whether or not consummated) involving Mercator concerning any LDC, CLDC or IAC.

**Request No. 19.**  - All documents concerning Velstra Pte Ltd. ("Velstra") that relate in anyway to L&H or any of L&H's officers and directors, including without limitation all loans or financing (whether or not consummated) involving Velstra and any monies received from Velstra concerning any loans made to Radial and LIC.

**Request No. 20.**  - All documents concerning Harout Katchadourian that relate in anyway to L&H or any of its officers and directors, including without limitation the receipt of money from Harout Katchadourian in payment of loans extended to Radial and LIC.

**Request No. 21.**  - All documents concerning Vasco Data Securities International ("Vasco"), including without limitation, Dexia's efforts concerning Vasco's private placement of stock in 1999 and any transactions or communications between Vasco and L&H.

**Request No. 22.**  - All documents concerning S.A.I.L. Trust.

**Request No. 23.**  - All documents concerning any communications with any representative or agent of the L&H Audit Committee, including without limitation any representative of  Arthur Anderson, Bryan Cave LLP, A&O, and Loef Claeys Verbeke.

**Request No. 24.**  - All documents concerning the L&H Audit Committee Investigation conducted by Bryan Cave LLP, Loeff Claeys Verbeke, Arthur Andersen, and/or PricewaterhouseCoopers, including without limitation any confirmation letters provided by Dexia and any documents concerning the Report of the L&H Audit Committee dated November 20, 2000 or provided to the L&H Audit Committee.

**Request No. 25.** - All documents concerning the statements made in the letter sent by Dexia on or about  November 24, 2000 to the law firm of Loef Claeys Verbeke, wherein Dexia states in words and substance that "On December 22, 1998, ARTESIA BANK N.V. granted a credit line to N.V. LANGUAGE INVESTMENT COMPANY in the amount of BEF

220,000,000; L&H provided no bank guarantees for this loan."

**Request No. 26.**  - All documents concerning the PWC Investigation.

**Request No. 27.**  - All documents concerning the Belgian Prosecutor's Investigation, including without limitation documents concerning Dexia's indictment by the Belgian Prosecutor in June 2003.

**Request No. 28.**  - All documents and communications:

(a)      with the SEC concerning L&H;

(b)      concerning any investigation, inquiry (internal or external) or legal proceeding initiated by the SEC, the United States Department of Justice, the Belgian Prosecutor, any other Belgian authorities, any Governmental Authority or other similar legal entities and/or regulatory agencies, foreign or domestic, concerning the affairs of L&H, including all documents seized by, submitted to or received from such authorities or agencies, and all statements, submissions and/or testimony that Dexia provided to such authorities or agencies or that were provided on Dexia's behalf.

**Request No. 29.**  - All documents concerning the acquisition, sale, purchase, transfer or brokering of any L&H common stock or securities by Dexia or by any entity in which Dexia has or had any direct, indirect or beneficial ownership interest.

**Request No. 30.**  - All chronological files, correspondence files, personal files, diaries or appointment books, daily files, inter-office memoranda, and files created or maintained by any of the following persons concerning their contacts or association with L&H or any of its officers, directors, agents or employees during the Relevant Time Period: Peter Rabaey, Bart Ferrand, J.P. Cloes, K. Claessens, Geert Dauwe, Piet Cordonnier, F. Dankelman, Bernard Mommens.

14

**Request No. 31.** - Documents sufficient to identify: (a) the job title and job responsibilities of all of the following individuals during the Relevant Time Period; and (b) their current residences and addresses: Peter Rabaey, Bart Ferrand, J.P. Cloes, K. Claessens, Geert Dauwe, Piet Cordonnier, F. Dankelman, Bernard Mommens.

**Request No. 32.** - The complete contents of any loan files relating to any and all loans/financing to L&H or any of its officers or directors.

**Request No. 33.** - The complete contents of any loan files relating to any and all loans to LDCs, CLDCs, IACs, Radial, LIC, LDF or any of their respective affiliates, subsidiaries, officers or directors.

**Request No. 34.** - All documents concerning L&H's accounting policies and procedures during the Relevant Time Period.

**Request No. 35.** - All documents concerning the resignation or termination of any employee of Dexia which was related in any way to Dexia's dealings and/or association with L&H.

**Request No. 36.** - All documents supporting, concerning or relating in any way, directly or indirectly, to any of the allegations in the Second Amended Class Action Complaint in this action, any affirmative defense(s), and any other defenses you have pleaded in this case or intend to plead.

**Request No. 37.** - All documents concerning any communications with KPMG during the Relevant Time Period concerning L&H.

**Request No. 38.** - All documents concerning any communications with FLV Fund including without limitation communications concerning any of the following persons or entities: L&H, LDCs, IACs, CLDCs, Radial, LIC, LDF, Mercator, Velstra, Vasco, Dictation,

Jozef Lernout, Pol Hauspie, Nico Willaert, Gaston Bastiaens.

**Request No. 39.** - All documents concerning any communications with Mercator concerning any of the following persons or entities: L&H, LDCs, CLDCs, Jozef Lernout, Pol Hauspie, Nico Willaert, Gaston Bastiaens.

**Request No. 40.** - All documents concerning any communications with Willem Hardeman.

**Request No. 41.** - All documents concerning any communications with Tony Snauwart.

**Request No. 42.** - All documents concerning any litigation by any shareholder of L&H against L&H.

**Request No. 43.** - All documents concerning any litigation by any shareholder of L&H against Dexia.

**Request No. 44.** - All documents concerning any claims that Dexia has asserted or may assert against L&H or its estate in Bankruptcy, including without limitation any claims brought in *In re Lernout & Hauspie*, case nos. 00-4397 through 00-4399, pending in the Bankruptcy Court of the District of Delaware, and in any proceedings in Belgium.

**Request No. 45.** - All documents sufficient to show the relationship between any or all of the following entities: Dexia Bank Belgium, Dexia S.A., Artesia Banking Corp., S.A., Artesia Bank, Artesia Securities, and BACOB Bank.

**Request No. 46.** - All documents supporting or contradicting Dexia's claim that Dexia S.A. assumed no liabilities for Artesia Banking Corporation.

**Request No. 47.** - All documents sufficient to identify the total compensation and/or remuneration (in any form) that Dexia received for any loans, financing, advice or services provided to L&H and any of its officers or directors during the Relevant Time Period.

16

**Request No. 48.** - To the extent not called for in Requests Nos. 1 through 47 above, all documents referenced in the Second Amended Class Action Complaint.

**Request No. 49.** - To the extent not called for in Requests 1 through 48 above, all documents concerning L&H.

**Request No. 50.** - All documents constituting or concerning any insurance policies, indemnification agreements, hold harmless agreements or by-laws under which you may claim coverage to satisfy part or all of any possible liabilities as a result of any of the claims asserted in this litigation, including any loss mitigation insurance and/or liability-sharing arrangements, including options to purchase such insurance or sharing arrangements, whether acquired before or after the initiation of the litigation, including but not limited to a copy of the Declaration sheet for each.

**Request No. 51.** - All documents concerning or relating to Dexia's document destruction policy or document retention policy in effect during the Relevant Time Period, including, without limitation, any such policies concerning electronically stored documents and e-mail, including any changes to such policy.

Dated: April 6, 2005                Lead Plaintiffs, by their attorneys,

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**
Glen DeValerio, BBO # 122010
Jeffrey C. Block, BBO # 600747
Patrick T. Egan, BBO # 637477
One Liberty Square
Boston, MA 02109
(617) 542-8300

17

SHALOV STONE & BONNER LLP
James P. Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 1000
New York, New York 10018
(212) 239-4340

-and-

**CAULEY BOWMAN CARNEY
& WILLIAMS, LLP**
Steven E. Cauley
J. Allen Carney
11311 Arcade Drive, Suite 200
Little Rock, Arkansas 72212
(501) 312-8500

Co-Lead Counsel for the Lead Plaintiffs