UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.), <br><br> Defendants. | Civil Action No. 03-Civ-11566 (PBS) |

### DEXIA BANK BELGIUM'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, defendant Dexia Bank Belgium ("Dexia"), through its undersigned counsel, responds as follows to Lead Plaintiffs' First Request for the Production of Documents dated April 6, 2005.

### GENERAL OBJECTIONS

1.     Dexia objects to each Definition, Instruction and Request to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.     Dexia objects to each Request to the extent it seeks production of e-mail and other electronic documents in "original electronic" form because production of such documents in that form would be unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence. Dexia will produce responsive, non-privileged e-mail and other electronic documents, subject to the objections set forth herein, in hard-copy, TIF, PDF or other equivalent form.

3.     Dexia objects to each Request to the extent it seeks production of e-mail and other electronic documents stored on periodic backup tapes or other backup storage media because production of such documents would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Dexia further objects that any production of backup tapes in bulk would breach Dexia's duties of privacy and discretion under applicable Belgian law. After assessing the cost and burden of accessing data stored on backup tapes, Dexia will meet and confer with plaintiffs concerning the scope of production of such data and, if appropriate, the sharing of costs.

4.     Dexia objects to each Instruction and each Request that seeks the production of "all" documents concerning a given subject because a review of all documents in the possession, custody or control of Dexia would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Dexia will perform a reasonable search for documents responsive to each Request, subject to the objections set forth herein, and will produce responsive documents, if any, located through that search.

5.     Dexia objects to the definitions of A&O, Arthur Anderson, CLDCs, FLV Fund, IACs, KPMG, LDCs, L&H, Mercator and S.A.I.L. Trust to the extent they seek documents concerning unidentified parents, subsidiaries, divisions, affiliates, predecessors, successors, joint ventures, board of directors or committees thereof, present and former officers, directors, employees, representatives, agents and other persons or entities. Subject to the objections set

NYA 730352.1

forth herein, Dexia will produce responsive documents relating to such persons and entities to the extent they can be readily identified.

6.    Dexia objects to the definition of "Belgian Prosecutor's Investigation" because Mr. Heimans is an Investigating Magistrate, not a Public Prosecutor.

7.    Dexia objects to the definition of the "Relevant Period" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Dexia further objects to the request for documents that "refer or relate to all or any portion of the Relevant Period" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the objections set forth herein, Dexia will produce responsive documents dated or created from January 1, 1996 to December 13, 2000.

8.    Dexia objects to each Request to the extent it calls for the production of documents in the possession of former shareholders, partners, members, employees, contract employees, servants, agents or attorneys of Dexia.  Subject to the objections set forth herein, Dexia will produce responsive documents in its possession, custody or control.

9.    Dexia objects to Instruction 7 because it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court.  Dexia also objects to Instruction 7 as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10.    Dexia objects to each Request to the extent that it seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant evidence.

11.    Dexia objects to each Request to the extent that it can be construed as requesting production of documents which are protected from disclosure by the attorney-client privilege, the

NYA 730352.1

work product doctrine, or any other applicable privilege or immunity from disclosure. Any

inadvertent production of a document or information protected by any of these privileges,

doctrines or immunities from disclosure shall not be deemed a waiver of the protections that

those privileges, doctrines or immunities afford.

12.    Dexia objects to each Request to the extent that it seeks documents that are not

within the possession, custody or control of Dexia or are more appropriately sought from other

persons or entities.

13.    Dexia objects to each Request to the extent that it seeks documents reflecting

proprietary, confidential and/or trade secret information. Dexia will produce documents subject

to the objections set forth herein, after the entry of a reasonable and appropriate protective order

to protect such information.

## SPECIFIC OBJECTIONS AND RESPONSES

Request No. 1

All documents sufficient to identify the officers, directors, employees and agents of
Dexia who communicated with or had any involvement with L&H or any of L&H's officers,
directors, agents or representatives during the Relevant Time Period.

Response to Request No. 1

Dexia objects to the phrase "all document sufficient to identify," as vague and

ambiguous. Dexia objects to this Request as overly broad and not reasonably calculated to lead

to the discovery of admissible evidence because it is not limited to documents concerning the

allegations in the Complaint. Subject to and without waiving the foregoing objections or the

General Objections, Dexia will produce documents sufficient to show the officers, directors,

employees and agents of Dexia who communicated with L&H concerning the transactions

alleged in the Complaint.

NYA 730352.1

Request No. 2.

All documents concerning Dexia's organizational structure and management hierarchy, including, but not limited to, all documents concerning the resignation, termination, removal from office or change in job title during the Relevant Time Period of any director or senior officer of Dexia and the assumption of these duties by any other officer, director or employee, including the reasons therefor.

Response to Request No. 2

Dexia objects to this Request as overly broad, and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce documents sufficient to show Dexia's organizational structure and management hierarchy.

Request No. 3.

All documents concerning any communications between Dexia and L&H during the relevant time period, including without limitation any such documents and communications identified in the Second Amended Class Action Complaint.

Response to Request No. 3

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request to the extent it seeks documents and communications referenced in the Complaint that cannot be readily identified. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request that relate to the transactions alleged in the Complaint.

Request No. 4

All documents concerning any loans or other transactions (whether or not consummated) with or involving L&H during the relevant time period, including without limitation any such documents and communications identified in the Second Amended Class Action Complaint.

NYA 730352.1

Response to Request No. 4

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request to the extent it seeks documents and communications referenced in the Complaint that cannot be readily identified. Dexia further objects to the phrase "other transactions" as vague and ambiguous. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request that relate to the transactions alleged in the Complaint.

Request No. 5

All documents concerning L&H's public statements regarding its financial statements or results for any period during the Relevant Time Period.

Response to Request No. 5

Dexia objects to this Request to the extent that it seeks documents that are obtainable by plaintiffs from public sources. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request.

Request No. 6

All documents concerning any loans or transactions (whether or not consummated) between Dexia and any of the following individuals: Jozef Lernout, Pol Hauspie, Nico Willaert, Carl Dammekèns, Gaston Bastiaens and Ju-Chul Seo (a/k/a John Seo, Ju Cheol Suh and Ju Cheol Sea), including without limitation any such documents and communications identified in the Second Amended Class Action Complaint.

Response to Request No. 6

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request to the extent it seeks documents and

NYA 730352.1

communications referenced in the Complaint that cannot be readily identified. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request that relate to the transactions alleged in the Complaint.

Request No. 7

All documents concerning any communications between Dexia and any of the following individuals: Jozef Lernout, Pol Hauspie, Nico Willaert, Carl Dammekens, Gaston Bastiaens and Ju-Chul Seo (a/k/a John Seo, Ju Cheol Suh and Ju Cheol Sea), including without limitation any such documents and communications identified in the Second Amended Class Action Complaint.

Response to Request No. 7

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request to the extent it seeks documents and communications referenced in the Complaint that cannot be readily identified. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request that relate to the transactions alleged in the Complaint.

Request No. 8

All documents concerning any LDCs, CLDCs and/or IACs, including, but not limited to, contracts, agreements, internal memoranda, notes or correspondence concerning (i) the establishment and formation of any LDCs, CLDCs and/or IACs, including reasons therefor; (ii) the business of any LDCs, CLDCs and/or IACs; (iii) any investigation or due diligence performed by Dexia concerning the creditworthiness of any LDCs, CLDCs and/or IACs; (iv) Dexia's loans, investments or financing concerning any LDCs, CLDCs and/or IACs; (v) Dexia's investment strategy and objectives with respect to any LDCs, CLDCs and/or IACs; and (vi) Dexia's purchases and sales of any interests in LDCs, CLDCs and/or IACs.

Response to Request No. 8

Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request.

NYA 730352.1

Request No. 9.

All documents concerning any credit default swaps or proposed credit default swaps involving any of the following persons or entities: L&H, Jozef Lernout, Pol Hauspie, Nico Willaert, Gaston Bastiaens.

Response to Request No. 9

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 10

All documents concerning Dexia's procedures and practices with respect to the use of credit default swaps in any commercial lending activities.

Response to Request No. 10

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No.11

All documents concerning any loan guarantees or proposed loan guarantees involving any of the following persons or entities: L&H, Jozef Lernout, Pol Hauspie, Nico Willaert, Gaston Bastiaens.

Response to Request No. 11

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 12

All documents concerning the FLV Fund, including without limitation all documents concerning any loans or financing (whether or not consummated) provided by Dexia to FLV Fund, the purpose for such loans and financing, any investigation of the formation, business and creditworthiness of FLV Fund, and any communications with L&H regarding FLV Fund, the offering of any shares of FLV Fund to the public or to private investors.

Response to Request No. 12

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

NYA 730352.1

Request No. 13

All documents concerning the Brussels Translation Group N.V. ("BTG"), including without limitation all documents concerning any loans or financing (whether or not consummated) provided by Dexia to BTG, the purpose for such loans and financing, any investigation of the formation, business and creditworthiness of BTG, and any communications with L&H regarding BTG.

Response to Request No. 13

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 14

All documents concerning Dictation Consortium N.V. ("Dictation"), including without limitation all documents concerning any loans or financing (whether or not consummated) provided by Dexia to Dictation, the purpose for such loans and financing, any investigation of the formation, business and creditworthiness of Dictation, and any communications with L&H regarding Dictation.

Response to Request No. 14

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 15

All documents concerning Radial Belgium N.V. ("Radial"), including without limitation all documents concerning any loans or financing (whether or not consummated) provided by Dexia to Radial, the purpose for such loans and financing, any investigation of the formation, business and creditworthiness of Radial, and any communications with L&H regarding Radial.

Response to Request No. 15

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if pursuant to this Request.

Request No. 16

All documents concerning Language Investment Co. N.V. or N.V. Language Investment Company (collectively "LIC"), including without limitation all documents concerning any loans or financing (whether or not consummated) provided by Dexia to LIC, the purpose for such loans and financing, any investigation of the formation, business and creditworthiness of LIC, and any communications with L&H regarding LIC.

NYA 730352.1

Response to Request No. 16

      Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 17

      All documents concerning Language Development Fund N.V. ("LDF"), including
without limitation all documents concerning any loans or financing (whether or not
consummated) provided by Dexia to LDF, the purpose for such loans and financing, any
investigation of the formation, business and creditworthiness of LDF, and any communications
with L&H regarding LDF.

Response to Request No. 17

      Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 18

      All documents concerning Mercator that relate in anyway to L&H or any of L&H's
officers and directors, including without limitation all loans or financing (whether or not
consummated) involving Mercator concerning any LDC, CLDC or IAC.

Response to Request No. 18

      Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 19

      All documents concerning Velstra Pte Ltd. ("Velstra") that relate in anyway to L&H or
any of L&H's officers and directors, including without limitation all loans or financing (whether
or not consummated) involving Velstra and any monies received from Velstra concerning any
loans made to Radial and LIC.

Response to Request No. 19

      Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

NYA 730352.1

<u>Request No. 20</u>

All documents concerning Harout Katchadourian that relate in anyway to L&H or any of its officers and directors, including without limitation the receipt of money from Harout Katchadourian in payment of loans extended to Radial and LIC.

<u>Response to Request No. 20</u>

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

<u>Request No. 21</u>

All documents concerning Vasco Data Securities International ("Vasco"), including without limitation, Dexia's efforts concerning Vasco's private placement of stock in 1999 and any transactions or communications between Vasco and L&H.

<u>Response to Request No. 21</u>

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

<u>Request No. 22</u>

All documents concerning S.A.I.L. Trust.

<u>Response to Request No. 22</u>

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

<u>Request No. 23</u>

All documents concerning any communications with any representative or agent of the L&H Audit Committee, including without limitation any representative of Arthur Anderson, Bryan Cave LLP, A&O, and Loef Claeys Verbeke.

<u>Response to Request No. 23</u>

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

NYA 730352.1

Request No. 24

    All documents concerning the L&H Audit Committee Investigation conducted by Bryan Cave LLP, Loeff Claeys Verbeke, Arthur Andersen, and/or PricewaterhouseCoopers, including without limitation any confirmation letters provided by Dexia and any documents concerning the Report of the L&H Audit Committee dated November 20, 2000 or provided to the L&H Audit Committee.

Response to Request No. 24

    Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 25

    All documents concerning the statements made in the letter sent by Dexia on or about November 24, 2000 to the law firm of Loef Claeys Verbeke, wherein Dexia states in words and substance that "On December 22, 1998, ARTESIA BANK N.V. granted a credit line to N.V. LANGUAGE INVESTMENT COMPANY in the amount of BEF 220,000,000; L&H provided no bank guarantees for this loan."

Response to Request No. 25

    Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 26

    All documents concerning the PWC Investigation.

Response to Request No. 26

    Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 27

    All documents concerning the Belgian Prosecutor's Investigation, including without limitation documents concerning Dexia's indictment by the Belgian Prosecutor in June 2003.

Response to Request No. 27

    Dexia objects to this Request because it seeks documents or information protected from

disclosure by the attorney-client privilege, the work product doctrine or other applicable

NYA 730352.1

privileges.  Dexia objects to this Request because it seeks production of documents that are deemed confidential under Belgian law, the production of which may subject Dexia to civil or criminal penalties in Belgium.  Dexia objects to this Request to the extent that any plaintiff has already obtained the requested documents from the Belgian authorities.  Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents provided to or, to the extent in Dexia's possession, seized by the Belgian Investigating Magistrate.

Request No. 28

All documents and communications:

(a)     with the SEC concerning L&H;

(b)     concerning any investigation, inquiry (internal or external) or legal proceeding initiated by the SEC, the United States Department of Justice, the Belgian Prosecutor, any other Belgian authorities, any Governmental Authority or other similar legal entities and/or regulatory agencies, foreign or domestic, concerning the affairs of L&H, including all documents seized by, submitted to or received from such authorities or agencies, and all statements, submissions and/or testimony that Dexia provided to such authorities or agencies or that were provided on Dexia's behalf.

Response to Request No. 28

Dexia objects to this Request because it seeks documents or information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privileges.  Dexia objects to this Request because it seeks production of documents that are deemed confidential under Belgian law, the production of which may subject Dexia to civil or criminal penalties in Belgium.  Dexia objects to this Request to the extent that any plaintiff has already obtained the requested documents from the Belgian authorities.  Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents provided to the SEC, the Belgian Investigating Magistrate or any other governmental authority concerning L&H.

- 13 -

Request No. 29

All documents concerning the acquisition, sale, purchase, transfer or brokering of any L&H common stock or securities by Dexia or by any entity in which Dexia has or had any direct, indirect or beneficial ownership interest.

Response to Request No. 29

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents concerning acquisitions, sales, purchases, transfers or brokering by Dexia on behalf of third party investors. Subject to and without waiving the foregoing objection or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request that relate to L&H common stock or securities owned by or held on behalf of Dexia.

Request No. 30

All chronological files, correspondence files, personal files, diaries or appointment books, daily files, inter-office memoranda, and files created or maintained by any of the following persons concerning their contacts or association with L&H or any of its officers, directors, agents or employees during the Relevant Time Period:  Peter Rabaey, Bart Ferrand, J.P. Cloes, K. Claessens, Geert Dauwe, Piet Cordonnier, F. Dankelman, Bernard Mommens.

Response to Request No. 30

Dexia objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privileges.  Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request.

Request No. 31

Documents sufficient to identify:  (a) the job title and job responsibilities of all of the following individuals during the Relevant Time Period; and (b) their current residences and addresses:  Peter Rabaey, Bart Ferrand, J.P. Cloes, K. Claessens, Geert Dauwe, Piet Cordonnier, F. Dankelman, Bernard Mommens.

NYA 730352.1

Response to Request No. 31

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 32

The complete contents of any loan files relating to any and all loans/financing to L&H or
any of its officers or directors.

Response to Request No. 32

Dexia objects the phrase "loan files" as vague and ambiguous.  Subject to and without

waiving the foregoing objections or the General Objections, Dexia will produce responsive

documents, if any, pursuant to this Request.

Request No. 33

The complete contents of any loan files relating to any and all loans to LDCs, CLDCs,
IACs, Radial, LIC, LDF or any of their respective affiliates, subsidiaries, officers or directors.

Response to Request No. 33

Dexia objects to the phrase "loan files" as vague and ambiguous.  Subject to and without

waiving the foregoing objections or the General Objections, Dexia will produce responsive

documents, if any, pursuant to this Request.

Request No. 34

All documents concerning L&H's accounting policies and procedures during the
Relevant Time Period.

Response to Request No. 34

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 35

All documents concerning the resignation or termination of any employee of Dexia which
was related in any way to Dexia's dealings and/or association with L&H.

NYA 730352.1

Response to Request No. 35

      Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 36

      All documents supporting, concerning or relating in any way, directly or indirectly, to
any of the allegations in the Second Amended Class Action Complaint in this action, any
affirmative defense(s), and any other defenses you have pleaded in this case or intend to plead.

Response to Request No. 36

      Dexia objects to this Request as vague and ambiguous because it does not identify any

particular document or category of documents in the possession, custody or control of Dexia.

Dexia objects to this Request because it seeks documents or information protected from

disclosure by the attorney-client privilege, the work product doctrine or other applicable

privileges.  Dexia objects to this Request as duplicative of prior Requests.

Request No. 37

      All documents concerning any communications with KPMG during the Relevant Time
Period concerning L&H.

Response to Request No. 37

      Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Request No. 38

      All documents concerning any communications with FLV Fund including without
limitation communications concerning any of the following persons or entities:  L&H, LDCs,
IACs, CLDCs, Radial, LIC, LDF, Mercator, Velstra, Vasco, Dictation, Jozef Lernout, Pol
Hauspie, Nico Willaert, Gaston Bastiaens.

- 16 -

Response to Request No. 38

   Dexia objects to this Request as duplicative of prior Requests. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request.

Request No. 39

   All documents concerning any communications with Mercator concerning any of the following persons or entities: L&H, LDCs, CLDCs, Jozef Lernout, Pol Hauspie, Nico Willaert, Gaston Bastiaens.

Response to Request No. 39

   Dexia objects to this Request as duplicative of prior Requests. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request.

Request No. 40

   All documents concerning any communications with Willem Hardeman.

Response to Request No. 40

   Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request.

Request No. 41

   All documents concerning any communications with Tony Snauwart.

Response to Request No. 41

   Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request.

Request No. 42

   All documents concerning any litigation by any shareholder of L&H against L&H.

NYA 730352.1

Response to Request No. 42

Dexia objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence. Dexia objects to this Request because it seeks documents or information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privileges.

Request No. 43

All documents concerning any litigation by any shareholder of L&H against Dexia.

Response to Request No. 43

Dexia objects to this Request because it is not reasonably calculated to lead to the discovery of admissible evidence. Dexia objects to this Request because it seeks documents or information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privileges.

Request No. 44

All documents concerning any claims that Dexia has asserted or may assert against L&H or its estate in Bankruptcy, including without limitation any claims brought in *In re Lernout & Hauspie*, case nos. 00-4397 through 00-4399, pending in the Bankruptcy Court of the District of Delaware, and in any proceedings in Belgium.

Response to Request No. 44

Dexia objects to this because it is not reasonably calculated to lead to the discovery of admissible evidence. Dexia objects to this Request because it seeks documents or information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privileges. Dexia objects to this Request to the extent it seeks documents that are available to plaintiffs from public sources. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request.

- 18 -

NYA 730352.1

Request No. 45

All documents sufficient to show the relationship between any or all of the following entities: Dexia Bank Belgium, Dexia S.A., Artesia Banking Corp., S.A., Artesia Bank, Artesia Securities, and BACOB Bank.

Response to Request No. 45

Dexia objects to the phrase "all documents sufficient to show" as vague and ambiguous.

Subject to and without waiving the foregoing objections or the General Objections, Dexia will

produce documents sufficient to show the relationship between the entities named in this

Request.

Request No. 46

All documents supporting or contradicting Dexia's claim that Dexia S.A. assumed no liabilities for Artesia Banking Corporation.

Response to Request No. 46

Dexia objects to the phrase "supporting or contradicting" as vague and ambiguous.

Subject to and without waiving the foregoing objections or the General Objections, Dexia will

produce documents sufficient to show that Dexia S.A. assumed no liabilities for Artesia Banking

Corp.

Request No. 47

All documents sufficient to identify the total compensation and/or remuneration (in any form) that Dexia received for any loans, financing, advice or services provided to L&H and any of its officers or directors during the Relevant Time Period.

Response to Request No. 47

Dexia objects to the phrase "all documents sufficient to identify" and "remuneration (in

any form)" as vague and ambiguous. Subject to and without waiving the foregoing objections or

the General Objections, Dexia will produce documents concerning interest, fees, and other

compensation received from L&H and its officers and directors.

NYA 730352.1

Request No. 48

To the extent not called for in Requests Nos. 1 through 47 above, all documents referenced in the Second Amended Class Action Complaint.

Response to Request No. 48

Dexia objects to this Request to the extent it seeks documents and communications referenced in the Complaint that cannot be readily identified. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request.

Request No. 49

To the extent not called for in Requests 1 through 48 above, all documents concerning L&H.

Response to Request No. 49

Dexia objects to this Request as ambiguous and because it is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 50

All documents constituting or concerning any insurance policies, indemnification agreements, hold harmless agreements or by-laws under which you may claim coverage to satisfy part or all of any possible liabilities as a result of any of the claims asserted in this litigation, including any loss mitigation insurance and/or liability-sharing arrangements, including options to purchase such insurance or sharing arrangements, whether acquired before or after the initiation of the litigation, including but not limited to a copy of the Declaration sheet for each.

Response to Request No. 50

Dexia objects to this Request as overly broad. Subject to and without waiving any of the foregoing objections or General Objections, Dexia will produce copies of relevant insurances, as required by Rule 26(a)(i)(D) of the Federal Rules of Civil Procedure.

NYA 730352.1

Request No. 51

All documents concerning or relating to Dexia's document destruction policy or document retention policy in effect during the Relevant Time Period, including, without limitation, any such policies concerning electronically stored documents and e-mail, including any changes to such policy.

Response to Request No. 51

Subject to and without waiving the foregoing objections or the General Objections, Dexia

will produce responsive documents, if any, pursuant to this Request.

Dated:  May 16, 2005

Respectfully submitted,

CLIFFORD CHANCE US LLP

By: _____

James B. Weidner
Jeff E. Butler

31 West 52nd Street
New York, NY 10019-6131
Tel:    (212) 878-8000
Fax:    (212) 878-8375

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO
        Peter M. Saparoff (BBO#567379)
        Breton Leone-Quick (BBO#391000)
One Financial Center
Boston, MA 02111
Tel:    (617) 542-6000
Fax:    (617) 542-2241

*Counsel for Dexia Bank Belgium*

NYA 730352.1

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of Dexia Bank Belgium's Responses and Objections to Lead Plaintiff's First Request for the Production of Documents were served upon the following parties by facsimile and first class mail on May 16, 2005:

BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
Glen DeValerio
Jeffrey C. Block
Michael T. Matraia
Patrick T. Egan
One Liberty Square
Boston, MA 02109
(617) 542-8300
Fax (617) 542-1194

SHALOV, STONE & BONNER LLP
Lee S. Shalov
James Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 100
New York, NY 10018
(212) 239-4340
Fax (212) 239-4310

CAULEY BOWMAN CARNEY & WILLIAMS, PLLC
Steven E. Cauley
Curtis L. Bowman
11311 Arcade Drive, Suite 200
Little Rock, AK 72212
(501) 312-8500
Fax (501) 312-8505
*Class Plaintiffs' Counsel*

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Max W. Berger
Steven B. Singer
Erik Sanstedt
Javier Bleichmar
Avi Josefson
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400
Fax (212) 554-1444
*Counsel for Plaintiffs Stonington Partners, Inc.,*
*Stonington Capital Appreciation 1994 Fund L.P.*
*and Stonington Holdings, L.L.C.*

GREGORY P. JOSEPH LAW OFFICES LLC
Gregory P. Joseph
805 Third Avenue, 31st Floor
New York, NY 10022
(212) 407-1200
Fax (212) 407-1299
*Counsel for Plaintiffs Gary B. Filler and Lawrence Perlman*

BOIES, SCHILLER & FLEXNER LLP
Karen C. Dyer
George R. Coe
255 South Orange Avenue, Suite 905
Orlando, FL 32801
(407) 425-7118
Fax (407) 425-7047
*Counsel for Plaintiffs Janet Baker, James Baker, JKBaker LLC, and JMBaker LLC*

Dated: May 16, 2005

Jennifer L. Hogan

NYA 732934.1