**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ————————————————X | | |
| HANS A. QUAAK, ATTILIO PO | : | Civil Action No. 03-Civ-11566 (PBS) |
| and KARL LEIBINGER, on behalf of | : | |
| themselves and those similarly situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| DEXIA, S.A. and DEXIA BANK BELGIUM: | | |
| (formerly known as | : | |
| ARTESIA BANKING CORP., S.A.), | : | |
| | : | |
| Defendants. | : | |
| ————————————————X | | |

## LEAD PLAINTIFFS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM DEFENDANT DEXIA BANK BELGIUM

Pursuant to Fed. R. Civ. P. 26, 33 and 34, the Local Rules of the District of

Massachusetts, Lead Plaintiffs Hans A. Quaak, Karl Leibinger and Attilio Po ("Lead Plaintiffs")

hereby request on behalf of themselves and the proposed Class that Defendant Dexia Bank

Belgium produce the following documents at the offices of Berman DeValerio Pease Tabacco

Burt & Pucillo, One Liberty Square, 8th Floor, Boston, Massachusetts within thirty (30) days after

service of this request.

I. **DEFINITIONS AND RULES OF CONSTRUCTION**

1.    Local Rule 26.5(c). Local Rule, D. Mass. 26.5(c) deems the following definitions

to be incorporated herein by reference:

"Communication"  The term "communication" means the transmittal of information (in

the form of facts, ideas, inquiries, or otherwise).

"Concerning"  The term "concerning" means referring to, describing, evidencing, or constituting.

"Document"  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.  Fed. R. Civ. P. 34(a) defines "documents" as including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.[1]

"Identify"  (With Respect to Documents)  When referring to documents, "to identify" means to give, to the extent known, the

     (a) type of document;

     (b) general subject matter;

     (c) date of the document; and

     (d) author(s), addressee(s), and recipient(s).

"Identify" (With Respect to Persons)  When referring to a person, "to identify" means to give, to the extent known, the person's

     (a) full name;

     (b) present or last known address; and, when referring to a natural person,

     (c) the present or last known place of employment.

Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that

---

[1] Thus, "document" shall include all electronic data.

person.

"Parties"  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

"Person"  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

    2.    **Other Definitions and Abbreviations**.  The following definitions apply to the discovery requests set forth herein:

"Artesia Banking" means Artesia Banking Corp., SA and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors, and the current and former officers, directors, employees, servants, and agents of any of the foregoing entities;

"Artesia Securities" means Artesia Securities, SA and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors, and the current and former officers, directors, employees, servants, and agents of any of the foregoing entities;

"BACOB" means Bacob Bank C.V. and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors, and the current and former officers, directors, employees, servants, and agents of any of the foregoing entities;

"CLDCs" means "Cross-Language Development Company" and refers to any or all of the following entities that purported to do business with L&H: Lupeni Pte Ltd., Jelgava Pte Ltd., Harrisca Pte Ltd., Salfas Pte Ltd., Senegal Pte Ltd., Baleston Pie Ltd., or Duranzo Pie Ltd. and their predecessors, successors, parents, subsidiaries, divisions or affiliates, and their officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar

3

positions or performing similar functions;

"Dexia" means Dexia Bank Belgium and includes any of its present or former branches, divisions, subsidiaries, affiliates and predecessors (including, without limitation Artesia Banking Corp., SA and any of its branches, divisions, subsidiaries, affiliates and predecessors), and the current and former officers, directors, employees, servants, and agents of any of the foregoing entities;

"FLV Fund" means Flanders Language Valley Fund, c.v.a., including FLV Fund Management and FLV Management USA and any branches, divisions, subsidiaries, officers, directors, trustees, partners, members, employees, servants, and agents of any of these entities;

"LDCs" means "Language Development Company" and refers to any or all of the following entities that purported to do business with L&H: the Bahassa Development Company, the Slavic Development Company, the Farsi Development Company, the Greek Development Company, the Hungarian Development Company, the Polish Development Company, the Czech Development Company, the Thai Development Company, the Tamil Development Company, the Hindi Development Company, the Turkish Development Company, Shangra Pte Ltd. (Vietnamese), Vanesto Pte Ltd. (Urdu), Vaciena Pte Ltd. (Malay), Rodeon Pte Ltd. (Taiwanese), Capital Union (Arabic and Arabic Dialects), or Lavenia (Armenian), including any of their respective predecessors, successors, parents, subsidiaries, divisions or affiliates, and their officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions;

"L&H" means Lernout & Hauspie Speech Products, N.V. a Belgian corporation that had its European principal executive offices in Ieper, Belgium and its United States principal

4

executive offices in Burlington, Massachusetts, and includes any of its predecessors, successors,

parents, subsidiaries, divisions or affiliates (including, without limitation, L&H Holdings, USA,

Inc., Kurzweil, L&H Korea, Dictation Corporation and L&H Asia Pte), and their officers,

directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar

positions or performing similar functions (including, without limitation, Jozef Lernout, Pol

Hauspie, Carl Dammekens, Nico Willaert, and Gaston Bastiaens);

"LHIC" means Lernout & Hauspie Investment Company, N.V. and includes any of its

present or former branches, divisions, subsidiaries, affiliates and predecessors, and the current

and former officers, directors, employees, servants, and agents of any of the foregoing entities;

"Paribas" means Banque Paribas Belgium and includes any of its present or former

branches, divisions, subsidiaries, affiliates and predecessors, and the current and former officers,

directors, employees, servants, and agents of any of the foregoing entities;

"PWC" means the accounting firm  PriceWaterhouseCoopers and any of its predecessors,

successors, parents, subsidiaries, divisions or affiliates, and their officers, directors, agents,

attorneys, accountants, employees, partners, or other persons occupying similar positions or

performing similar functions;

"PWC Investigation" means any investigation, evaluation, audit or assessment of, or any

inquiry into, the financial condition or accounting or business practices of L&H or L&H Korea

that was conducted by PWC;

"SEC" means the United States Securities and Exchange Commission.

3.    **Rules of Construction**.  The following rules of construction apply to the

discovery requests set forth herein:

5

All/Each.  The terms "all" and "each" shall be construed as all and each.

And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

Number.  The use of the singular form of any word includes the plural and vice versa.

4.    **Relevant Time Period.**  Unless otherwise stated in a specific request, these requests seek documents that were dated, prepared, generated or received during the period January 1, 1996, through and including the present (the "Relevant Period") or that refer or relate to all or any portion of the Relevant Period, or to events or circumstances during any such period, even though dated, prepared, generated or received prior to or after that period.

II.    **INSTRUCTIONS**

1.    The documents requested herein are to be produced for inspection in the data form in which they are maintained or used in the usual course of business.  Specifically, documents maintained in electronic form are to be produced in their original electronic form (including all metadata) and not converted to any other format, such as paper, tiff image, or PDF file.

2.    Unless otherwise indicated, the document requests herein call for the production of all responsive documents (electronic and non-electronic) in the possession, custody, or control of Dexia, its shareholders, partners, members, employees, contract employees, servants, agents, attorneys, or any other person or entities acting for, at the direction of, or in concert with any of them, and any other documents that were generated or received by any such person or entity. Documents are deemed to be within the control of Dexia to the extent that Dexia has access to those documents or the ability to obtain those documents in the normal course of its business.

6

3.    Unless otherwise indicated; the document requests herein call for the production of all responsive documents (electronic and non-electronic) located anywhere in the United States or overseas, irrespective of whether those documents are retained in a central filing system, or in the individual offices or residences of current or former shareholders, partners, members, employees, contract employees, servants, agents, or attorneys of Dexia.

4.    A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, routing lists, exhibits, enclosures, attachments, and other documents (electronic and non-electronic) to which the responsive document is clipped, stapled, electronically appended or otherwise attached, and for any file folder in which the document was maintained, in addition to the document itself.

5.    A request for a document shall be deemed to include a request for all drafts and successive iterations thereof, all translations thereof into languages other than the original, and all modifications thereto, including copies (electronic and non-electronic) bearing notes, marginalia, underlining, highlighting, or other marks, in addition to the document itself.

6.    Each document request herein shall be deemed to be continuing.  Should any document (electronic or non-electronic) requested herein come into the possession or custody of Dexia, or under its control (or that of its counsel) after Dexia has produced the responsive documents presently within its possession, custody, and control, Dexia shall promptly make such additional responsive documents available for inspection by the Lead Plaintiffs and their counsel. Dexia is required to supplement its responses to the document requests herein to the fullest extent required by law, Fed. R. Civ. P. 26, and LR, D. Mass.116.7.

7.    If any document (electronic or non-electronic) requested herein, or any subpart

7

thereof, was, but no longer is, in the possession, custody, or control of Dexia, its partners, members, employees, contract employees, servants, agents, attorneys, or any other person or entities acting for, at the direction of, or in concert with any of them, in responding hereto, Dexia shall identify each such document, and state what disposition was made of same, including the date and place of disposition or destruction, and the identity of the person who disposed of or destroyed same, and shall produce any documents concerning such disposition or destruction.

8.    If any document (electronic or non-electronic) requested herein, or any subpart thereof, is withheld from production on the basis of an assertion of privilege, in objecting the attorney asserting such privilege shall promptly identify each such document in accordance with LR, D. Mass. 26.5(c)(4); state the nature of the privilege that is being claimed and, if the privilege is governed by state law, the particular privilege rule that is being invoked; and provide such other information as is sufficient to identify the document for a subpoena duces tecum.

## III.    DOCUMENTS TO BE PRODUCED

**Request No. 1.**  All documents concerning any analyst reports issued or contemplated by Artesia Securities concerning L&H, including without limitation final and draft reports and all research, bases and support for any such reports or drafts.

**Request No. 2.**  All documents concerning any communications between Artesia Securities on the one hand and any of the following on the other: L&H, FLV Fund, any CLDC, or any LDC, and/or LHIC.

**Request No. 3.**  All documents concerning the minutes of any meetings of the analysts of Artesia Securities during the time period January 1, 1999 through November 30, 2000.

**Request No. 4.**  All documents concerning any discussion of L&H at any meeting of

8

Artesia Securities, including without limitation any analyst meetings.

**Request No. 5.**  To the extent not produced already by Dexia in this litigation, all documents concerning any weekly meeting of Artesia Securities, such as those reflected in document DBB 120238-43 of Dexia's document production.

**Request No. 6.**  All documents concerning any contact or communication by and between Artesia Bank and Artesia Securities, including without limitation all contact or communication between Nadia Van Hove and Artesia Securities concerning any analyst reports contemplated or issued by Artesia Securities.

**Request No. 7.**  All documents concerning any meetings of Artesia Securities attended by Nadia Van Hove.

**Request No. 8.**  All documents of Nadia Van Hove concerning L&H and/or Artesia Securities.

**Request No. 9.**  All documents concerning any contact or communications by and between any of Artesia Securities, Artesia Bank and/or L&H concerning any analyst report issued or contemplated to be issued by Artesia Securities regarding L&H or FLV Fund.

**Request No. 10.**  All documents concerning the reason why Artesia Securities initiated coverage of L&H and why such coverage ceased.

**Request No. 11.**  All documents concerning the formation of Artesia Securities.

**Request No. 12.**  Documents sufficient to identify all agents or employees of Artesia Bank, who were also agents or employees of Artesia Securities.

**Request No. 13.**  All documents concerning any funding provided by Artesia Bank to Artesia Securities.

**Request No. 14.**  All documents concerning any operating expenses of Artesia Securities paid by Artesia Bank.

**Request No. 15.**  All documents concerning any supervisory powers exercised by Artesia Bank over Artesia Securities.

**Request No. 16.**  All documents concerning any contact or communications between the management of Artesia Bank, including without limitation Rene Avonts, and Artesia Securities.

**Request No. 17.**  All documents concerning the extent of control exercised by Artesia Bank over Artesia Securities.

**Request No. 18.**  All documents concerning Artesia Banking's ownership interest in Artesia Securities.

**Request No. 19.**  All documents concerning the commingling of any accounts of Artesia Banking and Artesia Securities,

**Request No. 20.**  All documents concerning any joint marketing efforts by Artesia Banking and Artesia Securities.

**Request No. 21.**  All documents concerning any shared employees, costs, offices, customers, equipment, e-mail adresses or facilities of Artesia Banking and Artesia Securities.

**Request No. 22.**  All documents concerning any directives issued by Artesia Bank, including any of its committees, regarding the conduct or activities of Artesia Securities.

**Request No. 23.**  To the extent not called for in the foregoing requests, all non-public documents concerning the relationship between Artesia Bank and Artesia Securities.

**Request No. 24.**  To the extent not called for in the foregoing requests, all non-public documents of Artesia Bank that reference or relate to Artesia Securities.

**Request No. 25.**   All documents concerning any analyst reports authored by Cordius

Asset Management, Paribas, and/or BACOB concerning L&H during the Relevant Time Period,

including without limitation all such reports and supporting documentation.

**Request No. 26.**   All documents concerning any involvement of Artesia Bank (including

BACOB and Paribas) in L&H's initial public offering or any subsequent offering of L&H

securities.

**Request No. 27.**   All documents concerning any investigation or other due diligence

performed by or on behalf of Dexia concerning Artesia Bank's credit files related to L&H and/or

the "L&H group" (as referred to in documents produced by Dexia) in connection with Dexia's

eventual merger with or acquisition of Artesia Bank.

**Request No. 28.**   All documents reflecting monetary and stock consideration, payments,

fees, and gifts that Dexia received from L&H, FLV Fund, and LHIC

**Request No. 29.**   All documents concerning any road shows and public or private

presentations to potential investors conducted by Artesia Securities regarding L&H, FLV Fund,

or LHIC.

**Request No. 30.**   All documents reflecting the policies and procedures (both regular and

emergency) for granting commercial credit, bridge loans, other loans and the approval of credit

default swap transactions for the relevant Time Period, including without limitation those

policies and procedures of Paribas during the time period 1998 through 1999.

**Request No. 31.**   All documents concerning any employee hand book, internal

guidelines, rules or codes of conduct concerning conflicts of interest, market manipulation,

insider trading, and/or use of confidential information that applied to Dexia or its personnel

during the Relevant time Period, including without limitation, the handbooks referenced in

document DBB 0950 produced by Dexia.


Dated: March 31, 2006                    Lead Plaintiffs, by their attorneys,

                                         **BERMAN DEVALERIO PEASE TABACCO**
                                         **BURT & PUCILLO**
                                         Glen DeValerio, BBO # 122010
                                         Jeffrey C. Block, BBO # 600747
                                         Patrick T. Egan, BBO # 637477
                                         One Liberty Square
                                         Boston, MA 02109
                                         (617) 542-8300


                                         *Patrick Rocco*

                                         **SHALOV STONE & BONNER LLP**
                                         James P. Bonner
                                         Patrick L. Rocco
                                         485 Seventh Avenue, Suite 1000
                                         New York, New York 10018
                                         (212) 239-4340

                                                 -and-


                                         **CAULEY BOWMAN CARNEY**
                                         **& WILLIAMS, LLP**
                                         Steven E. Cauley
                                         J. Allen Carney
                                         11311 Arcade Drive, Suite 200
                                         Little Rock, Arkansas 72212
                                         (501) 312-8500

                                         Co-Lead Counsel for the Lead Plaintiffs