UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.),<br><br>    Defendants. | Civil Action No. 03-Civ-11566 (PBS) |

### DEXIA BANK BELGIUM'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, defendant Dexia Bank Belgium ("Dexia"), through its undersigned counsel, responds as follows to Lead Plaintiffs' Second Request for the Production of Documents dated March 31, 2006.

### GENERAL OBJECTIONS

1.     Dexia objects to each Definition, Instruction and Request to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.     Dexia objects to each Request to the extent it seeks production of e-mail and other electronic documents in "original electronic" form because production of such documents in that form would be unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence. Dexia will produce responsive, non-privileged e-mail and other electronic documents, subject to the objections set forth herein, in hard-copy, TIF, PDF or other equivalent form.

3.  Dexia objects to each Request to the extent it seeks production of e-mail and other electronic documents stored on periodic backup tapes or other backup storage media because production of such documents would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Dexia further objects that any production of backup tapes in bulk would breach Dexia's duties of privacy and discretion under applicable Belgian law.

4.  Dexia objects to each Instruction and each Request that seeks the production of "all" documents concerning a given subject because a review of all documents in the possession, custody or control of Dexia would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Dexia will perform a reasonable search for documents responsive to each Request, subject to the objections set forth herein, and will produce responsive documents, if any, located through that search.

5.  Dexia objects to the definitions of Artesia Banking, Artesia Securities, Bacob, CLDCs, Dexia, LDCs, L&H, LHIC, Paribas, and PWC to the extent they seek documents concerning unidentified present or former branches, parents, subsidiaries, divisions, affiliates, predecessors, successors, joint ventures, board of directors or committees thereof, trustees, members, present and former officers, directors, employees, accountants, partners, servants, representatives, agents and other persons or entities. Subject to the objections set forth herein, Dexia will produce responsive documents relating to such persons and entities to the extent they can be readily identified.

NYB 1528251.1

6. Dexia objects to the definition of the "Relevant Period" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Dexia further objects to the Request for documents that "refer or relate to all or any portion of the Relevant Period" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections set forth herein, Dexia will produce responsive documents dated or created from January 1, 1996 to August 19, 2003.

7. Dexia objects to each Request to the extent it calls for the production of documents in the possession of former shareholders, partners, members, employees, contract employees, servants, agents or attorneys of Dexia. Subject to the objections set forth herein, Dexia will produce responsive documents in its possession, custody or control.

8. Dexia objects to Instruction 7 because it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court. Dexia also objects to Instruction 7 as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9. Dexia objects to each Request to the extent it seeks documents concerning Artesia Securities. Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the Private Securities Litigation Reform Act of 1995 ("PSLRA").

10. Dexia objects to each Request to the extent that it seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant evidence.

11. Dexia objects to each Request to the extent that it can be construed as requesting production of documents that are protected from disclosure by the attorney-client privilege, the

work product doctrine, or any other applicable privilege or immunity from disclosure. Any inadvertent production of a document or information protected by any of these privileges, doctrines or immunities from disclosure shall not be deemed a waiver of the protections that those privileges, doctrines or immunities afford.

12. Dexia objects to each Request to the extent that it seeks documents that are not within the possession, custody or control of Dexia or are more appropriately sought from other persons or entities.

## SPECIFIC OBJECTIONS AND RESPONSES

Request No. 1

All documents concerning any analyst reports issued or contemplated by Artesia Securities concerning L&H, including without limitation final and draft reports and all research, bases and support for any such reports or drafts.

Response to Request No. 1

Dexia objects to this Request because the phrases "contemplated by" and "all research, bases and support" are ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, concerning analyst reports issued by Artesia Securities concerning L&H if and when the PSLRA stay is lifted.

Request No. 2.

All documents concerning any communications between Artesia Securities on the one hand and any of the following on the other: L&H, FLV Fund, any CLDC, or any LDC, and/or LHIC.

Response to Request No. 2

Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under

- 4 -

NYB 1528251.1

the PSLRA. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, if and when the PSLRA stay is lifted.

Request No. 3.

All documents concerning the minutes of any meetings of the analysts of Artesia Securities during the time period January 1, 1999 through November 30, 2000.

Response to Request No. 3

Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, if and when the PSLRA stay is lifted.

Request No. 4

All documents concerning any discussions of L&H at any meeting of Artesia Securities, including without limitation any analyst meetings.

Response to Request No. 4

Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, if and when the PSLRA stay is lifted.

Request No. 5

To the extent not produced already by Dexia in this litigation, all documents concerning any weekly meeting of Artesia Securities, such as those reflected in document DBB 120238-43 of Dexia's document production.

Response to Request No. 5

Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under

the PSLRA. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, if and when the PSLRA stay is lifted.

Request No. 6

All documents concerning any contact or communication by and between Artesia Bank and Artesia Securities, including without limitation all contact or communication between Nadia Van Hove and Artesia Securities concerning any analyst reports contemplated or issued by Artesia Securities.

Response to Request No. 6

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request because the phrase "any contact" is ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, concerning any communication between Nadia Van Hove and Artesia Securities concerning any analyst reports issued by Artesia Securities if and when the PSLRA stay is lifted.

Request No. 7

All documents concerning any meetings of Artesia Securities attended by Nadia Van Hove.

Response to Request No. 7

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request as unduly burdensome because Dexia may not be able to determine which meetings, if any, were attended by Nadia Van Hove. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are

-6-

subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, to the extent they can be readily identified and if and when the PSLRA stay is lifted.

Request No. 8

All documents of Nadia Van Hove concerning L&H and/or Artesia Securities.

Response to Request No. 8

Dexia objects the phrase "of Nadia Van Hove" as ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, from the files of Nadia Van Hove if and when the PSLRA stay is lifted.

Request No. 9

All documents concerning any contact or communications by and between any of Artesia Securities, Artesia Bank and/or L&H concerning any analyst report issued or contemplated to be issued by Artesia Securities regarding L&H or FLV Fund.

Response to Request No. 9

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to the phrases "any contact" and "contemplated to be issued" as ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA. Subject to and without waiving the foregoing objections or

05/01/2006 16:59 FAX                    CLIFFORD CHANCE US LLP                    ☒009/020

the General Objections, Dexia will produce responsive documents, if any, concerning analyst reports issued by Artesia Securities concerning L&H if and when the PSLRA stay is lifted.

Request No. 10

All documents concerning the reason why Artesia Securities initiated coverage of L&H and why such coverage ceased.

Response to Request No. 10

Dexia objects to this Request because the phrase "the reason why" is ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA. Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, concerning the initiation or cessation of coverage of L&H by Artesia Securities if and when the PSLRA stay is lifted.

Request No. 11

All documents concerning the formation of Artesia Securities.

Response to Request No. 11

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to the phrase "the formation of Artesia Securities" as ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 12

Documents sufficient to identify all agents or employees of Artesia Bank, who were also agents or employees of Artesia Securities.

NYB 1528251.1

Response to Request No. 12

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 13

All documents concerning any funding provided by Artesia Bank to Artesia Securities.

Response to Request No. 13

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request because the term "any funding" is ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 14

All documents concerning any operating expenses of Artesia Securities paid by Artesia Bank.

Response to Request No. 14

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request because the term "operating expenses" is ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to

05/01/2006 17:00 FAX                CLIFFORD CHANCE US LLP                    ☒011/020

Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 15

All documents concerning any supervisory powers exercised by Artesia Bank over Artesia Securities.

Response to Request No. 15

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request because the term "any supervisory powers" is ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 16

All documents concerning any contact or communications between the management of Artesia Bank, including without limitation Rene Avonts, and Artesia Securities.

Response to Request No. 16

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request because the term "any contact" is ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 17

All documents concerning the extent of control exercised by Artesia Bank over Artesia Securities.

NYB 1528251.1

Response to Request No. 17

Dexia objects to this Request because the phrase "the extent of control exercised" is ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 18

All documents concerning Artesia Banking's ownership interest in Artesia Securities.

Response to Request No. 18

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request as cumulative because Dexia has already produced documents sufficient to show Artesia Banking's ownership interest in Artesia Securities. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 19

All documents concerning the commingling of any accounts of Artesia Banking and Artesia Securities.

Response to Request No. 19

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request because the term "the commingling" is ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia

Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 20

All documents concerning any joint marketing efforts by Artesia Banking and Artesia Securities.

Response to Request No. 20

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request because the term "joint marketing efforts" is ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 21

All documents concerning any shared employees, costs, offices, customers, equipment, e-mail addresses or facilities of Artesia Banking and Artesia Securities.

Response to Request No. 21

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request as duplicative of prior requests. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 22

All documents concerning any directives issued by Artesia Bank, including any of its committees, regarding the conduct or activities of Artesia Securities.

Response to Request No. 22

Dexia objects to this Request because the term "any directives issued" is ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 23

To the extent not called for in the foregoing Requests, all non-public documents concerning the relationship between Artesia Bank and Artesia Securities.

Response to Request No. 23

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to the term "the relationship" as ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 24

To the extent not called for in the foregoing Requests, all non-public documents of Artesia Bank that reference or relate to Artesia Securities.

Response to Request No. 24

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

NYB 1528251.1

05/01/2006 17:00 FAX                CLIFFORD CHANCE US LLP                    ☒015/020

Request No. 25

All documents concerning any analyst reports authored by Cordius Asset Management, Paribas, and/or BACOB concerning L&H during the Relevant Time Period, including without limitation all such reports and supporting documentation.

Response to Request No. 25

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this Request because the term "supporting documentation" is ambiguous. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA.

Request No. 26

All documents concerning any involvement of Artesia Bank (including BACOB and Paribas) in L&H's initial public offering or any subsequent offering of L&H securities.

Response to Request No. 26

Dexia objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to documents concerning the allegations in the Complaint. Dexia objects to this request as duplicative of prior document requests. Subject to and without waiving the foregoing objections or the General Objections, Dexia either has produced or will produce documents responsive to this Request.

Request No. 27

All documents concerning any investigation or other due diligence performed by or on behalf of Dexia concerning Artesia Bank's credit files related to L&H and/or the "L&H group" (as referred to in documents produced by Dexia) in connection with Dexia's eventual merger with or acquisition of Artesia Bank.

NYB 1528251.1

Response to Request No. 27

Dexia objects to this Request because the term "credit files" and the reference to unidentified "documents produced by Dexia" are ambiguous. Dexia objects to this Request as duplicative of prior document requests. Subject to and without waiving the foregoing objections or the General Objections, Dexia either has produced or will produce documents responsive to this Request.

Request No. 28

All documents reflecting monetary and stock consideration, payments, fees, and gifts that Dexia received from L&H, FLV Fund, and LHIC.

Response to Request No. 28

Dexia objects to this Request as duplicative of prior document requests. Subject to and without waiving the foregoing objections or the General Objections, Dexia either has produced or will produce documents responsive to this Request.

Request No. 29

All documents concerning any road shows and public or private presentations to potential investors conducted by Artesia Securities regarding L&H, FLV Fund, or LHIC.

Response to Request No. 29

Dexia objects to this Request because the term "road shows" is ambiguous. Dexia objects to this Request as duplicative of prior document requests. Dexia objects to this Request because Plaintiffs' new claims relating to Artesia Securities are subject to a pending motion to dismiss, and discovery relating to such claims is stayed under the PSLRA. Subject to and without waiving the foregoing objections or the General Objections, Dexia either has produced documents responsive to this Request or will produce responsive documents, if any, if and when the PSLRA stay is lifted.

NYB 1528251.1

Request No. 30

All documents reflecting the policies and procedures (both regular and emergency) for granting commercial credit, bridge loans, other loans and the approval of credit default swap transactions for the relevant Time Period, including without limitation those policies and procedures of Paribas during the time period 1998 through 1999.

Response to Request No. 30

Subject to and without waiving the foregoing objections or the General Objections, Dexia either has produced or will produce responsive documents pursuant to this Request.

Request No. 31

All documents concerning any employee hand book, internal guidelines, rules or codes of conduct concerning conflicts of interest, market manipulation, insider trading, and/or use of confidential information that applied to Dexia or its personnel during the Relevant Time Period, including without limitation, the handbooks referenced in document DBB 0950 produced by Dexia.

Response to Request No. 31

Subject to and without waiving the foregoing objections or the General Objections, Dexia will produce responsive documents, if any, pursuant to this Request.

Dated: May 1, 2006                    Respectfully submitted,

                                      CLIFFORD CHANCE US LLP

                                      By: _____
                                          James B. Weidner
                                          Jeff E. Butler

                                      31 West 52nd Street
                                      New York, NY 10019-6131
                                      Tel:  (212) 878-8000
                                      Fax:  (212) 878-8375

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO
    Peter M. Saparoff (BBO#567379)
    Breton Leone-Quick (BBO#391000)
One Financial Center
Boston, MA 02111
Tel:  (617) 542-6000
Fax:  (617) 542-2241

*Counsel for Dexia Bank Belgium*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of Dexia Bank Belgium's Responses and Objections to Lead Plaintiffs' Second Request for the Production of Documents were served upon the following parties by fax and first class mail on May 1, 2006:

BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
Glen DeValerio
Jeffrey C. Block
Patrick T. Egan
One Liberty Square
Boston, MA 02109
(617) 542-8300
Fax (617) 542-1194

SHALOV, STONE & BONNER LLP
Lee S. Shalov
James Bonner
Patrick L. Rocco
485 Seventh Avenue, Suite 100
New York, NY 10018
(212) 239-4340
Fax (212) 239-4310

CAULEY BOWMAN CARNEY & WILLIAMS, PLLC
Steven E. Cauley
Curtis L. Bowman
11311 Arcade Drive, Suite 200
Little Rock, AK 72212
(501) 312-8500
Fax (501) 312-8505
*Counsel for Class Plaintiffs*

NYA 782556.1

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Max W. Berger
Steven B. Singer
Javier Bleichmar
Avi Josefson
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400
Fax (212) 554-1444
*Counsel for Plaintiffs Stonington Partners, Inc.,*
*Stonington Capital Appreciation 1994 Fund L.P.*
*and Stonington Holdings, L.L.C.*

GREGORY P. JOSEPH LAW OFFICES LLC
Gregory P. Joseph
Susan M. Davies
805 Third Avenue, 31st Floor
New York, NY 10022
(212) 407-1200
Fax (212) 407-1299
*Counsel for Plaintiffs Gary B. Filler and Lawrence Perlman,*
*Trustees for the TRA Rights Trust*

BOIES, SCHILLER & FLEXNER LLP
Karen C. Dyer
George R. Coe
255 South Orange Avenue, Suite 905
Orlando, FL 32801
(407) 425-7118
Fax (407) 425-7047
*Counsel for Plaintiffs Janet Baker, James Baker, JKBaker LLC, and JMBaker LLC*


Dated: May 1, 2006

_____
Warda Henning