# ReedSmith

**Steven T. Voigt**
Direct Phone: 215.241.7995
Email: svoigt@reedsmith.com

Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
215.851.8100
Fax 215.851.1420

May 22, 2006

**VIA FACSIMILE**

Jeff Butler, Esq.
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019-6131

Re:  *Quaak v. Dexia*, S.A., No. 03-CV-11566-PBS
*Stonington Partners, Inc. v. Dexia*, S.A., No. 04-CV-10411-PBS
*Baker v. Dexia*, S.A., No. 04-CV-10501-PBS
*Filler v. Dexia*, S.A., No. 04-CV-10477-PBS

Dear Jeff:

This confirms several issues from Friday's meet-and-confer regarding Dexia's 328 and 99 page privilege logs. First, with respect to Attachment A of my May 9, 2006 letter, you stated that you will: a) identify whether each individual on the attachment is an attorney; and b) identify whether each individual on the attachment is not a Dexia employee, and if they are not then to state their employer. This is the information that we requested in the last two columns of Attachment A. You stated that you would provide this information by the end of this week or the middle of next week.

Second, for the first time, you notified us that Dexia failed to produce an additional 130 or more page privilege log. You stated that you would endeavor to deliver this belated log on Friday afternoon following the meet and confer. This morning, I received a package that appears to contain a revised privilege log incorporating these additional pages.

Third, you stated that you will conduct a second analysis of documents that Dexia withheld under claims of privilege and protection, but that you are unwilling to produce any documents that were improperly withheld "much earlier than June 15, 2006." You also said that you would not commit to produce revised privilege logs that address the issues in my May 9 letter until about the same date.

We explained that - to be reasonable given that depositions are ongoing - you should be willing to produce on a rolling basis (as you re-examine them) any documents that you determine are in fact not privileged or fall within the scope of the work product protection. You refused to commit to this, but you did state that you would consider it.

Jeff Butler
May 22, 2006
Page 2

**ReedSmith**

     During the conference, we directed your attention to several entries in Dexia's logs that plainly do not fall within the scope of privilege or protection, according to Dexia's own descriptions of the documents in its privilege logs. In particular, we directed your attention to a couple entries reflecting communications to and from Tom Denys of LHIC. Even though Tom Denys' name appears on numerous Dexia documents and is easily identifiable as an employee of LHIC, you replied that you are not familiar with this name. This example illustrates that you apparently failed to conduct proper due diligence before deciding to withhold documents from Dexia's production.

     You closed by stating that the deficiencies in Dexia's privilege logs are not "my top priority." We disagree with your relegation of this matter to a lesser status. We consider Dexia's failure to produce non-privileged documents in a timely manner to be a serious breach of your discovery obligations. We expect you to immediately begin re-examining the documents that Dexia withheld and to produce all non-privileged documents on a rolling basis.

Very truly yours,

Steven T. Voigt

STV:jh

cc:    Susan M. Davies, Esquire
       Patrick Egan, Esquire
       Patrick Rocco, Esquire
       Steven Singer, Esquire
       Karen Dyer, Esquire