UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC, <br><br> Plaintiffs, <br><br> v. <br><br> DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.), <br><br> Defendants. | Civil Action No.: 04-10501 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust, <br><br> Plaintiffs, <br><br> v. <br><br> DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.), <br><br> Defendants. | Civil Action No.: 04-10477 (PBS) |

```
―――――――――――――――――――――― x
                                            :
STONINGTON PARTNERS, INC., a                :
Delaware Corporation, STONINGTON            :
CAPITAL APPRECIATION 1994 FUND              :
L.P., a Delaware Partnership and            :
STONINGTON HOLDINGS, L.L.C., a              :
Delaware limited liability company,         :
                                            :   Civil Action No.: 04-10411 (PBS)
              Plaintiffs,                   :
                                            :
       - against -                          :
                                            :
                                            :
DEXIA, S.A. and DEXIA BANK BELGIUM          :
(formerly known as ARTESIA BANKING          :
CORP., S.A.),                               :
                                            :
              Defendants.                   :
                                            :
―――――――――――――――――――――― x
```

**NON-PARTY KPMG LLP'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT DEXIA BANK BELGIUM'S MOTION TO
COMPEL A COMPLETE RESPONSE TO ITS SECOND SET OF
<u>INTERROGATORIES TO BAKER, FILLER AND STONINGTON PLAINTIFFS</u>**

| | |
|---|---|
| DAVIS POLK & WARDWELL | SEYFARTH SHAW LLP |
| Michael P. Carroll | Kevin J. Lesinski (BBO #554140) |
| Michael S. Flynn | Kristin G. McGurn (BBO #559687) |
| Sheila V. Barrett | World Trade Center East |
| Phineas E. Leahey | Two Seaport Lane, Suite 300 |
| 450 Lexington Avenue | Boston, MA  02210-2028 |
| New York, NY  10017 | (617) 248-5000 |
| (212) 450-4000 | |
| | |
| Dated:  June 30, 2006 | *Attorneys for Non-Party KPMG LLP* |

## TABLE OF CONTENTS

**Page**

I. DEXIA HAS NOT MADE THE REQUISITE SHOWING TO COMPEL
   DISCLOSURE OF THIS CONFIDENTIAL INFORMATION ................................2

    A. Dexia's Internal Valuation ................................................................................3

    B. Damage Reduction ...........................................................................................4

CONCLUSION ..................................................................................................................7

# TABLE OF AUTHORITIES

## Federal Cases

Page(s)

*All AT&T Corp. Fiber Optic Plaintiffs v. All AT&T Corp. Fiber Optic Defendants*,
2002 U.S. Dist. LEXIS 11219 (S.D. Ind. June 5, 2002)..................3

*Avramides v. First National Bank of Maryland*,
No. 87 Civ. 5732, 1992 WL 49174 (S.D.N.Y. Mar. 4, 1992)..................6

*Beck v. Manistee County*,
No. 1:97-CV-533, 2005 WL 3262437 (W.D. Mich. Dec. 1, 2005)..................5

*Bennett v. La Pere*,
112 F.R.D. 136 (D.R.I. 1986)..................5, 6

*Bio-Vita, Ltd. v. Rausch*,
759 F. Supp. 33 (D. Mass. 1991)..................5

*Bottaro v. Hatton Assocs.*,
96 F.R.D. 158, (E.D.N.Y. 1982)..................2, 6

*Centillion Data Sys. v. Ameritech Corp.*,
193 F.R.D. 550 (S.D. Ind. 1999)..................2, 3, 4

*Doe v. Methacton School Dist.*,
164 F.R.D. 175 (E.D. Pa. 1995)..................3-4

*Duttle v. Bandler & Kass.*,
No. 82 CIV. 5084, 1990 WL 52147 (S.D.N.Y. April 17, 1990)..................5

*Flynn v. Portland General Electric Corp.*,
No. 88-455, 1989 WL 112802 (D. Or. Sept. 21, 1989)..................3

*In re Franklin Nat'l Bank Sec. Litig.*,
92 F.R.D. 468 (E.D.N.Y. 1981), *aff'd*, 677 F.2d 230 (2d Cir. 1982)..................4

*Grove Fresh Distribs. v. John Labatt Ltd.*,
888 F. Supp. 1427 (N.D. Ill. 1995), *aff'd*, 134 F.3d 374 (7th Cir. 1978)..................3

*Hasbrouck v. BankAmerica Housing Services*,
187 F.R.D. 453 (N.D.N.Y. 1999), *aff'd*, 190 F.R.D. 42 (N.D.N.Y. 1999)..................3

*Lesal Interiors, Inc. v. Resolution Trust Corp.*,
153 F.R.D. 552 (D.N.J. 1994)..................2

## Federal Cases (continued)

Page(s)

*Mathewson Corp. v. Allied Marine Indus. Inc.*,
827 F.2d 850 (1st Cir. 1987).................................................................................................2-3

*McHann v. Firestone Tire & Rubber Co.*,
713 F.2d 161 (5th Cir. 1983) ................................................................................................2, 3

*McInnis v. A.M.F., Inc.*,
765 F.2d 240 (1st Cir. 1985)..............................................................................................2, 3, 4

*Shipes v. Bic Corp.*,
154 F.R.D. 301 (M.D. Ga. 1994).............................................................................................2

*U.S. Equal Employment Opportunity Commission v. Rush Prudential Health Plans*,
No. 97-C-3823, 1998 WL 156718 (N.D. Ill. Mar. 31, 1998) ..................................................4

*Young v. Verson Allsteel Press Co.*,
539 F. Supp. 193 (E.D. Pa. 1982)............................................................................................3

## State Cases

*Harvey v. Essex Bancorp, Inc.*,
25 Mass. App. Ct. 323 (Mass. App. Ct. 1988).....................................................................4-5

*Wetherell v. Central Scientific Co.*,
No. 76471, 1995 Mont. Dist. LEXIS 554 (Mont. Dist. Nov. 21, 1995) ..................................6

## Federal Statutes & Rules

15 U.S.C. § 78u-4(f)(7)(B) .........................................................................................................5

Fed. R. Civ. P. 26(b) ..................................................................................................................2

Fed. R. Evid. 408 .......................................................................................................................2

## NON-PARTY KPMG LLP'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DEXIA BANK BELGIUM'S MOTION TO COMPEL A COMPLETE RESPONSE TO ITS SECOND SET OF INTERROGATORIES TO BAKER, FILLER AND STONINGTON PLAINTIFFS

Non-party KPMG LLP ("KPMG US") respectfully opposes the motion of Defendant Dexia Bank Belgium ("Dexia") to compel plaintiffs in the above-captioned actions (collectively, "Plaintiffs") to disclose the amounts of confidential settlements reflected in confidential settlement agreements between KPMG US and Plaintiffs in separate litigations (the "Settled Cases").[1] According to Dexia, it should get this confidential information, notwithstanding the agreements of the parties in the Settled Cases, so that: (1) Dexia can be assisted in assessing the "value" of Plaintiffs' case; and (2) any future award of damages against Dexia in these actions may be reduced by the amounts KPMG US previously paid in settlements. (*See* Dexia Mot. at 3-4.)

This Court should reject both of these reasons. First, Dexia may be interested in knowing the amounts of the settlements for purposes of negotiating with Plaintiffs, and may find that information useful, but that does not make the information discoverable. Nor does Dexia's interest trump the confidentiality that was bargained for in the Settled Cases.

Second, bargained-for confidentiality should not be set aside based on the series of unwarranted assumptions that Dexia now offers this Court. At this point, there is no way of telling whether the various contingencies that might someday make the amounts of the settlements in the Settled Cases relevant to a hypothetical judgment against Dexia will ever occur.

---

[1] Interrogatory No. 1 of Dexia's Second Set of Interrogatories, dated May 5, 2006 (the "Interrogatory"), attached to the Declaration of Thomas Teige Carroll, dated June 16, 2006, at Exhibits A-C, is the request by which Dexia seeks this information from Plaintiffs. Plaintiffs objected to the discovery request. (*See id.*, at Exhibits D-F.)

Accordingly, the motion should be denied with prejudice or, in the alternative, denied without prejudice to renew when a judgment, if any, is entered against Dexia.

I.  **Dexia Has Not Made The Requisite Showing To Compel Disclosure of This Confidential Information**

Fed. R. Civ. P. 26(b) governs the scope of discovery. It specifies that "[p]arties may obtain discovery regarding any matter, not privileged, *that is relevant to the claim or defense of any party.*" (emphasis added). With respect to confidential settlement information, courts also require the party seeking discovery to make a "particularized showing of a likelihood that *admissible* evidence will be generated by the dissemination of the terms of the settlement agreement."[2] *Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982) (emphasis added); see, e.g., *Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 562 (D.N.J. 1994); *Shipes v. Bic Corp.*, 154 F.R.D. 301, 309 (M.D. Ga. 1994).

In determining whether to permit disclosure of confidential settlement agreements, courts weigh the goal of encouraging settlement against the need for the information. "Because confidentiality of settlement agreements is a primary inducement to parties to settle cases, courts require a strong countervailing interest to breach that confidentiality." *Centillion Data Sys. v. Ameritech Corp.*, 193 F.R.D. 550, 553 (S.D. Ind. 1999). Public policy considerations favor settlements as a means to avoid costly, time-consuming litigation, to allow the parties to shape their own solutions, and to produce finality and repose. *See, e.g., Mathewson Corp. v. Allied Marine Indus., Inc.*, 827 F.2d 850, 852 (1st Cir. 1987); *McInnis v. A.M.F., Inc.*, 765 F.2d 240,

---

[2] Under Fed. R. Evid. 408, evidence of settlement offers and acceptances is not admissible on the issues of liability or damages, but may be admissible for other purposes "such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Centillion Data Sys. v. Ameritech Corp.*, 193 F.R.D. 550, 553 (S.D. Ind. 1999) (quoting Rule 408); see, e.g., *McHann v. Firestone Tire & Rubber Co.*, 713 F.2d 161, 166 (5th Cir. 1983); see also *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985) (clarifying that Rule 408 applies to completed agreements). Dexia does not—and cannot—rely on Rule 408 to compel disclosure of the confidential settlement amounts.

2

247 (1st Cir. 1985); *McHann v. Firestone Tire & Rubber Co.,* 713 F.2d 161, 166-67 (5th Cir. 1983); *Hasbrouck v. BankAmerica Housing Services,* 187 F.R.D. 453, 458 (N.D.N.Y. 1999), *aff'd,* 190 F.R.D. 42, 45 (N.D.N.Y. 1999); *Grove Fresh Distribs. v. John Labatt Ltd.,* 888 F. Supp. 1427, 1441 (N.D. Ill. 1995), *aff'd,* 134 F.3d 374 (7th Cir. 1998); *Flynn v. Portland Gen. Elec. Corp.,* No. 88-455, 1989 WL 112802, at *2 (D. Or. Sept. 21, 1989); *Young v. Verson Allsteel Press Co.,* 539 F. Supp. 193, 195-96 (E.D. Pa. 1982).

As set forth below, Dexia has not even established that the confidential settlement amounts are relevant to claims or issues in the Dexia litigation, let alone made a particularized showing of the likelihood that admissible evidence will be generated. Nor has Dexia proffered a rationale for disclosure on this motion that would override the interest in confidentiality.

A. **Dexia's Internal Valuation**

Dexia's internal analysis of the value of Plaintiffs' case is not factual information relevant to the claim or defense of any party, including Dexia. Indeed, KPMG US's decision to settle different litigations at different times for some consideration is not a fact relevant to the claims being asserted against Dexia. Moreover, settlement amounts do not necessarily reflect the value of claims, and Dexia's desire for assistance with this business assessment is not an appropriate reason for disclosing confidential settlement terms. Confidential settlement information does not become relevant or discoverable simply because it might assist a party in making a business decision on whether to settle or try cases or in formulating negotiation strategies of its own. *See, e.g., All AT&T Corp. Fiber Optic Plaintiffs v. All AT&T Corp. Fiber Optic Defendants,* 2002 U.S. Dist. LEXIS 11219, at *8 (S.D. Ind. June 5, 2002); *Centillion Data Sys. v. Ameritech Corp.,* 193 F.R.D. 550, 553 (S.D. Ind. 1999); *Doe v. Methacton School Dist.,* 164 F.R.D. 175, 176 (E.D. Pa. 1995). The interest in disclosure is further reduced by the fact

3

that settlements do not necessarily reflect the value of claims and therefore this information has limited, if any, probative value. *See, e.g., McInnis,* 765 F.2d at 247, 249; *Centillion,* 193 F.R.D. at 552. Finally, because confidentiality was an important part of the negotiations between KPMG US and Plaintiffs in the Settled Cases, compelling disclosure would undermine KPMG US's reliance interests, work an injustice, and unnecessarily inhibit future settlements. *See, e.g., In re Franklin Nat'l Bank Sec. Litig.,* 92 F.R.D. 468, 472 (E.D.N.Y. 1981), *aff'd,* 677 F.2d 230 (2d Cir. 1982).[3] In sum, Dexia's purported interest in evaluating Plaintiffs' case with settlement information of limited, if any, probative value for such a purpose, is neither an appropriate basis to compel disclosure nor, even if it was, would it outweigh KPMG US's interest in enforcement of negotiated confidentiality provisions in different litigations.

### B.  Damage Reduction

Dexia also blithely asserts, without support, that settlement amounts paid by KPMG US in other litigations will reduce Plaintiffs' damages against Dexia in these actions. (*See* Dexia Mot. at 4.) Yet, Dexia and KPMG US were not even co-defendants in the actions or in any of the Settled Cases.[4] While it is theoretically possible, depending on the relevant law and many other contingencies, that the damages of a non-settling joint tortfeasor may be reduced by the settlement amount of a settling joint tortfeasor in the same action (*e.g., Harvey v. Essex Bancorp, Inc.,* 25 Mass. App. Ct. 323, 326 (Mass. App. Ct. 1988)), Dexia has not shown that any damages

---

[3] Dexia's reliance on *U.S. Equal Employment Opportunity Commission v. Rush Prudential Health Plans* is misplaced. (*See* Dexia Mot. at 4, citing No. 97-C-3823, 1998 WL 156718, at *2-3 (N.D. Ill. Mar. 31, 1998).) There, a government agency acting in the public interest requested disclosure of the amount of settlement paid by defendant to another plaintiff in the same case to determine whether it should take further action to protect the public interest. *Id.,* at *2. The court held that the agency's role in enforcing federal anti-discrimination laws outweighs any private right to confidentiality. *Id.,* at *5. In contrast, Dexia is a private corporation seeking to force disclosure of confidential settlement terms to "value" the case against it.

[4] The above-captioned actions were not consolidated with the Settled Cases.

4

assessed against it in the future will be offset by whatever Plaintiffs received from non-party KPMG US in other actions—nor can it make such a showing. In any event, at this early stage of the litigation, Dexia is moving to compel disclosure of confidential information on the speculative and hypothetical assumption that, in the future, KPMG US, a non-party in the above-captioned actions, and Dexia, a Defendant therein, will be declared joint tortfeasors. Prior to any such determination, there is no basis for compelled disclosure. *Cf. Bio-Vita, Ltd. v. Rausch*, 759 F. Supp. 33, 38-39 (D. Mass. 1991) ("Here, no one has become jointly liable. Indeed, for defendants to have a right of contribution . . . a jury would first have to find defendants and plaintiffs jointly liable"). By the same principle, reduction assumes no relevance unless KPMG US and Dexia are determined at trial to be joint tortfeasors.[5]

Even assuming *arguendo* that KPMG US and Dexia were *a priori* presumed to be joint tortfeasors as a matter of law prior to any determination to that effect, because there is no judgment of any kind, several or individual, against Dexia, the confidential information lacks current relevance. The requested information only could be "relevant to the court at the time of the verdict when the court is required to off-set damages [of joint tortfeasors]." *Wetherell v.*

---

[5] Nor has Dexia proffered a basis for any determination of joint tortfeasor status. Dexia's citations to the Private Securities Litigation Reform Act ("PSLRA") and *Bennett v. La Pere* are misguided. (*See* Dexia Mot. at 3-4, citing 15 U.S.C. § 78u-4(f)(7)(B) and 112 F.R.D. 136, 138-39 (D.R.I. 1986).) The cited section of the PSLRA addresses a partial settlement in the *same* multiparty action, and *Bennett* considers the request for a settlement agreement of a former co-defendant from the *same* action in light of Rhode Island's particular statute on contribution among joint tortfeasors. Dexia also erred in relying on the set-off rule in *Duttle v. Bandler & Kass*. (*See* Dexia Mot. at 4, citing No. 82 CIV. 5084, 1990 WL 52147, at *3-4 (S.D.N.Y. April 17, 1990).) *Duttle* stands for the proposition that a plaintiff only merits a single recovery from those who were part of the same fraudulent course of conduct contributing to nondivisible damages. In their complaints in the Settled Cases and in the above-captioned actions, however, Plaintiffs allege that KPMG US and Dexia had different roles in connection with L&H and engaged in two separate courses of conduct, which caused divisible harms to Plaintiffs. *See, e.g., Beck v. Manistee County*, No. 1:97-CV-533, 2005 WL 3262437, at *2 (W.D. Mich. Dec. 1, 2005). The complaints highlight Dexia's distinct role in L&H's banking activities. For example, Plaintiffs claim that Dexia had L&H officials enter into "credit default swaps" to disguise that the officials had personally guaranteed millions of dollars in L&H bank loans. (*See, e.g.,* Complaint, No. 04-10501, at ¶¶ 4, 8; Complaint, No. 04-10477, at ¶¶ 7-8.) In any event, this Court need not even reach the issue of divisible harms and joint tortfeasor status prior to adjudication of proportional responsibility and entry of a judgment.

*Central Scientific Co.*, No. 76471, 1995 Mont. Dist. LEXIS 554, at *8 (Mont. Dist. Nov. 21, 1995). Because the possibility of a judgment in the future is, at this point, remote and purely hypothetical, Dexia's motion is premature. *See, e.g., Avramides v. First Nat'l Bank of Maryland*, No. 87 Civ. 5732, 1992 WL 49174, at *1 (S.D.N.Y. Mar. 4, 1992) (denying motion to compel disclosure of a confidential settlement agreement without prejudice as "premature" due to absence of pending crossclaim for indemnification); *Bottaro*, 96 F.R.D. at 160 (denying motion to compel prior to entry of a final judgment against defendant seeking disclosure of confidential settlement agreement).[6]

Dexia would have this Court let "the genie out of the bottle" in the early pretrial stages where any judgment is a remote contingency. Therefore, Dexia's purported rationale—that it needs the settlement amounts to calculate a reduction in Plaintiffs' damages award—cannot justify disclosure now. Even apart from the remote contingency of a judgment imposing joint and several liability at a trial which has yet to be scheduled, prior developments in these actions, such as this Court's decision on Dexia's dispositive motion for judgment on the pleadings, may moot the need to evaluate whether the negotiated confidentiality provisions should be compromised for the reasons articulated above. At this time, the concern for confidentiality clearly outweighs any remote showing of need for the requested discovery, making Dexia's motion thus premature at best.

---

[6] For this reason, Dexia places an undue emphasis on *Bennett*, a case in which the disclosure of an accord had *immediate* relevance, if not dispositive significance, to the merits of the claims of a non-settling defendant at the pretrial stage. *See* 112 F.R.D. at 138-39.

6

## CONCLUSION

For the foregoing reasons, KPMG US respectfully submits that Dexia's motion to compel should be denied in entirety with prejudice or, in the alternative, denied without prejudice to renew when a judgment, if any, is entered.

Dated: Boston, Massachusetts
June 30, 2006

Respectfully submitted,

By: /s Kristin G. McGurn
Kevin J. Lesinski (BBO #554140)
Kristin G. McGurn (BBO #559687)

SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028

DAVIS POLK & WARDWELL
Michael P. Carroll
Michael S. Flynn
Sheila V. Barrett
Phineas E. Leahey
450 Lexington Avenue
New York, New York 10017

*Counsel for Non-Party KPMG LLP*

---

Certificate of Service

I, Kristin G. McGurn, hereby certify that a true copy of the above document was served upon the attorney of record for each party electronically and by first-class mail on June 30, 2006.

/s/ Kristin G. McGurn

---