## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated, <br>     Plaintiffs, <br>     v. <br> DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA), <br>     Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company, <br>     Plaintiffs, <br>     v. <br> DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA), <br>     Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust, <br>     Plaintiffs, <br>     v. <br> DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA), <br>     Defendants. | No.: 04-CV-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC, <br>     Plaintiffs, <br>     v. <br> DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA), <br>     Defendants. | No.: 04-CV-10501 (PBS) |

## PLAINTIFFS' OPPOSITION TO DEXIA BANK BELGIUM'S *DE FACTO* CROSS-MOTION FOR THIRTY (30) DAYS TO PREPARE LETTERS ROGATORY EXAMINATION QUESTIONS

On June 30, 2006, Dexia filed its Response to Plaintiffs' Motion For Issuances Of Request For International Judicial Assistances (Letters Rogatory). Significantly, Dexia does not oppose Plaintiffs' motion. Rather, Dexia "requests that it be allowed 30 days to prepare its own written questions for each witness, to be appended to the letters rogatory before delivery to any Belgian authority." In effect, Dexia's response seeks affirmative relief and, as such, should be treated as a cross-motion.

In opposition to this cross-motion, Plaintiffs state as follows:

1.      Dexia did not confer with Plaintiffs in advance of submitting this request. While Plaintiffs do not oppose Dexia's right to seek testimony *via* letters rogatory independently, Plaintiffs do not believe that their request should be suspended for 30 days to allow Dexia to prepare its examinations. Plaintiffs' letters rogatory are directed at six former Dexia employees and executives. All six individuals have been repeatedly referenced in Dexia's initial disclosures, interrogatory responses, document production and/or prior depositions. To the extent Dexia believed that testimony from these individuals was relevant or necessary for its defense in this case, Dexia was obviously free to seek such testimony *via* its own motion for letters rogatory. That Dexia did not do so speaks volumes as to the purported need for Dexia to cross-examine its own witnesses.

2.      To the extent that Dexia wished to prepare its own written questions for these witnesses to be appended to Plaintiffs' current request, it should have done so by June 30, 2006, when its response to Plaintiffs' motion was due. Instead, Dexia apparently sat on its hands, and now seeks to further needlessly delay discovery by asking that it be allowed an additional thirty days *following* the Court's ruling on Plaintiffs' unopposed motion to prepare its own questions. There is no basis to grant this request. Dexia has had Plaintiffs' questions since June 16, and has

1

provided no explanation as to why it has not been able to prepare written questions directed at six former Dexia's employees and executives since that time.

3.      To the extent the Court considers Dexia's cross-motion to belatedly append its own written questions for these witnesses, Dexia should be required to do so by no later than July 14, 2006. Moreover, this Court should also order Dexia to provide Plaintiffs with certified Dutch/French translations of its proposed questions by that date. Translated examinations must be provided to the Belgian authorities and Plaintiffs should neither suffer further delay awaiting Dexia to provide translations, nor have to pay translators to translate Dexia's questions. Finally, to the extent that the Court permits Dexia's request, this Court should permit Plaintiffs one week to prepare re-direct examination, as provided under 22 C.F.R. § 92.58, if warranted.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that Dexia's request for thirty days to prepare written question be denied.

Dated: July 7, 2006                    Respectfully submitted,

                                       **BERMAN DEVALERIO PEASE**
                                       **TABACCO BURT & PUCILLO**

                                       _____/s/ Patrick T. Egan_____
                                       Glen DeValerio, BBO # 122010
                                       Patrick T. Egan, BBO # 637477
                                       (pegan@bermanesq.com)
                                       One Liberty Square
                                       Boston, MA 02109
                                       Telephone: (617) 542-8300

                                       **SHALOV STONE & BONNER LLP**
                                       James P. Bonner
                                       Patrick L. Rocco
                                       485 Seventh Avenue, Suite 10000
                                       New York, New York 10018
                                       Telephone: (212) 239-4340

CAULEY BOWMAN CARNEY & WILLIAMS PLLC
Allen Carney
11001 Executive Center Drive, Suite 200
Little Rock, Arkansas 72212
Telephone: (501) 312-8500

*Co-lead Counsel to Class Plaintiffs*
*Hans A. Quaak, Karl Leibinger and Attilio Po*

**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**

/s/ Avi Josefson
Max W. Berger
Steven B. Singer
Avi Josefson
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400

**LOONEY & GROSSMAN LLP**
Richard J. Grahn, BBO #206620
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800

*Counsel to Plaintiffs Stonington Partners, Inc.,*
*Stonington Capital Appreciation 1994 Fund L.P.*
*and Stonington Holdings L.L.C.*

**GREGORY P. JOSEPH LAW OFFICES LLC**

/s/ Susan M. Davies
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
805 Third Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 407-1200

**KOTIN, CRABTREE & STRONG**
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone:  (617) 227-7031

*Counsel to Plaintiffs Gary B. Filler and Lawrence*
*Perlman, Trustees of the TRA Rights Trust*

**PARTRIDGE, ANKNER & HORSTMAN LLP**

_____ /s/ Terence K. Ankner _____
Terence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone:  (617) 859-9999

**BOIES SCHILLER & FLEXNER**
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida  32801
Telephone:  (407) 425-7118

**REED SMITH LLP**
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone:  (215) 851-8100

*Counsel to Plaintiffs Janet Baker, James Baker,*
*JKBaker LLC and JMBbaker LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF).  A paper copy of this document has been mailed in accordance with F.R.C.P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

_____ /s/ George R. Coe _____