## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>                Plaintiffs,<br><br>      v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>                Defendants. | Civil Action No.: 04-10501 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>                Plaintiffs,<br><br>      v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>                Defendants. | Civil Action No.: 04-10477 (PBS) |

| | |
|---|---|
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., S.A.)<br><br>　　　　　　　Defendants. | Civil Action No.: 04-10411 (PBS) |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEXIA BANK BELGIUM'S MOTION TO COMPEL A COMPLETE RESPONSE TO ITS SECOND SET OF INTERROGATORIES TO BAKER, FILLER AND STONINGTON PLAINTIFFS

| | |
|---|---|
| CLIFFORD CHANCE US LLP<br><br>James B. Weidner<br>Thomas Teige Carroll<br>31 West 52nd Street<br>New York, NY 10019<br>(212) 878-8000<br>(212) 878-8375 fax | MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO<br><br>Peter M. Saparoff (BBO#441740)<br>Breton Leone-Quick (BBO#655571)<br>One Financial Center<br>Boston, Ma 02111<br>(617) 542-6000<br>(617) 542-2241 fax |

*Counsel for Dexia Bank Belgium, S.A.*

Defendant Dexia Bank Belgium ("Dexia") respectfully submits this Reply Memorandum of Law in further support of its Motion to Compel a Complete Response to its Second Set of Interrogatories to Baker, Filler and Stonington Plaintiffs.

## PRELIMINARY STATEMENT

As a threshold matter, it should be noted that only KPMG, a non-party, has opposed Dexia's motion to compel. Plaintiffs do not oppose it, stating that in failing to disclose the KPMG Settlement Amounts they are only "complying with their contractual obligations. . . ." (Resp. to Dexia Bank Belgium's Mot. to Compel a Complete Response to Its Second Set of Interrogs. to Baker, Filler and Stonington Plaintiffs, at 2.)

KPMG's opposition should be disregarded, however, because KPMG has no standing to oppose the motion: it has not moved to intervene in these actions and in any case cannot establish intervenor status. Nonetheless, even if KPMG's arguments were properly before the Court they would fail for the following reasons:

- Dexia need not make any particularized showing of admissibility because Rule 408 of the Federal Rules of Evidence has no application in the context of discovery and because the policy encouraging settlement is not contravened by the disclosure sought; and

- The KPMG Settlement Amounts, which directly relate to what Plaintiffs have already recouped for the injury they claim both Dexia and KPMG are responsible for, more than meet Rule 26's low threshold standard for relevance in discovery.

Accordingly, KPMG's arguments are unavailing and Plaintiffs should be compelled to disclose the KPMG Settlement Amounts.

**ARGUMENT**

**I.    KPMG DOES NOT HAVE STANDING TO OPPOSE DEXIA'S MOTION TO COMPEL**

The Court should disregard KPMG's arguments because KPMG has not and cannot show a right to intervene. A non-party must first intervene before seeking relief in discovery matters. FED. R. CIV. P. 24(c); *see also, e.g.*, *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988) (requiring that a nonparty secure Rule 24 intervenor status in order to challenge a protective order). KPMG has ignored this standing requirement, failing to cite any case, statute or local rule that would permit them to file an opposition to Dexia's Motion to Compel without intervening in these cases pursuant to Rules 5 and 24(c) of the Federal Rules of Civil Procedure.[1]

Even if KPMG had so moved, such a motion would have been denied. Intervention as of right under Rule 24(a) is only appropriate where "(1) [the non-party] claims a sufficient interest in the proceedings, and (2) that interest is not 'adequately represented by existing parties.'" *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972) (quoting FED. R. CIV. P. 24(a)). An interest in matters peripheral to the litigation, such as this attempt to protect the confidentiality of discoverable material, does not rise to a "sufficient interest" in the proceeding. *See, e.g.*, *Liberty Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 208 (E.D. Pa. 2005) (denying intervention because non-party attempt to protect confidentiality "relate[d] only to discovery and was peripheral to litigation"). Moreover, KPMG's interest is more than sufficiently protected here, because Dexia has agreed to maintain the confidentiality of the

---

[1] Nor do the local rules permit KPMG to file an opposition to Dexia's Motion to Compel. Local Rule 37.1(c) of the Local Rules of the United States District Court for the District of Massachusetts only permits an "opposing *party*" to submit a memorandum in response to a discovery motion. *Id.* (emphasis added). No other section of the rules permit opposition to discovery motions. KPMG's counsel has neglected even the simple requirement of filing a notice of appearance pursuant to Local Rule 83.5.2.

2

KPMG Settlement Amounts in accordance with the stipulation and order regarding discovery executed in the present case. *Cf. Griffin v. Mashariki*, No. 96 CIV 6400 (DC), 1997 WL 756914, at *3 (S.D.N.Y. Dec. 8, 1997) (finding an additional confidentiality agreement between the parties to cover disclosure of settlement sufficiently addressed initial expectation of confidentiality).

Nor is permissive intervention appropriate in this case, because KPMG does not posses a "claim or defense" involving a legal issue in common with "the main action." FED. R. CIV. P 24(b). Rather, KPMG's interest is solely that of preventing disclosure of the KPMG Settlement Amounts. This interest does not warrant permissive intervention. *Liberty Res.*, 395 F. Supp. 2d at 208 (denying permissive intervention for non-party attempt to safeguard confidentiality of discovery materials).

For these reasons, the Court should disregard KPMG's improperly filed opposition to Dexia's motion to compel. As will appear below, however, the opposition fails for substantive reasons as well.

## II. DEXIA IS ENTITLED TO DISCLOSURE OF THE KPMG SETTLEMENT AMOUNTS

### A. Mere Confidentiality is no Bar to Disclosure of Settlement Agreements

Dexia is not required to make a "particularized" showing that the KPMG Settlement Amounts are admissible simply because they are part of a confidential settlement agreement. "Settlement-related information, including settlement agreements, are governed by [FED. R. CIV.

3

P. 26] and are discoverable without a heightened showing of relevance." *Griffin*, 1997 WL 756914, at *1. Numerous courts have held the same.[2]

The "particularized showing" requirement of *Bottaro v. Hatton Assocs.*, 96 F.R.D. 158 (E.D.N.Y. 1982), on which KPMG relies, posits that in order to encourage settlement, "unnecessary intrusions" into the bargaining table are to be avoided, as embodied in Rule 408 of the Federal Rules of Evidence. *Id.* at 160. But questions of admissibility are distinct from those of discoverability:

> Rule 408 of the Federal Rules of Evidence precludes the use of settlement-related materials as a means of establishing or disproving liability, but expressly allows for the use of such materials at trial for certain purposes, including impeachment. *Notably, Rule 408 does not limit disclosure of settlement materials during discovery.*

*Griffin*, 1997 WL 756914 at *2 (emphasis added); *see also, e.g., Channelmark Corp v. Destination Prods. Int'l, Inc.*, No. 99 C 214, 2000 WL 968818, at *4-5 (N.D. Ill. Jul. 7, 2000) (finding that the public policy argument in favor of keeping settlement agreements confidential is based on Federal Rule of Evidence 408 which does not necessarily protect such evidence from discovery); *Bank Brussels*, 1996 WL 71507, at *3 (policy behind Rule 408 does not require any special restriction on Rule 26 because the discovery rules do not affect admissibility).

---

[2] *See, e.g., In re Initial Pub. Offering Sec. Litig.*, No. 21 MC 92 (SAS), 2004 WL 60290, at *4-5 (S.D.N.Y. Jan. 12, 2004); *Johnson Matthey, Inc. v. Research Corp.*, No. 01-CV-8115 MBM FM, 2003 WL 24136087, at *3 (S.D.N.Y. June 16, 2003); *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 302 (D. Kan. 2000); *Salgado v. Club Quarters, Inc.*, No. 96 Civ. 383, 1997 WL 269509, at *1 (S.D.N.Y. May 20, 1997); *Collister Alley Music, Inc. v. Warner Bros. Records Inc.*, No. 96 Civ. 1762, 1997 WL 198081, at *1 (S.D.N.Y. April 22, 1997); *Tribune Co. v. Purcigliotti*, No. 93 Civ. 7222, 1996 WL 337277, at *1-2 (S.D.N.Y. June 19, 1996); *SEC v. Thrasher*, No. 92 Civ. 6987, 1996 WL 94533, at *1-2 (S.D.N.Y. Feb.27, 1996); *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, Nos. 93 Civ. 5298, 93 Civ. 8270, 1996 WL 71507, *2-4 (S.D.N.Y. Feb.20, 1996); *Bennett v. La Pere*, 112 F.R.D. 136, 139 (D. R.I. 1986).

Nor is the policy encouraging settlement contravened by disclosure of the KPMG Settlement Amounts, for two reasons. First, Dexia has agreed to safeguard their confidentiality. This measure is deemed more than sufficient to satisfy the policy encouraging settlement. *Griffin*, 1997 WL 756914 at *3; *E.E.O.C. v. Rush Prudential Health Plans*, No. 97 C 3823, 1998 WL 156718, at *5 (N.D. Ill. Mar. 31, 1998) (fact that confidentiality could be safeguarded through a protective order outweighed public policy encouraging settlement).[3]

Second, the policy favoring settlement that *Bottaro* and Rule 408 seek to advance applies to negotiations and offers *prior* to settlement, not to cases where, as here, a settlement has been completed. Where the parties have already settled, disclosure can no longer inhibit settlement and the policy is no longer implicated. As the *Bennett* court put it, "the climate changes when a settlement is achieved. The fears which might inhibit the making of offers in the absence of Rule 408 do not apply in such circumstances. No discouragement attends discoverability anent completed compromises." *Bennett*, 112 F.R.D. at 140; *Cf. E.E.O.C. v. Astra USA, Inc.*, 94 F.3d 738, 744-45 (1st Cir. 1996) (disclosing confidential settlements does not violate public policy because it does not promote further litigation between the settling parties).

---

[3] In any case, the narrowly limited disclosure sought in this case further minimizes the risk of prejudice. *Cf. Bank Brussels*, 1996 WL 71507, *4 (noting that disclosure of a settlement amount meets the need for information concerning reduction of damages).

### B.     The KPMG Settlement Amounts are Relevant

Further, KPMG's assertions that case assessment and strategy and reduction of damages are insufficient to meet the relevance standard are baseless.  Plaintiffs themselves have conceded the discoverability of settlement amounts, having disclosed to Dexia other settlements in prior litigation.  (*See* Carroll Decl. Exs. D, E, F.)  Likewise, Courts have dismissed arguments that case assessment is not a valid rationale for disclosure of settlements under Rule 26.  *Bennett*, 112 F.R.D at 139; *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 367 (N.D. Ill. 2001) (finding overlapping claims between settling and non-settling defendants warranted disclosure of settlement amount).

As to the reduction of damages, moreover, KPMG asserts that the Settlement Amounts are not relevant because Dexia has not yet been declared a joint tortfeasor with KPMG.  (Mem. in Opp. at 4.)  KPMG cites only a single case in support of this proposition, *Bio-Vita, Ltd. v. Rausch*, 759 F. Supp. 33 (D. Mass. 1991), offered as mere analogy.  Actually, *Bio-Vita* has nothing to do with discovery at all.  Instead, the court was addressing a motion to dismiss a counterclaim, and in the portion of the case cited by KPMG, does nothing more than discuss the settled principle that "'counterclaims for contribution or indemnification cannot be raised as counterclaims since they are not matured.'"  *Id.* at 38 (quoting J. MOORE & R. FREER, MOORE'S FEDERAL PRACTICE ¶ 13.32 (2d ed. 1990)).  This analogy fails in the context of discovery and Rule 26's broad scope, which includes confidential settlement information as shown above. KPMG's argument is thus inapplicable in the present circumstances.[4]

---

[4]     KPMG's contention (Mem. in Opp. at 5) that it is premature to address this issue at this "early stage of the litigation" ignores the fact that these cases are two years old, and discovery has closed.  In any case, its argument that Dexia cannot establish joint tortfeasor status is incorrect.  KPMG's attempt to distinguish the

(continued…)

## CONCLUSION

For all of the foregoing reasons, as well as for those reasons set out in Dexia's opening memorandum in support of its motion to compel, the Baker, Filler and Stonington Plaintiffs should be compelled to provide a complete response to Dexia's Second Set of Interrogatories.

Dated: Boston, Massachusetts
July 14, 2006

Respectfully submitted,

/s/ Breton Leone-Quick

| | |
|---|---|
| CLIFFORD CHANCE US LLP<br>James B. Weidner<br>Thomas Teige Carroll<br>31 West 52nd Street<br>New York, NY 10019<br>Tel:  (212) 878-8000<br>Fax:  (212) 878-8375 | Peter M. Saparoff (BBO#441740)<br>Breton Leone-Quick (BBO#655571)<br><br>MINTZ LEVIN COHN FERRIS<br>GLOVSKY & POPEO<br>One Financial Center<br>Boston, MA 02111<br>Tel:  (617) 542-6000<br>Fax:  (617) 542-2241 |

*Counsel for Dexia Bank Belgium, S.A.*

---

(continued…)

    PSLRA and *Bennett* because they involve parties to the same action, whereas here Dexia was sued separately from KPMG, places form over substance.  Its attempt to distinguish *Duttle* fails for similar reasons.  Plaintiffs have clearly suffered an indivisible harm because their claims against KPMG and Dexia are the same: both companies allegedly contributed to the inflation of L&H's financial statements or induced Plaintiffs' reliance on those statements to their detriment.  The Filler and Stonington Complaints explicitly indicate that both the KPMG actions and the present actions are "related" and "arise[] out of the massive fraud that was perpetrated at L&H." (Filler Compl. 1, Stonington Compl. 1.)  The Baker, Filler and Stonington Complaints all contain virtually identical allegations.  Finally, all the complaints, against KPMG and Dexia both, seek the total value of L&H stock at the time of the merger.  *See, e.g.*, Amended Compl. at 1, Baker v. KPMG LLP, No. 01-380 (D. Del. Dec. 17, 2001); Baker Compl. at 1.  The single case cited by KPMG on the divisible harm issue, *Beck v. Manistee Co.*, No. 1:97-CV-533, 2005 WL 3262437 (W.D. Mich. Dec. 1, 2005), is completely inapplicable because it deals with section 1983 violations arising from separate courses of conduct, not a single, indivisible injury as is alleged here.

**Certificate of Service**

    I, Breton Leone-Quick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 14, 2006.

  /s/  Breton Leone-Quick                                        Dated:  July 14, 2006