**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10501 (PBS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEXIA'S MOTION TO STRIKE ADDITIONAL LETTERS ROGATORY QUESTIONS FILED BY PLAINTIFFS**

Peter M. Saparoff (BBO#567379)　　James B. Weidner
Breton Leone-Quick (BBO#391000)　　Jeff E. Butler
Eóin P. Beirne (BBO#660885)　　　　CLIFFORD CHANCE US LLP
MINTZ LEVIN COHN FERRIS　　　　31 West 52nd Street
GLOVSKY & POPEO　　　　　　　　New York, NY 10019-6131
One Financial Center　　　　　　　　Tel:　(212) 878-8000
Boston, MA 02111　　　　　　　　　Fax:　(212) 878-8375
Tel:　(617) 542-6000
Fax:　(617) 542-2241　　　　　　　　*Counsel for Dexia Bank Belgium*

Defendant Dexia Bank Belgium ("Dexia") submits this Memorandum of Law in support of its Motion to Strike Additional Letters Rogatory Questions Filed by Plaintiffs on August 14, 2006. In addition to this Memorandum, Dexia also submits the Declaration of Jeff E. Butler dated September 8, 2006 ("Butler Decl.").

## Preliminary Statement

This Court has authorized the issuance of certain letters rogatory requested by Plaintiffs, provided that the letters include cross-examination questions from Dexia. Two weeks after submission of the cross-examination questions by Dexia, Plaintiffs filed numerous redirect and supplemental questions to be added to those originally submitted to the Court. The redirect questions were not authorized by the Court, and in any event were not filed in a timely manner. Similarly, the supplemental questions were unauthorized, and they were filed *two months* after the close of merits discovery. Plaintiffs have no excuse for their delay in proposing these new questions for the letters rogatory authorized by the Court. Under these circumstances, the additional questions should not be included in the final letters rogatory.

## Background

Under the operative scheduling order, merits discovery concluded on June 16, 2006. On the final day of merits discovery, a motion for issuance of letters rogatory was filed on behalf of all Plaintiffs seeking deposition testimony from six former employees of Dexia. The motion papers included sets of written questions for each witness prepared by Plaintiffs, comprised of more than 1,200 questions. Plaintiffs did not give Dexia any advance notice of their intent to make this request, and did not offer Dexia any time to prepare cross-examination questions. Accordingly, Dexia responded to the motion by requesting time from the Court to prepare its own sets of questions for each witness. Plaintiffs opposed Dexia's request, but also asked the

Court to give Plaintiffs one week to prepare redirect questions in the event Dexia's request was granted. (*See* Butler Decl. Ex. A, at 2.)

On July 15, 2006, Magistrate Judge Collings entered an electronic Order granting the motion for issuance of letters rogatory, but also giving Dexia until July 31, 2006, to file its own sets of written questions for each witness. The Order did not address Plaintiffs' request for one week to prepare redirect questions. Instead, the Order states: "After July 31, 2006, counsel for plaintiffs shall work with the Clerk's Office to insure that the letters rogatory are expeditiously processed in the proper manner." (*See* Electronic Order entered on July 15, 2006.)

In full compliance with the Order, Dexia filed sets of written questions for each witness on July 31, 2006. Two weeks later, without conferring with Dexia or seeking any authorization from the Court, Plaintiffs filed a "Response" to the written questions filed by Dexia, which includes sets of redirect questions for five of the six witnesses. (Butler Decl. Ex. B.)[1]

On the same date, the Transactional Plaintiffs filed a "Notice of Supplemental Written Questions," again without conferring with Dexia or seeking authorization from the Court. (Butler Decl. Ex. C.) This Notice attaches new sets of questions for two of the witnesses, Rene Avonts and Geert Dauwe, comprised of more than 100 new questions. The Notice does not provide any explanation for Plaintiffs' failure to include these questions in the original sets of questions submitted to the Court.

---

[1] Plaintiffs also filed objections to the cross-examination questions submitted by Dexia. There is no rule or practice that requires objections to letters rogatory questions at this stage, and Dexia takes the position that all objections to letters rogatory questions are preserved until such time as testimony obtained using the letters rogatory is submitted to the Court.

**Argument**

I. **PLAINTIFFS' REDIRECT QUESTIONS SHOULD NOT BE INCLUDED IN THE LETTERS ROGATORY.**

The Court has not authorized redirect questions from the Plaintiffs, and they should not be included in the final letters rogatory. Plaintiffs expressly requested permission to file redirect questions one week after receiving cross-examination questions from Dexia. The Court did not grant that request. For this reason alone, the new redirect questions are inappropriate.

In addition, Plaintiffs' redirect questions are untimely. Plaintiffs asked the Court for one week to file redirect questions, which is consistent with the practice under the Federal Rules for depositions on written questions. *See* Fed. R. Civ. P. 31(a)(4) (requiring redirect questions within seven days after service of cross questions). Ignoring this, Plaintiffs filed their redirect questions *two weeks* after Dexia filed its cross-examination questions, without offering any explanation for their delay. For this additional reason, Plaintiffs should not be allowed to add their redirect questions to the final letters rogatory.

II. **PLAINTIFFS' SUPPLEMENTAL QUESTIONS SHOULD NOT BE INCLUDED IN THE LETTERS ROGATORY.**

The unauthorized "supplemental" questions submitted by the Transactional Plaintiffs should also be excluded from the proposed letters rogatory. The Transactional Plaintiffs did not seek any authorization to file these new questions. Now, more than two months *after* the close of merits discovery, the Transactional Plaintiffs simply have no basis for submitting what amounts to new merits discovery. Enough is enough.

The new questions all relate to L&H's acquisitions of Dictaphone and Dragon, including Artesia's role in providing financing for the Dictaphone acquisition. Artesia's involvement in the Dictaphone transaction was a matter of public record in 2000, and has been known to Plaintiffs from the beginning of this litigation. There is no reason why questions concerning

3

these transactions could not have been included in the original sets of questions submitted on behalf of all Plaintiffs on the last day of merits discovery.

The Transactional Plaintiffs have asserted that these new questions relate to whether their alleged losses were foreseeable by Dexia, and that they were not aware of this issue until Dexia filed a motion for judgment on the pleadings on June 22, 2006. That argument is meritless. The Transactional Plaintiffs have always been aware that foreseeability of harm is an element of their common law claims against Dexia. Indeed, this very issue was discussed in a related case involving the Transactional Plaintiffs that predated this litigation against Dexia. *See Filler v. Hanvit Bank*, 247 F. Supp. 2d 425, 431 (S.D.N.Y. 2003). The Transactional Plaintiffs therefore cannot claim that this is a "new" issue justifying an extension of the merits discovery period.

## Conclusion

For all the foregoing reasons, Dexia's Motion to Strike Additional Letters Rogatory Questions Filed by Plaintiffs should be granted, and the additional questions proposed by Plaintiffs should not be included in the letters rogatory previously authorized by the Court.

Dated: September 8, 2006

Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY & POPEO

By: /S/ Eóin P. Beirne
    Peter M. Saparoff (BBO#441740)
    Breton Leone-Quick (BBO#655571)
    Eóin P. Beirne (BBO#660885)

One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241

James B. Weidner
Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
Tel:    (212) 878-8000
Fax:   (212) 878-8375

*Counsel for Dexia Bank Belgium*

5