## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10501 (PBS) |

### TRANSACTIONAL PLAINTIFFS' OPPOSITION TO DEXIA'S MOTION TO STRIKE ADDITIONAL LETTERS ROGATORY QUESTIONS FILED BY PLAINTIFFS

Plaintiffs in the above-captioned actions hereby submit their opposition to Dexia's Motion to Strike Additional Letters Rogatory Questions Filed by Plaintiffs (Dkt. No. 172).

### I.   PRELIMINARY STATEMENT

#### A.   TRANSACTIONAL PLAINTIFFS' SUPPLEMENTAL QUESTIONS

On August 14, 2006, plaintiffs in the *Stonington* (04-CV-10411-PBS), *Filler* (04-CV-10477-PBS), and *Baker* (04-CV-10501-PBS) actions (collectively the "Transactional Plaintiffs") filed a notice of supplemental written questions to be appended to the letters rogatory authorized pursuant to this Court's Order dated July 17, 2006. Transactional Plaintiffs' questions all relate to Dexia's knowledge of, and involvement in, Lernout & Hauspie Speech Products' ("L&H") acquisitions of Dictaphone and Dragon. Specifically, the questions are addressed to two individuals, Rene Avonts and Geert Dauwe, who were members of Artesia Banking's Management Committee. As members of the Management Committee, Messrs. Avonts and Dauwe played significant roles in Dexia's review of certain credit proposals related to the Dictaphone and Dragon acquisitions, and also reviewed and approved Artesia's $50 million loan to L&H in early May 2000 which helped complete L&H's financing of the Dictaphone Transaction – and was a loan without which the Dictaphone Transaction would not have occurred.

Transactional Plaintiffs' questions are a direct response to Dexia's motion for judgment on the pleadings filed with the Court on June 22, 2006 – six days *after* the conclusion of fact discovery. In its motion, Dexia for the first time argued that the losses suffered by the Transactional Plaintiffs were not reasonably foreseeable to Dexia. Accordingly, Transactional Plaintiffs seek to append their questions to the already authorized letters rogatory to Messrs.

Avonts and Dauwe in order to determine the extent of Dexia's knowledge of, and involvement in, the Dictaphone and Dragon transactions.

The thrust of Dexia's argument to strike Transactional Plaintiffs' questions regarding the Dictaphone and Dragon acquisitions is that the questions are somehow "late." However, as noted above, Dexia did not assert its foreseeability argument until after the close of fact discovery. Further, the Court has authorized the issuance of the letters rogatory, but they have not yet been issued – so there is no reason why Transactional Plaintiffs' questions cannot be appended thereto.

Significantly, Dexia cannot argue that it is prejudiced in any way by the Transactional Plaintiffs' questions. As the Court is aware, discovery in these actions is continuing, with Dexia continuing to produce documents and depositions continuing to be taken. Plaintiffs have no objection to Dexia submitting cross-examination questions to Messrs. Avonts and Dauwe in response to Transactional Plaintiffs' questions. Transactional Plaintiffs noted this fact during meet and confer sessions with Dexia; however, rather than prepare its own questions, Dexia has decided to burden the Court with further motion practice.

B.   **PLAINTIFFS' REDIRECT QUESTIONS**

On the same day that Transactional Plaintiffs filed their questions addressed to Messrs. Avonts and Dauwe, plaintiffs in all of the related cases (including the Class Plaintiffs, 03-CV-11566-PBS) filed a response to Dexia's cross-examination questions to the six letters rogatory witnesses. Specifically, Plaintiffs filed a limited redirect as well as objections to Dexia's questions.[1] It is difficult to fathom Dexia's objection to Plaintiffs' redirect, as it is the logical

---

[1]   Dexia's contention that all objections to letters rogatory are preserved is flawed. *See* Memorandum of Law in Support of Dexia's Motion to Strike Additional Letters Rogatory Questions Filed by Plaintiffs, Dkt. No. 173, at p.2 n.1. Indeed, an objection to letters rogatory is only useful to the extent it affords the propounding party an opportunity to correct the purportedly objectionable question. Dexia has waived all such objections by failing to

3

next-step in the letters rogatory process and specifically authorized by the federal regulations governing letters rogatory. Further, as with Transactional Plaintiffs' questions to Messrs. Avonts and Dauwe, Dexia cannot argue that it is prejudiced by Plaintiffs' redirect in any way. Indeed, Plaintiffs stated that they do not object to Dexia filing limited re-cross examination questions during meet and confer sessions. However, instead of filing a limited re-cross, Dexia continues with its delay tactics.

## II.   ARGUMENT

### A.   TRANSACTIONAL PLAINTIFFS' SUPPLEMENTAL QUESTIONS SHOULD BE INCLUDED IN THE LETTERS ROGATORY

The Court should allow Transactional Plaintiffs' supplemental questions to Messrs. Avonts and Dauwe to be appended to the letters rogatory and deny Dexia's motion with respect to these questions. Dexia's argument that the questions come too late clearly lacks merit for a number of reasons. First, letters rogatory are not pre-trial discovery, but are evidence to be used at trial. *See* Convention on Taking Evidence Abroad in Civil or Commercial Matters, 28 U.S.C. § 1781 (stating that letters rogatory are only to be used "to obtain *evidence* ... for use in judicial proceedings, commenced or contemplated.") (Emphasis added). Thus, the June 16, 2006 fact discovery deadline arguably does not even apply to Transactional Plaintiffs' supplemental questions.

Second, even if the Court finds that the letters rogatory are formal discovery, Dexia did not raise its arguments with respect to the foreseeability of Transactional Plaintiffs' losses until *after* the discovery deadline. There is no excuse for Dexia making a Rule 12 motion after the close of discovery. Indeed, at the July 28, 2006 hearing on Dexia's motion for judgment on the

---

assert any objections to plaintiffs' letters rogatory for over three months. Plaintiffs, in contrast, served objections to Dexia's questions within two weeks, as required by Local Rule 7, affording Dexia an opportunity to address those objections by revising its questions.

pleadings, the District Court criticized the timing of Dexia's Rule 12 motion, stating: "You waited so long for the motion for judgment on the pleadings . . . ." July 28, 2006 Hearing Transcript, at p. 28, lines 7-8.[2] Thus, there is good cause for the Transactional Plaintiffs to now utilize the letters rogatory process to ask questions relating to the extent of Dexia's knowledge of, and involvement in, the Dictaphone and Dragon transactions.

Third, there is no prejudice to Dexia because it can, if it wants, submit its own questions regarding Dictaphone and Dragon. In contrast, the prejudice to Transactional Plaintiffs if the questions are not allowed is significant. As Messrs. Avonts and Dauwe are former Artesia employees, if Transactional Plaintiffs are not allowed to ask the supplemental questions, there will be no opportunity to examine these witnesses. Accordingly, the need for answers to the Transactional Plaintiffs' questions is great, and the burden minimal. Indeed, Dexia does not even attempt to argue that it will suffer any prejudice if the supplemental questions are allowed. In sum, the solution is not to prohibit Transactional Plaintiffs from asking questions, but to allow Dexia to submit its own questions in response.

**B.   PLAINTIFFS' REDIRECT QUESTIONS SHOULD BE INCLUDED IN THE LETTERS ROGATORY**

The Court should deny Dexia's effort to strike Plaintiffs' redirect questions. Redirect is the logical next-step in the letters rogatory process, and is especially critical since these foreign witnesses will not be subject to redirect and re-cross at trial. Indeed, the federal regulations dealing with letters rogatory expressly contemplate redirect and re-cross:

---

[2] It is inconceivable that counsel as experienced as Dexia's counsel simply forgot to file a Rule 12 motion at the outset of this litigation. Instead, it appears that defense counsel deliberately waited to make their motion until one week after the close of fact discovery, in order to attempt to deprive Transactional Plaintiffs of the opportunity to take discovery. Such sharp practice should not be countenanced by the Court, particularly where Dexia has the opportunity to submit its own questions on cross-examination and can show no prejudice.

> **§ 92.58 Examination on basis of written interrogatories.**
>
> Written interrogatories are usually divided into three parts:
>
> (a) The direct interrogatories or interrogatories in chief;
> (b) The cross-interrogatories; and
> (c) The redirect interrogatories.
>
> Recross-interrogatories sometimes follow redirect interrogatories.

22 C.F.R. §92.58; *see also* 22 C.F.R. § 92.57 (dealing with the oral examination of witnesses, and stating: "Cross-examination may be followed by redirect and recross-examinations until the interrogation is complete"). Dexia is clearly aware of these regulations as it cited to them when requesting the opportunity to prepare cross-examination questions. *See* Response to Motion for Issuance of Request for International Judicial Assistance (Letters Rogatory), Dkt. No. 136, at p.3.

Accordingly, Dexia's reliance on the Court's Order dated July 17, 2006 is misplaced. Plaintiffs do not need express authorization to submit redirect questions because redirect is expressly contemplated in, and authorized by, the federal regulations. Moreover, the Order does not deny Plaintiffs the opportunity to submit redirect to the letters rogatory.

The Court should also deny Dexia's motion to strike with respect to Plaintiffs' redirect questions as Dexia clearly has not been prejudiced by these questions. Indeed, Dexia does not even attempt to argue that it will suffer any prejudice if the redirect questions are allowed. Plaintiffs have made it clear that they do not object to Dexia filing re-cross. Even though Dexia has refused to do so, the proper solution is not to prohibit Plaintiffs from submitting redirect, but to allow Dexia to submit its own re-cross questions.[3]

---

[3] Dexia also argues that Plaintiffs filed the redirect one week "late" because Plaintiffs filed their questions two weeks after Dexia submitted its cross-examination questions. *See* Memorandum of Law in Support of Dexia's Motion to Strike Additional Letters Rogatory Questions Filed by Plaintiffs, Dkt. No. 173, at p.3 (citing FED. R. CIV. P. 31(a)(4)). Dexia is incorrect. Plaintiffs filed their redirect and objections within the time limit for objections set

## IV. CONCLUSION

For the foregoing reasons, Dexia's Motion to Strike Additional Letters Rogatory Questions Filed by Plaintiffs (Dkt. No. 172) should be denied. Plaintiffs' redirect questions and Transactional Plaintiffs' supplemental questions should be included in the letters rogatory authorized by the Court.

Dated: September 21, 2006

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ Avi Josefson
Max W. Berger
Steven B. Singer
Avi Josefson
(avi@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400

**LOONEY & GROSSMAN LLP**
Richard J. Grahn, BBO #206620
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800

*Counsel to Plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund L.P. and Stonington Holdings L.L.C.*

---

forth in Massachusetts Local Rule 7.1(b)(2). Moreover, this "delay" is obviously immaterial, de minimis, and certainly not grounds for striking Plaintiffs' redirect questions.

**GREGORY P. JOSEPH LAW OFFICES LLC**

/s/ Susan M. Davies
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
805 Third Avenue, 31st Floor
New York, NY  10022
Telephone:  (212) 407-1200

**KOTIN, CRABTREE & STRONG**
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone:  (617) 227-7031

*Counsel to Plaintiffs Gary B. Filler and Lawrence Perlman, Trustees of the TRA Rights Trust*

**PARTRIDGE, ANKNER & HORSTMAN LLP**

/s/ Terence K. Ankner
Terence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone:  (617) 859-9999

**BOIES SCHILLER & FLEXNER**
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida  32801
Telephone:  (407) 425-7118

**REED SMITH LLP**
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone: (215) 851-8100

*Counsel to Plaintiffs Janet Baker, James Baker, JKBaker LLC and JMBaker LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

/s/ Avi Josefson