**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br>  Plaintiffs,<br>  v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>  Defendants. | No.: 03-CV-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br>  Plaintiffs,<br>  v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>  Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br>  Plaintiffs,<br>  v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>  Defendants. | No.: 04-CV-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br>  Plaintiffs,<br>  v.<br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>  Defendants. | No.: 04-CV-10501 (PBS) |

**DECLARATION OF PATRICK T. EGAN IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEXIA BANK BELGIUM'S MOTION FOR A
PROTECTIVE ORDER LIMITING THE DURATION OF DEPOSITIONS
OF BART FERRAND AND PETER RABAEY**

Patrick T. Egan declares pursuant to 28 U.S.C. § 1746 that:

1. I am a partner at Berman DeValerio Pease Tabacco Burt & Pucillo, co-lead counsel for Class Plaintiffs in *Quaak v. Dexia*, 03-11566, listed above. Unless otherwise indicated, I have personal knowledge of the matters addressed in this declaration. I am over the age of 18 and am fully competent to testify.

2. I submit this declaration on behalf of Plaintiffs in each of the above-captioned actions, in support of Plaintiffs' Opposition to Dexia's Motion for a Protective Order.

3. Plaintiffs in each of the above-captioned actions have conducted all discovery, including deposition discovery, on a coordinated basis. Plaintiffs have jointly noticed all depositions and designated one lead lawyer to examine witnesses on issues common to all actions. Plaintiffs intend to continue this practice for the Ferrand and Rabaey depositions, however, the Stonington Plaintiffs and the Baker and Filler Plaintiffs, jointly, intend to examine these deponents about matters relevant to the claims and defenses in their respective actions that are not common to the other actions.

4. Plaintiffs first noticed the depositions of Dexia's managing agents Bart Ferrand and Peter Rabaey over a year ago, on September 15, 2005. Dexia objected to these depositions arguing that the deponents were not Dexia's managing agents for purposes of Federal Rule of Civil Procedure 30. On November 4, 2005, Plaintiffs filed a motion to compel. In opposing that motion, Dexia made no argument concerning or objection to the noticed duration of the depositions. On July 10, 2006, the Court overruled Dexia's objection and ordered that Plaintiffs may depose Ferrand and Rabaey. A true and correct copy of the Court's July 10, 2006 Memorandum and Order is annexed hereto as **Exhibit A**. Dexia did not seek review of the July 10 Order.

5.      Throughout this litigation, Dexia has taken the position that the maximum length of time for which Plaintiffs, collectively, may depose any Dexia witness is one day.  While Plaintiffs have disputed Dexia's right to unilaterally impose this limitation, Plaintiffs' counsel have, for the most part, been able to depose Dexia's witnesses in an efficient manner, within the one day allowed by Dexia, without seeking intervention from the Court.

6.      In the case of deponents testifying through, or with the assistance of, an interpreter – such as Alain Probst (deposed on March 14-15, 2006) – Dexia has consistently agreed to allow two days of examination because the use of an interpreter greatly increases the amount of time it takes to obtain information from a deponent.  Indeed, in Plaintiffs' experience, a deponent's reliance upon an interpreter can more than double the amount of time a deposition would otherwise take.  For example, Plaintiffs' counsel were able to obtain 352 pages of testimony from Dexia deponent Bernard Mommens who testified for one day in English, but obtained only 228 pages of testimony from Dexia deponent Alain Probst who testified for two days through an interpreter.

7.      Annexed hereto as **Exhibit B** is a true and correct copy of Mr. Butler's August 9, 2006 e-mail message to me and Patrick L. Rocco of Shalov, Stone & Bonner LLP which states, in pertinent part: "We have been working on this, and I can propose the following:  Ferrand: We are trying to schedule this for September 7-8, but *Ferrand is on vacation until August 21 and we cannot confirm those dates until then.  We are not willing to schedule more than 2 days for this deposition*."  (Emphasis added.)  Because no other Dexia deponent was available for deposition during the week of September 4, 2006, Plaintiffs requested that Mr. Butler provide Plaintiffs with alternative dates for the Ferrand deposition.  Plaintiffs also stated their position that two days of translated examination would not be sufficient for Messrs. Rabaey and Ferrand.

The parties' practice in scheduling depositions of Dexia's witnesses – all of which have been conducted in Brussels, Belgium – has been to schedule depositions together in order to minimize the number of trips that counsel must make to conduct the depositions. As it is, Plaintiffs counsel have now traveled to Belgium on six separate occasions to depose Dexia witnesses.

8. Subsequently, during a telephonic meet and confer convened at the request of Plaintiffs' counsel on August 29, 2006, Mr. Butler provided the following "unconfirmed" proposed dates: for Rabaey October 10-11, 2006 and for Ferrand October 12-13, 2006. During this conversation, Mr. Butler confirmed that both Ferrand and Rabaey would be testifying with assistance from an interpreter, and that Rabaey would be relying heavily upon the interpreter. Plaintiffs' counsel informed Mr. Butler again that under these circumstances, two days would not be sufficient time for Plaintiffs to conduct these depositions.

9. Annexed hereto as **Exhibit C** is a true and correct copy of Mr. Butler's September 1, 2006 e-mail message to me and other counsel for Plaintiffs which states, in pertinent part: "Regarding the depositions of Mr. Rabaey and Mr. Ferrand, we are not willing to schedule these depositions if plaintiffs are going to file a motion to extend the examination period to four days. If plaintiffs decide to file a motion, we would schedule these depositions only after the motion is decided by the Court."

10. On September 6, 2006, Plaintiffs served the Amended Notice of Depositions of Defendant Dexia Bank Belgium Through Peter Rabaey and Bart Ferrand that is attached as Exhibit C to the Declaration of Jeff E. Butler in support of Motion for a Protective Order Limiting the Depositions of Bart Ferrand and Peter Rabaey to Two Days Each. Annexed hereto as **Exhibit D** is a true and correct copy of the September 6, 2006 letter of my co-counsel Mr. Rocco's that accompanied the amended notice of depositions.

4

11.     Annexed hereto as **Exhibit E** is a true and correct copy of Mr. Butler's September 11, 2006 response to Mr. Rocco's September 6, 2006 letter, which states in pertinent part: "Regarding the depositions of Mr. Ferrand and Mr. Rabaey, we are not willing to schedule four days for each of these witnesses, and *it is impossible to schedule any dates for these depositions while their duration is still subject to dispute*."  (Emphasis added.)

12.     On Thursday, April 20 and Friday, April 21, 2006, Plaintiffs took the deposition of former Dexia officer Jacques Janssens.  This deposition was taken through a Dutch/English interpreter.  Plaintiffs were unable to complete their examination of Mr. Janssens within two days, and Dexia terminated the deposition over Plaintiffs' objection.  Stonington, Baker and Filler Plaintiffs had no opportunity to examine Mr. Janssens concerning the Dictaphone and Dragon transactions.  Attached hereto as **Exhibit F** are relevant pages of the deposition, demonstrating that questioning was terminated by Dexia's counsel.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Boston, Massachusetts this 27th day of September, 2006.

                    /s/ Patrick T. Egan
                    Patrick T. Egan