**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>          Plaintiffs,<br><br>          v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>          Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>          Plaintiffs,<br>          v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>          Defendants. | No.: 04-CV-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>          Plaintiffs,<br><br>          v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>          Defendants. | No.: 04-CV-10501 (PBS) |

**RESPONSE TO DEFENDANT DEXIA BANK BELGIUM'S**
**MOTION FOR AN EXTENSION OF TIME**

Plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund L.P., and Stonington Holdings, L.L.C.) ("Stonington Plaintiffs"), Gary B. Filler and Lawrence Perlman, Trustees of the TRA Rights Trust ("Filler Plaintiffs"), and Janet Baker, James Baker, JK Baker LLC and JM Baker LLC ("Baker Plaintiffs") (collectively "Plaintiffs") hereby respond to the untimely motion by Defendant Dexia Bank Belgium ("Dexia") for an extension of time to answer the First Amended Complaint filed by Plaintiffs in their respective litigations (the "FACs").

In its motion, and in its response to Plaintiffs' requests for entry of notices of default, Dexia seriously misrepresents the circumstances surrounding its default and its failure to abide by its agreement with Plaintiffs for a stipulation that would have rectified that default. First, while Dexia concedes that it has failed to timely respond to the FACs as required by Rule 15(a) of the Federal Rules of Civil Procedure, it fails to inform the Court that it was counsel for Plaintiffs who initiated the negotiations concerning an extension of Dexia's time to respond, by informing Dexia's counsel that Dexia was in default in these actions. *See* October 31, 2006 Letter from Susan M. Davies to Jeff E. Butler, attached as Exhibit A to the Declaration of Karen C. Dyer (the "Dyer Decl."), which is being filed contemporaneously herewith. The following day, Dexia's counsel contacted Plaintiffs' counsel, stated that Dexia had "inadvertently" failed to respond to the FACs, provided no other explanation as to why Dexia had failed to either respond or timely seek an extension of time to respond, and requested an extension until December 1, 2006. Dyer Decl. ¶4. Dexia repeats that request in its moving papers, and offers this Court no excuse or explanation for its default other than "inadvertence" (*see* Dexia Motion at ¶ 3).

Second, in seeking this extension, Dexia has reneged on its own agreement with Plaintiffs. Although Dexia claims that Plaintiffs sought to impose "unacceptable" conditions on

2

the extension of Dexia's time to respond, on November 7, 2006 Plaintiffs' counsel and Dexia's counsel **agreed** that Dexia would (1) answer the FACs on or before December 1, 2006, (2) not move against the FACs under Federal Rule of Civil Procedure 12 except on grounds of subject matter or personal jurisdiction, and (3) not bring on any such jurisdictional motion before January 2, 2007.  Dyer Decl. ¶7.  Inexplicably, on November 9, 2006, Dexia's counsel contacted Plaintiffs' counsel and reneged on this agreement, stating that Dexia would not agree to "any limitations" on its ability to make motions under Rule 12.  Dyer Decl. ¶9.

Dexia has failed to demonstrate good cause excusing its default in these actions.  The fact that "[t]he FACs are voluminous" (Dexia Motion at ¶4) does not constitute such good cause, particularly given that Dexia has had the FACs since September 15, 2006 and appears to have made no effort to begin responding to the FACs until **after** being apprised that Dexia was in default.  However, should the Court decline to enter a default, Plaintiffs do not oppose Dexia's request for an extension of time to answer the FACs until December 1, 2006, if Dexia is held to its November 7, 2006 agreement with Plaintiffs.  Having simply ignored the deadline for responding to these pleadings, Dexia has, at a minimum, waived its rights to move against the FACs on substantive grounds.  Therefore, should the Court determine to grant Dexia's motion, Plaintiffs request that Dexia be required to answer by December 1, 2006, not be permitted to move against the FACs under Rule 12 on any grounds other than lack of personal jurisdiction or subject matter jurisdiction, and be required to make any such motion after January 2, 2007.

Dated: November 10, 2006
New York, New York

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ Avi Josefson
Max W. Berger
Steven B. Singer
Avi Josefson (avi@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400

LOONEY & GROSSMAN LLP
Richard J. Grahn, BBO #206620
Charles P. Kindregan, BBO #554947
101 Arch Street
Boston, MA 02110
Telephone: (617) 951-2800

*Counsel to Plaintiffs Stonington Partners, Inc., Stonington Capital Appreciation 1994 Fund L.P. and Stonington Holdings L.L.C.*

**GREGORY P. JOSEPH LAW OFFICES LLC**

/s/ Susan M. Davies
Gregory P. Joseph, N.Y. Atty Reg. #1645852
Susan M. Davies, N.Y. Atty Reg. #2413508
(sdavies@josephnyc.com)
805 Third Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 407-1200

**KOTIN, CRABTREE & STRONG**
Amy C. Mainelli, BBO #657201
One Bowdoin Square
Boston, MA 02114
Telephone: (617) 227-7031

*Counsel to Plaintiffs Gary B. Filler and Lawrence Perlman, Trustees of the TRA Rights Trust*

**PARTRIDGE, ANKNER & HORSTMAN LLP**

/s/ Terence K. Ankner
Terence K. Ankner, BBO #552469
(tka@anknerlaw.com)
200 Berkeley Street, 16th Floor
Boston, MA 02116
Telephone: (617) 859-9999

**BOIES SCHILLER & FLEXNER**
Karen C. Dyer
George R. Coe
225 South Orange Avenue, Suite 905
Orlando, Florida 32801
Telephone: (407) 425-7118

**REED SMITH LLP**
Alan K. Cotler
Joan A. Yue
2500 One Liberty Place 1650 Market Street
Philadelphia, PA 10103
Telephone: (215) 851-8100

*Counsel to Plaintiffs Janet Baker, James Baker, JKBaker LLC and JMBaker LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

/s/ Avi Josefson
Avi Josefson