UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>    Plaintiffs,<br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br>    Defendants. | No.: 04-CV-10477 (PBS) |
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | No.: 04-CV-10501 (PBS) |

**DECLARATION OF KAREN DYER IN SUPPORT OF
RESPONSE TO DEFENDANT DEXIA BANK BELGIUM'S
MOTION FOR AN EXTENSION OF TIME**

KAREN DYER, declares pursuant to 28 U.S.C. § 1746 that:

1.      I am a member of the law firm of Boies Schiller & Flexner LLP, counsel to Janet Baker, James Baker, JK Baker LLC and JM Baker LLC ("Baker Plaintiffs") in the above-captioned action  I am a member in good standing of the bar of the State of Florida, and have been admitted to practice before this Court *pro hac vice*. Unless otherwise indicated, I have personal knowledge of the matters addressed in this declaration. I am over the age of 18 and am fully competent to testify.

2.      I submit this declaration in support of the response of plaintiffs in the above-captioned actions to Defendant Dexia Bank Belgium ("Dexia") motion for an extension of time to answer the First Amended Complaint filed in each of these actions (the "FACs").

3.      On October 31, 2006, Susan M. Davies, on behalf of all plaintiffs, sent a letter to Dexia's counsel stating that Dexia had failed to timely respond to the FACs. A copy of Ms. Davies letter is attached as Exhibit A hereto.

4.      Following receipt of Ms. Davies' letter, Dexia's counsel contacted Ms. Davies and stated that Dexia had "inadvertently" failed to respond to the FACs within the time provided under Rule 15(a) of the Federal Rules of Civil Procedure. Dexia's counsel provided no other explanation for Dexia's failure to timely respond to the FACs, or to seek an extension of time to respond. Dexia's counsel requested that plaintiffs stipulate to an extension of time to allow Dexia to respond to the FAC's by December 1, 2006.

5.      Thereafter and through November 9, 2006, plaintiffs negotiated in good faith to reach agreement as to the terms of a stipulation that would extend Dexia's time to respond to the FACs.

6.      On November 2, 2006, Dexia proposed that, if plaintiffs allowed Dexia until December 1 to respond to the FACs, Dexia would agree to not move against the FACs under Rule 12 of the Federal Rules of Civil Procedure on any grounds other than lack of personal jurisdiction or lack of subject matter jurisdiction. A copy of the e-mail from Dexia's counsel setting forth that proposal is attached as Exhibit B hereto. The

2

parties continued to discuss the terms of Dexia's proposal between November 2 and November 7.

7.      On November 7, 2006, I spoke with Dexia's counsel and informed them that plaintiffs would agree to allow Dexia until December 1 to respond to the FACs if Dexia agreed to not move against the FACs under Rule 12 on any grounds other than lack of personal jurisdiction or lack of subject matter jurisdiction, provided that Dexia agree to not file any such jurisdictional motion prior to January 1, 2007.  That same day, Dexia's counsel called me and stated that Dexia agreed to that condition.

8.      On November 7, 2006, pursuant to the parties agreement, on behalf of all plaintiffs, I provided Dexia with a proposed stipulation that: (1) provided for Dexia to answer the FACs' by December 1; (2) precluded Dexia from moving against the FACs under Rule 12 on grounds other than lack of personal jurisdiction or subject matter jurisdiction; and (3) and provided that Dexia would file no such motion prior to January 2, 2007.  Copies of the e-mail from plaintiffs' counsel and the proposed stipulation are attached hereto as Exhibit C.

9.      On November 9, 2006, Dexia's counsel informed plaintiffs that they were reneging on the above agreement that Dexia had initially proposed on November 2 and which plaintiffs had accepted, as modified, on November 7.  Plaintiffs were given no reason why Dexia was refusing to abide by the agreement reached by the parties on November 7, other than the fact that Dexia now refused to be bound by any of the terms of that agreement, and would not agree to "any limitations" on its ability to make motions under Rule 12.  Dexia said that, unless plaintiffs simply accepted an extension until December 1, Dexia would seek relief from the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Orlando, Florida this 10th day of November 2006.

_Karen C. Dyer_
      Karen Dyer

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF). A paper copy of this document has been mailed in accordance with FED. R. CIV. P. 5(b) to all those case participants not identified on the NEF as electronic recipients.

            /s/ Karen Dyer
            Karen Dyer

4