# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS A. QUAAK, ATTILIO PO and KARL LEIBINGER, on behalf of themselves and those similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>      Defendants. | Civil Action No.:  03-11566 (PBS) |
| STONINGTON PARTNERS, INC., a Delaware Corporation, STONINGTON CAPITAL APPRECIATION 1994 FUND L.P., a Delaware Partnership and STONINGTON HOLDINGS, L.L.C., a Delaware limited liability company,<br><br>      Plaintiffs,<br><br>      v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>      Defendants. | Civil Action No.:  04-10411 (PBS) |
| GARY B. FILLER and LAWRENCE PERLMAN, Trustees of the TRA Rights Trust,<br><br>      Plaintiffs,<br><br>      v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>      Defendants. | Civil Action No.:  04-10477 (PBS) |

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>    Defendants. | Civil Action No.: 04-10501 (PBS)<br><br>*Leave to file granted on December 28, 2006* |

## DEXIA BANK BELGIUM'S SUPPLEMENTAL STATEMENT CONCERNING PROPOSED RULE 30(b)(6) DEPOSITIONS

Defendant Dexia Bank Belgium ("Dexia") respectfully submits this supplemental statement concerning the need for additional Rule 30(b)(6) depositions to address the recent depositions of Stefaan Decraene and Axel Miller. Mr. Decraene and Mr. Miller are the top executives of Dexia Bank Belgium and Dexia S.A. respectively. Their depositions took place on December 1 and 6, 2006.

With the completion of these depositions, Plaintiffs have now had the opportunity to examine *every* officer, director or managing director of Dexia who has been noticed for a deposition in this case (a total of 17 witnesses). Given the depositions that have already taken place, Plaintiffs' continued efforts to take Rule 30(b)(6) depositions on specific topics would serve no legitimate purpose. Rule 30(b)(6) was never intended to be used for "clean up" depositions at the conclusion of fact discovery. Plaintiffs have already examined (or had the opportunity to examine) all relevant officers, directors and managing agents of Dexia on their proposed topics. Additional Rule 30(b)(6) testimony at this stage would merely allow Plaintiffs

2

to circumvent the rule that only officers, directors and managing agents may be noticed for deposition under Rule 30.

In fact, during the depositions of Mr. Decraene and Mr. Miller, Plaintiffs had the opportunity to question these senior officers extensively concerning several of their proposed Rule 30(b)(6) topics:

    a.    **Topic 2: Underwriting of L&H Securities**

Mr. Decraene was the head of investment banking at Artesia for two years. Plaintiffs questioned Mr. Decraene about his knowledge of the bank's participation in offerings of L&H securities. (*See* Decraene Tr. at 20-25, attached hereto as Ex. A.) Mr. Decraene's testimony confirms interrogatory response indicating that Artesia did not participate in any offerings for L&H securities during the class period. Mr. Decraene was involved in the initial public offering of L&H shares in 1995, but that was long before the class period in this action.

    b.    **Topics 3 and 4: Artesia Securities**

Mr. Decraene left investment banking in 2000 to become the head of Artesia Securities. The previous head of Artesia Securities, Geert Van De Walle, is no longer employed by Dexia. At his deposition, Mr. Decraene was questioned about matters relating to Artesia Securities for more than three hours, during which time he was shown at least 30 exhibits. This examination fills 120 pages of the transcript. (*See* Decraene Tr. at 30-149, attached hereto as Ex. B.) Although Mr. Decraene's memory was not perfect, he was able to provide relevant testimony in many areas. For example, Mr. Decraene testified concerning various meetings of the Artesia Securities Management Committee, where the minutes of those meetings indicate that he is the only person who attended those meetings who still works for Dexia. (*See, e.g.*, Decraene Ex. 16, attached hereto as Ex. C.) Mr. Decraene's memory of such meetings—even if imperfect—is

3

obviously the only source of information about those meetings available to Dexia. There would be no point to a Rule 30(b)(6) deposition to review the same documents with anyone else.

    c.    **Topic 6: Due Diligence Performed by Dexia**

Mr. Miller was acting as outside counsel for Dexia at the time of the merger between Dexia and Artesia in 2001. He was questioned at length concerning due diligence conducted in connection with that merger. (*See* Miller Tr. at 35-84, attached hereto as Ex. D.) His testimony confirms the interrogatory response previously provided by Dexia indicating that no due diligence was done concerning Artesia's loan exposure to L&H or potential legal liability stemming from Artesia's relationship with L&H.

*　*　*

Because Plaintiffs have already had the opportunity to examine Dexia officers, directors and managing agents on their proposed topics, no further Rule 30(b)(6) testimony is warranted in this case.

Dated: December 28, 2006

                      Respectfully submitted,

                      MINTZ LEVIN COHN FERRIS
                      GLOVSKY & POPEO

                      By:   /s/ Breton Leone-Quick
                           Peter M. Saparoff (BBO#441740)
                           Breton Leone-Quick (BBO#655571)
                           Eoin P. Beirne (BBO#660885)

                      One Financial Center
                      Boston, MA 02111
                      Tel:   (617) 542-6000
                      Fax:  (617) 542-2241

       James B. Weidner
       Jeff E. Butler
       CLIFFORD CHANCE US LLP
       31 West 52nd Street
       New York, NY 10019-6131
       Tel:   (212) 878-8000
       Fax:  (212) 878-8375

*Counsel for Dexia Bank Belgium*

**Certificate of Service**

    I, Breton Leone-Quick, hereby certify that this document, along with its exhibits, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 28, 2006.

  /s/ Breton Leone-Quick                              Dated: December 28, 2006