UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANET BAKER and JAMES BAKER, JKBAKER LLC and JMBAKER LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DEXIA, S.A. and DEXIA BANK BELGIUM (formerly known as ARTESIA BANKING CORP., SA),<br><br>Defendants. | No.: 04-CV-10501 (PBS) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEXIA'S MOTION TO COMPEL ADDITIONAL TESTIMONY OF VINCENT J. LOVE**

Plaintiffs in the above-captioned action, Janet and James Baker, JK Baker LLC and JM Baker LLC (collectively the "Bakers" or "Plaintiffs"), respectfully submit this memorandum opposing Defendant Dexia Bank Belgium's ("Dexia's") motion to compel additional testimony of Plaintiffs' Expert Vincent J. Love, dated April 30, 2007, and in support hereof state:

**INTRODUCTION**

In its motion, Dexia seeks additional time to depose Plaintiffs' accounting expert, Vince Love. Throughout expert discovery, Dexia has regularly changed its position regarding the proper length of expert depositions to suit its then current position. In the deposition of Plaintiffs' Banking expert Professor Heinz Riehl on May 4, 2007, Dexia, for the first time and only after almost all of the expert depositions (including Vince Love's) had been concluded, took the position that the seven (7) hour time limit imposed by Federal Rule of Civil Procedure 30(d)(2) does not apply to experts. Transcript of H. Riehl, taken May 4, 2007 at pp. 288-89 (an excerpt of which is attached as Exhibit A to the Declaration of Karen C. Dyer ("Dyer Decl.")

accompanying this memorandum).[1] However, the rule itself makes no exception for expert witnesses and case law makes clear the 7-hour limit applies to experts. *Security Insurance Company of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 32 (D. Conn. 2003); *Doe v. District of Columbia*, 2005 WL 3828731 (D. Col. 2005); *Leath v. Sears Roebuck and Co.*, 2004 WL 3132123 (W.D. Mich. 2004). To be sure, when its own experts were being deposed, Dexia took the position that the 7 hour limit applied and concluded their deposition after 7 hours. *E.g.*, Transcript of D. LaRue, taken March 21, 2007 at p. 293, Dyer Decl. at Exhibit B.

One of the primary grounds Dexia seeks to extend the deposition of Vince Love is based on the fact that his report was long and he also submitted a rebuttal. However, expert reports on both sides are extensive and Dexia's accounting expert submitted a sizable report himself as well as a rebuttal. *See* Dyer Decl. at ¶ 4; *see also id* at ¶ 5. Although the parties' expert reports and rebuttal reports (including Mr. Love's) were served, respectively, on January 5, 2007 and February 16, 2007 and several months before Mr. Love was deposed, at no time did Dexia, seek to reach any agreement regarding the length of expert depositions with Plaintiffs, nor, did it request additional time from the Court. Rather, Dexia has sought to ensure that Plaintiffs' questioning of Dexia's experts be limited to seven hours while extending its own questioning of Plaintiffs' accounting expert by waiting six (6) weeks *after* Mr. Love's deposition – after all but one expert has been deposed – to file a belated motion seeking an *additional two days*, for a *total of 21 hours*, to depose Mr. Love.

For the reasons set forth below, Dexia has failed to make a showing of good cause needed to warrant any additional time, *see Malec v. Trustees of Boston College*, 208 F.R.D. 23, 24 (showing must be made that additional time is needed), much less the extraordinary relief of

---

[1] The final transcript of Professor Riehl's report failed to include approximately the last hour of testimony; accordingly, Plaintiffs have submitted an excerpt of the draft transcript (which is complete). Plaintiffs will substitute

2

two additional days. Moreover, since additional experts in this case, including two of Dexia's experts, would have been examined longer but for the 7-hour limit imposed by the Federal Rules, *see, e.g., supra* at p. 1-2 (discussing David LaRue, Dexia's accounting expert) granting only Dexia the right to take prolonged expert depositions would be highly prejudicial to Plaintiffs and re-opening all the expert depositions in this case where additional time was desired would thwart the very purpose of the rule and further delay the pre-trial proceedings and trial of this matter.

## ARGUMENT

While Dexia has taken inconsistent positions with regard to the applicability here of the 7-hour deposition limit, claiming its does not apply to Plaintiffs' experts yet using it to cut off Plaintiffs' examination of Dexia's experts, the thrust of Dexia's argument here seems to be that even if the rule applies it should be waived with regard to Vince Love because of the responses Mr. Love provided in deposition. However, a party's general dislike of the opposing expert's testimony is neither surprising, nor a sound basis for extending the deposition. *See Security Insurance Company of Hartford*, 218 F.R.D. at 32 (refusing to provide additional time to depose non-testifying expert where as here the witness "discussed his investigative findings extensively over the course of his seven hour deposition"). Unlike cases where additional time has been permitted, Mr. Love did not introduce new information at his deposition, but rather responded to the questions posed based upon the information in his initial report and rebuttal report, each of which Dexia had in its possession for several months and weeks, respectively prior to Mr. Love's deposition. *Compare Security Ins. Co., supra*, 218 F.R.D. at 32 (denying additional deposition time where no new information appeared to be introduced) *with Doe, supra,* 2005 WL 3828731 at * 1 (allowing two additional hours of deposition time where plaintiffs expert identified for the

---

the final transcript once this error is corrected by the court reporting service.

3

first time in deposition that many opinions were predicted on a 71-page statute not previously disclosed to defendants).

Dexia's complaint that Vince Love's answers were too lengthy seeks to mask the fact that counsel repeated the same questions again and again and belabored each point where counsel disagreed with the witness' testimony. Indeed, counsel never made any attempt to complete the questioning in the time provided for in the Federal Rules of Civil Procedure but appeared to ask questions intentionally designed to exhaust the allotted time.

For example, counsel questioned Mr. Love for 161 pages of the transcript regarding whether a Dexia employee spoke English and whether he understood a fax that contained English text regarding certain accounting standards. *See* Declaration of Jeff E. Butler at Exhibit C, p. 181, l. 16 – p. 347, l. 14. Although Mr. Love several times answered the question, including very early in this line of questioning,[2] counsel insisted Mr. Love list each of the documents that supported this answer. *Id.* at 186, l. 16-19. In response, Mr. Love referred to his expert report, and not only directed counsel to where these documents were identified by Bates number, but also identified relevant portions of the documents (quoted in his expert report) where the employee (Mr. Faict) had paraphrased and explained to others at Dexia the accounting principles he had been provided which evidence Mr. Faict's comprehension of the fax he had received from L&H. *Id.* at p. 186, l. 16 – p. 203, l. 1.

---

[2] *See id.* at p. 186 l. 8-15:

> I have answered it before and he applied it. Whether or not he knew it or not, I didn't test him, there was no test in the credit files of his accounting knowledge, but the principles that are outlined in here were followed by them in structuring the lending relationship with L&H as it related to the LDCs.

Further, Dexia's claim now that Mr. Love's answer was too long, stands in stark contrast to counsel for Dexia's response at deposition.[3] Indeed, rather than object, cut short or seek to redirect Mr. Love's response, counsel for Dexia proceeded to ask a series of follow-up questions regarding this one response for more than the next two and a half hours -- 144 pages of the transcript. *See, id.* at p. 203, l. 3 – p. 347, l. 14. Thus, it does not appear counsel for Dexia made any serious attempt to finish the deposition, and apparently planned to seek more time all along. Dexia should not be rewarded for its dilatory tactics.

Finally, Dexia's cites to nothing to show that even in instances where good cause is found, an additional two days of deposition time is warranted. As set forth above, even where entirely new, voluminous material was introduced for the first time by the expert at deposition, the court allowed only two additional hours. *Doe, supra* at p. 3; *see Independence Park Apts. V. United States,* 59 Fed. Cl. 765, 769-70 (Fed. Cl. Ct. 2004) (rejecting request for additional full day of deposition and limiting total time of expert deposition to 10 hours).

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, the Bakers respectfully request that Dexia's motion for additional time to depose Vince Love be denied in its entirety.

---

[3] Moreover, Dexia's complaints with regard to Mr. Love truly ring hollow when examined in light of the behavior exhibited by Dexia's own expert witnesses. For example, David LaRue, Dexia'a accounting expert, impeded Plaintiffs' examination of him by refusing on numerous occasions to respond to the question asked, and instead providing a non-responsive speech. *See, e.g.*, LaRue Transcript, Dyer Decl. at Exhibit B, pp. 46, 58, 79-80, 87-88, 156-157, 163-164, 185-186, 223, 241, 242-243 and 281-282. Indeed, in certain instances Professor LaRue gave such a convoluted response, in an apparent effort to avoid answering the question posed, that immediately upon completing his answer he was unable to recall the question to which he was purporting to respond. *See, e.g., id.* at pp. 242-243. Moreover, counsel for Dexia objected approximately 130 times during the seven hour deposition of Mr. LaRue, *see id.* at pp. 9, 11, 16, 17, 18, 19, 21 , 34, 35, 41, 42, 43, 45, 47, 54, 55, 59, 63, 65, 6, 71, 78, 86, 88, 89, 90, 94, 103, 104, 109, 115, 17, 18, 119, 120 (twice), 122, 126, 127, 128, 132, 135 (twice) , 137, 138, 143, 144, 145 (twice), 146, 148, 149, 150, 152 (twice), 153, 154, 155, 156, 157 (twice), 159, 161 (twice), 162, 167, 169 (twice), 173 (twice), 174, 176, 179, 180 (twice), 181, 182 (twice), 184, 186, 188 (three times), 189, 192 (twice), 195, 196 (twice), 197, 202, 206, 208 (twice), 209, 212, 213, 220 (twice), 222, 223, 224, 230 (twice), 235, 237 (twice), 243, 246, 247, 250 (twice), 251 (twice), 257, 258, 259, 261, 269, 271 (twice), 272, 274, 277, 281, 283, 285, 287, 288, 290, and 291, including at times lengthy speaking objections. *E.g., id* at pp. 85-86; *see also id* at pp. 41-43, 66-67.

Respectfully submitted this 14th day of May, 2007.

        PARTRIDGE, ANKNER & HORSTMAN LLP

        /s/ Terence K. Ankner
        Terence K. Ankner, BBO #552469
        200 Berkeley Street, 16th Floor
        Boston, Massachusetts 02116
        Telephone: (617) 859-9999

        BOIES SCHILLER & FLEXNER
        Karen C. Dyer
        George R. Coe
        255 South Orange Avenue, Suite 905
        Orlando, Florida 32801
        Telephone: (407) 425-7118

        REED SMITH LLP
        Alan K. Cotler
        Joan A. Yue
        Steven T. Voigt
        2500 One Liberty Place 1650 Market Street
        Philadelphia, PA 10103
        Telephone: (215) 851-8100
        **COUNSEL FOR JANET BAKER, JAMES BAKER, JKBAKER LLC AND JMBAKER LLC**

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed through the ECF system, which filing will constitute service of the document upon all registered ECF users as identified on the Notice of Electronic Filing (NEF).

        /s/ Terence K. Ankner
        Terence K. Ankner